# EXHIBIT B



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION - Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Jane Doe
_____
*Plaintiff(s)*

v.

Case No: 2024-CAB-006606

UDC David A. Clarke School of Law et al.
_____
*Defendant(s)*

## NOTICE AND ACKNOWLEDGMENT OF SERVICE

To (insert name and address of the party to be served):
UDC David A. Clarke School of Law
4340 Connecticut AVE NW
Washington , DC 20008
_____

    The enclosed summons, complaint, initial order, and any addendum are served in accordance with Superior Court Rule of Civil Procedure 4(c)(5).

    Please sign and date the Acknowledgement at the bottom of the page. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, please indicate your relationship to that entity in the space beside your signature. If you are served on behalf of another person and you are authorized to receive process, please indicate your authority in the space beside your signature.

    If you do not complete and return the form to the sender within 21 days after it was mailed and you do not show good cause for this failure, you (or the party on whose behalf you are being served) will be required to pay 1) the costs incurred in serving the summons, complaint, initial order, and any addendum in any other manner permitted by law and 2) the reasonable expenses, including attorney's fees, for any motion required to collect those service expenses.

    If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within 21 days after you have signed, dated, and returned the form (or within 60 days if the party being served is the United States, the District of Columbia, or officers or employees of either). If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

    This Notice and Acknowledgment of Receipt of Summons, Complaint, Initial Order, and Any Addendum was mailed on (insert date): 11/6/2024 .

_____
*Signature*

_11/6/2024_
*Date of Signature*

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, INITIAL ORDER, AND ANY ADDENDUM

    I (print name) _____ received a copy of the summons, complaint, initial order, and any addendum in the above captioned matter at (insert address): _____

_____
*Signature*

_____
*Relationship to Defendant/Authority to Receive Service*

_____
*Date of Signature*

Para pedir una traducción, llame al (202) 879-4828
Để có một bài dịch, hãy gọi (202) 879-4828

如需翻译,请打电话 (202) 879-4828
ፀአማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

Veuillez appeler au (202) 879-4828 pour une traduction
번역을 원하시면, (202) 879-4828 로 전화주십시오

CA 1-A [Rev. June 2017]

Super. Ct. Civ. R. 4



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Jane Doe

_____
                                    Plaintiff

vs.                                                              Case Number  2024-CAB-006606
                                                                             ~~2022 CA 003065 B~~

UDC David A. Clarke School of Law
_____
                                    Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Jane Doe Pro Se
_____
Name of Plaintiff's Attorney                              Clerk of the Court

4301 50th Street NW Suite 300 #114
_____
Address                                                        Deputy Clerk  Ricia Cerciano

Washington, DC 20016

(302) 391-6050
_____                            Date  10/18/2024
Telephone
如需要翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시오.      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                Super. Ct. Civ. R. 4



Superior Court of the District of Columbia
Civil Division - Civil Actions Branch
500 Indiana Ave NW, Room 5000, Washington DC 20001
202-879-1133 | www.dccourts.gov

First Class Mail
U. S. Postage Paid
Washington, D.C.
Permit No. 1726

UDC David A. Clarke School of Law
4340 Connecticut AVE NW
Washington DC  20008

You are named in a lawsuit filed in the Superior Court of the District of Columbia. If you cannot appear at the hearing, please contact the Clerk's Office immediately for more information. If Plaintiff does not participate, the case may be dismissed. If Defendant does not participate, default or judgment may be entered.

For case information, please contact the Civil Actions Branch Clerk's Office by phone at 202-879-1133 or by live chat at https://www.dccourts.gov/services/civil-matters/requesting-over-10k.

To access your case information online, please visit www.dccourts.gov/services/cases-online.

**Case Caption:**   Jane Doe v. UDC David A. Clarke School of Law et al.

**To:**  UDC David A. Clarke School of Law         **Case Number:**   2024-CAB-006606

### NOTICE OF REMOTE INITIAL SCHEDULING CONFERENCE

Your case is scheduled for a(n) **Remote Initial Scheduling Conference** on **01/17/2025** at **9:30 AM** in **Remote Courtroom 517**.

The remote hearing will be held via Webex. To join the hearing, follow the below instructions.

**To Join by Computer, Tablet, or Smartphone:**
1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb517

   Meeting ID: 129 911 6415
2) Click "**Join Meeting**". You may be placed in the lobby until the courtroom clerk gives you access to the hearing.

**OR To Join by Phone:**
1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
   Enter the Webex Meeting ID shown above followed by "##"

**Resources and Contact Information:**
1) For best practices on how to participate in Webex Meetings, click here www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

Accessibility and Language Access Information for Superior Court

**Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call (202) 879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services:**

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office at the telephone number at the top of the first page of this notice. For more information, visit https://www.dccourts.gov/language-access.

Language access is important to the D.C. Courts. You can provide feedback on language services by visiting https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**Servicios de interpretación y traducción:**

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaria en el número de teléfono que figura en la parte superior de la primera página de este anuncio. Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች:**

የዲ.ሲ ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ሳልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶችን ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ስነዶች በነጻ እንዲተረጎሙላቸው መጠየቅ ይችላሉ። አስተርጓሚ ወይም የጽሑፍ ትርጉም ለመጠየቅ፣ እባክዎን በዚህ ደብዳቤ የመጀመሪያ ገጽ አናት ላይ በተቀመጠው ስልክ ቁጥር የፍርድ ቤቱን መዝገብ ቤት ቢሮን ያናግሩ። ለበለጠ መረጃ https://www.dccourts.gov/language-access ላይ ይታብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመታብኘት መስጠት ይችላሉ።



**Superior Court of the District of Columbia**
**Civil Division - Civil Actions Branch**
**500 Indiana Ave NW, Room 5000, Washington DC 20001**
**202-879-1133 | www.dccourts.gov**

**Case Number:** 2024-CAB-006606

**Case Style:** Jane Doe v. UDC David A. Clarke School of Law et al.

### INITIAL ORDER

| Initial Hearing Date: | Initial Hearing Time: | Courtroom Location: |
|---|---|---|
| Friday, 01/17/2025 | 9:30 AM | Remote Courtroom 517 |
| **Please see attached instructions for remote participation.** | | |
| Your case is assigned to Associate Judge Shana Frost Matini. | | |

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:

1) This case is assigned to the judge and calendar designated above. All future filings in this case shall bear the calendar number and judge's name along with the case number in the caption.

2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of the summons, the complaint, and this Initial Order. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4.

3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

4) At the time stated above, all counsel and unrepresented parties shall participate in a hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients before the hearing whether the clients are agreeable to binding or non-binding arbitration. This order is the only notice that parties and counsel will receive concerning this hearing.

5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference once, with the consent of all parties, to either of the two succeeding days when the calendar is called. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date. No other continuance will be granted except upon motion for good cause shown.

6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Milton C. Lee, Jr.

**To Join by Computer, Tablet, or Smartphone:**

1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb517

   Meeting ID: 129 911 6415

2) When you are ready, click "Join Meeting".

3) You will be placed in the lobby until the courtroom clerk gives you access to the hearing.

**Or to Join by Phone:**

1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)

2) Enter the Webex Meeting ID listed above followed by "##"

**Resources and Contact Information:**

1) For best practices on how to participate in Webex Meetings, click here https://www.webex.com/learn/best-practices.html.

2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.

3) For case questions, call the Civil Actions Branch Clerk's Office at 202-879-1133.

4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

## ACCESSIBILITY AND LANGUAGE ACCESS

**Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call 202-879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services:**

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office listed for your case. For more information, visit https://www.dccourts.gov/language-access.

**Servicios de interpretación y traducción:**

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría de su caso.

Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

## የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች፦

የዲ.ሲ ፍርድ ቤቶች መስማማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎሙላቸው መጠየቅ ይችላሉ። የቃል ወይም የጽሑፍ ትርጓሜ ለመጠየቅ እባክዎን በመዝገብዎ የተዘረዘሩትን የጽሕፈ ቢሮ (ክለርክ'ስ ኦፌስ) ያናግሩ። ለተጨማሪ መረጃ https://www.dccourts.gov/language-access ይጎብኙ።

የእንጻ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያያትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

# Tips for Attending Remote Hearings - Civil Division

*Your court hearing may be held remotely. This means that you will participate by phone or by video conference instead of coming to the courthouse. Here are some tips on how to prepare.*

## How do I know if I have a remote hearing?

The Court will contact you to tell you that your hearing is remote. They may contact you by sending you an email, letter in the mail, or by calling you.



## How do I take part in a remote hearing?

The Court will give you step-by-step instructions on how to take part in the remote hearing.

If you lose your written notice, call the Civil Actions Clerk's Office for instructions at:

📞 202-879-1133

## Is there anything that I should do before the day of the hearing?

- Let the court know immediately if you cannot join a hearing because you do not have a phone or computer.

  📞 Civil Actions Clerk's Office: 202-879-1133

- You may want to contact an attorney for legal help.
- You can also find the list of legal services providers at www.dccourts.gov/services/represent-yourself by clicking on the link that says, "List of Legal Service Providers for Those Seeking an Attorney or Legal Advice".
- Evidence: if you want the judge to review photos or documents, ask the judge how to submit your evidence.
- Witnesses: tell the judge if you want a witness to testify at your hearing.
- Accommodations & Language Access: let the court know if you need an interpreter or other accommodation for your hearing.

## Tips for the Hearing



- Join the hearing a few minutes early!
- Charge your computer or phone and make sure you have enough minutes to join the call. Find a private and quiet space. If possible, be alone in a room during the hearing. Try to limit distractions as much as possible. If others are in the room with you, ask if they can be quiet during the hearing.
- Mute your microphone when you are not talking. Mute all sounds on your phone or computer.
- Say your name before you speak so the record is clear. Be prepared to identify your role in the hearing (e.g., observer, plaintiff, defendant, witness, etc.).
- Speak slowly and clearly so everyone hears what you are saying.
- Pause before speaking in case there is a lag. Use a headset or headphones if you can. This will free up your hands and sound better.
- Try not to talk over anyone else. Only one person can speak at a time. If you talk while someone else is talking, the judge will not be able to hear you.
- Have all your documents for the hearing in front of you. Have a pen and paper to take notes.
- If you are not ready for your hearing or want to speak with an attorney, you can ask the judge to postpone your hearing for another date.
- If your sound or video freezes during the hearing, use the chat feature or call the Clerk's Office to let them know that you are having technical issues.

## Special Tips for Video Hearings
### (Click here for more information)



- Download the court's hearing software, WebEx, in advance and do a test run! The Court will provide you with a WebEx link in advance of the hearing.
- Set up the camera at eye level. If you are using your phone, prop it up so you can look at it without holding it.
- Look at the camera when you speak and avoid moving around on the video.
- Wear what you would normally wear to court.
- Sit in a well-lit room with no bright lights behind you.
- If possible, find a blank wall to sit in front of. Remember the judge will be able to see everything on your screen, so pick a location that is not distracting.




# District of Columbia Courts
# Tips for Using DC Courts Remote

The DC Courts have **remote hearing sites** available in various locations in the community to help persons who may not have computer devices or internet service at home to participate in scheduled remote hearings. The Courts are committed to enhancing access to justice for all.

There are six remote access sites throughout the community which will operate: **Monday – Friday, 8:30 am – 4:00 pm.**

## The remote site locations are:



| | |
|---|---|
| **Remote Site - 1**<br>Balance and Restorative Justice Center<br>1215 South Capitol Street, SW<br>Washington, DC 20003 | **Remote Site - 4**<br>Balance and Restorative Justice Center<br>920 Rhode Island Avenue, NE<br>Washington, DC 20018 |
| **Remote Site - 2**<br>Balance and Restorative Justice Center<br>1110 V Street, SE<br>Washington, DC 20020 | **Remote Site - 5**<br>Reeves Center<br>2000 14th Street, NW, 2nd Floor<br>Community Room<br>Washington, DC 20009 |
| **Remote Site - 3**<br>Balance and Restorative Justice Center<br>118 Q Street, NE<br>Washington, DC 20002 | **Remote Site - 6**<br>Reeves Center<br>2000 14th Street, NW, Suite 300N<br>Office of the Tenant Advocate<br>Washington, DC 20009<br>*** No walk-ins at this location*** |

If you want to use a remote site location for your hearing, call **202-879-1900** or email DCCourtsRemoteSites@dcsc.gov **at least 24 hours before your hearing to reserve a remote access computer station**. If you require special accommodations such as an interpreter for your hearing, please call **202-879-1900 at least 24 hours in advance of your hearing so the Courts can make arrangements.**

**\*You should bring the following items when you come to your scheduled site location\***

1. Your **case number** and any **hyperlinks** provided by the Courts for your scheduled hearing.
2. Any documents you need for the hearing (evidence), including exhibits, receipts, photos, contracts, etc.
3. Materials for notetaking, including pen and paper.

**\*Safety and security measures are in place at the remote sites.**

**Contact information to schedule your remote access computer station:**
Call: **202-879-1900**
Email: DCCourtsRemoteSites@dcsc.gov



Los Tribunales de DC disponen de **sitios de audiencia remota** en distintos centros de la comunidad para ayudar a que las personas que no tienen dispositivos informáticos o servicio de Internet en su casa puedan participar en audiencias remotas programadas. Los Tribunales honran el compromiso de mejorar el acceso de toda la población a la justicia.

En toda la comunidad hay seis sitios de acceso remoto que funcionarán de **lunes a viernes, de 8:30 am a 4:00 pm**.

### Los centros de acceso remoto son:



| | |
|---|---|
| **Sitio Remoto - 1**<br>Balance and Restorative Justice Center<br>1215 South Capitol Street, SW<br>Washington, DC 20003 | **Sitio Remoto - 4**<br>Balance and Restorative Justice Center<br>920 Rhode Island Avenue, NE<br>Washington, DC 20018 |
| **Sitio Remoto - 2**<br>Balance and Restorative Justice Center<br>1110 V Street, SE<br>Washington, DC 20020 | **Sitio Remoto - 5**<br>Reeves Center<br>2000 14th Street, NW, 2nd Floor<br>Community Room<br>Washington, DC 20009 |
| **Sitio Remoto - 3**<br>Balance and Restorative Justice Center<br>118 Q Street, NE<br>Washington, DC 20002 | **Sitio Remoto - 6**<br>Reeves Center<br>2000 14th Street, NW, Suite 300N<br>Office of the Tenant Advocate<br>Washington, DC 20009<br>*No se puede entrar sin cita previa* |

Si desea usar un sitio remoto para su audiencia, llame al **202-879-1900** o envíe un mensaje de correo electrónico a <u>DCCourtsRemoteSites@dcsc.gov</u> **al menos 24 horas antes de la audiencia, para reservar una estación de computadora de acceso remoto.** Si necesita adaptaciones especiales, como un intérprete para la audiencia, llame al **202-879-1900** al menos 24 horas antes de la audiencia para que los Tribunales puedan hacer los arreglos necesarios.

**\*Cuando concurra al sitio programado debe llevar los siguientes artículos\***

1. Su **número de caso** y todos los **hipervínculos** que le hayan proporcionado los Tribunales para la audiencia programada.

2. Cualquier documento que necesite para la audiencia (prueba), incluidos documentos probatorios, recibos, fotos, contratos, etc.

3. Materiales para tomar nota, como papel y lápiz.

**\*Los sitios de acceso remoto cuentan con medidas de seguridad y protección.**

Información de contacto para programar su estación de computadora de acceso remoto:
Teléfono: **202-879-1900**
Correo electrónico: <u>DCCourtsRemoteSites@dcsc.gov</u>

FILED
CIVIL DIVISION

OCT 18 2024

Superior Court of the
District of Columbia

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Action Branch**
**500 Indiana Ave, NW Room 5000**
**Washington, DC 20001**

**Jane Doe,**
4301 50th Street NW Suite 300 #1140
Washington, DC 20016
Plaintiff,

Case Number 2024-CAB-006606
Related Case 2022 CA 003965 B

**v**

**UDC David A. Clarke School of Law,**
4340 Connecticut Ave NW,
Washington, DC 20008
(Same address) as UDC
**Avis Russell** in her official capacity as
Director of General Counsel,
Same adress as UDC
**Matthew I. Fraidin** in his official capacity as
Associate Dean for Academic Affairs
Same adress as UDC
**Christine L. Jones** in her official capacity as
Acting Associate Dean of Academic Affairs,
Same adress as UDC
**Pamela Butler,** in her official capacity as
Director of Accessibility Resource Center
Same adress as UDC
**Clayton McLaughlin** in his official capacity as a
Former Disability Counselor,
Defendants.

**DEMAND FOR JURY TRIAL**
Plaintiff demands a trial by jury on all issues so triable.

**COMPLAINT**
Jurisdiction Of This Court Is Founded on D.C. Code 11-921

**INTRODUCTION**

1. Plaintiff brings this action under the Americans with Disabilities Act (ADA), Section 504 of

the Rehabilitation Act of 1973, the DC Human Rights Act (DCHRA), and the Due Process

1

Clause of the Fourteenth Amendment, seeking relief for Defendant's repeated failure to provide reasonable accommodations, refusal to process accommodation requests, issue formal denial letters, retaliatory actions, and violation of Plaintiff's due process rights.

2. Plaintiff, a law student with a documented disability, has faced numerous barriers in receiving necessary accommodations at UDC David A. Clarke School of Law (UDC Law School). Despite legal representation and court orders, Defendant has continually failed to provide the accommodations required by law, violating Plaintiff's rights under the ADA, Section 504, the DCHRA, and the Due Process Clause, causing Plaintiff substantial harm, including financial loss, emotional distress, and academic delays.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) for claims arising under the ADA, Section 504, and the Due Process Clause, the DC Human Rights Act.

4. Venue is proper because the events giving rise to this claim occurred within this District.

## PARTIES

5 Plaintiff is a law student with a disability as defined by the ADA, Section 504, the DCHRA, and the Due Process Clause, and resides in Washington DC.

6. Defendant is UDC David A. Clarke School of Law, a public entity or recipient of federal funding, subject to the ADA, Section 504, the DCHRA, and bound by the Due Process protections of the Fourteenth Amendment.

2

## STATEMENT OF FACTS

7. UDC Law School is a Law School that refuses to follow the rule of law. This complaint is not about UDC denying a reasonable accommodation request but it's about their failure to process Plaintiff's reasonable accommodation, as required by the ADA and the DC Human Rights Act. The law school is required to issue a formal denial letter if an accommodation is rejected, outlining specific reasons such as *"substantial alterations to the course curriculum"* or *"financial hardship."* However, UDC Law School has never issued a "denial letter;" instead, they simply ignore it. This results in a de facto denial through undue delay, without providing any means of due process, as the Plaintiff is left waiting for weeks for a decision that never arrives.

8. Other students have received this same accommodation; however, due to a retaliatory relationship, UDC Law has been neglecting this request for 602 days and counting. This ongoing neglect has caused Plaintiff extreme emotional and physical distress, requiring her to seek medical attention during her 1L year in September 2022 and again on October 16, 2024, in her 3L year.

9. Plaintiff enrolled at UDC David A. Clarke School of Law with documented disabilities and sought reasonable accommodations.

10. Upon enrollment, Plaintiff planned to take a reduced 12-credit course load due to her disability. However, Defendant, through Dean Smith and Dean Fraidin, unilaterally increased Plaintiff's course load to 15 credits by adding a Criminal Law course without Plaintiff's consent.

3

11. Plaintiff submitted a formal request to reduce her course load to 12 credits as an accommodation for her disability. Defendant ignored this reasonable accommodation request for weeks, failed to process the request, failed to give a denial letter, and failed to engage in the required **interactive process**. Despite paying over $7,000 for legal representation to negotiate accommodations before school started, Plaintiff has continued to face unlawful discrimination by the Defendant.

12. In retaliation for Plaintiff's legal action to compel UDC David A. Clarke School of Law to process reasonable accommodation requests, Defendant, through Attorney Russell and McLaughlin, deliberately delayed providing access to the Plaintiff's approved note-taking accommodations. Despite the Plaintiff having engaged legal counsel to secure this accommodation. The Defendant paid for the necessary note-taking software on August 14, 2022, but failed to grant access to Plaintiff out of retaliation until September 29, 2022 (after two court hearings.) Defendant prevented Plaintiff the ability to take notes until September 29, 2022.

13. Attorney Russel made outrageous false statements before the court, the delay was because Plaintiff needed formal training and a meeting was required for Plaintiff to use the software. This was an outright lie.

14. Access was only dependent on McLaughlin sending a link to the Plaintiff, which Attorney Russel unnecessarily withheld to bolster her false excuse for why the school was denying Plaintiff access to the software that was already approved before school started. As a result, the Plaintiff was unable to take notes for almost two months, causing her grades to suffer.

15. During a recorded meeting on September 29, 2022, McLaughlin denied Plaintiff's reasonable accommodation request based on an ableist stereotype of how a person with disabilities should

4

appear. In the video recording, with audacity shaking his head, McLaughlin said, "You want to know why?" three times but never provided an answer. When he finally explained why, it was because he thought she was not a developmentally disabled person.

16. The plaintiff was shocked by this revelation and began to cry in the recording, as she had no idea he was challenging her disability based on her looks, stereotypes, and bigotry. He only believed her when she shared stories of growing up in segregated classes and being called the "R-word." No one should be granted accommodations based on having to audition their pain. This is why the denial letter is so important for due process. Without knowing why you are being denied how does one challenge the denial?

17. McLaughlin also said, that their policy is that a disabled student provides documentation to the ARC, which ARC staff is the sole determines the accommodations the student receives. This interpretation of the law has never been legal since the ADA was enacted in 1990. In fact, UDC has been in violation of the law for over 34 years.

18. The law clearly places the burden on the institution, not the student. The law school is required to issue a formal denial letter if an accommodation is rejected, outlining specific reasons such as "substantial alterations to the course curriculum" or "financial hardship." McLaughlin repeatedly engaged in blatant discrimination by inventing his own ableist standard to deny reasonable accommodation requests. He repeatedly said the *'integrity of the school'* was the legal standard he used to deny accommodations. He blatantly ignored the ADA and the DC Human Rights Act, which make it clear that accommodations must be provided unless they *substantially alter the curriculum or impose financial burdens*—not some made-up, ableist standard with no legal basis." But instead, the defendant created their own absurd, illegal

5

standard to shut out the most vulnerable people who need accommodations. This isn't just wrong, it's a gross abuse of power, a deliberate act of oppression by an institution that should know better!

19. Furthermore, ADA mandates that the school engage in an interactive process with the student to explore alternative accommodations if the requested accommodation is denied. Institutions do not have the discretion to simply provide whatever accommodations they deem fit.

20. McLaughlin further stated that the Plaintiff had no right to select Criminal Law as the course to defer that semester as a reasonable accommodation. This assertion was not grounded in law but rather stemmed from a misguided belief that ARC holds absolute authority over reasonable accommodation requests and that disabled students have no rights to make these requests. "It is the ARC's job to decide which accommodations they should receive." - This unlawful statement was said by McLaughlin in front of Russell and my attorney Pearson in the recorded meetings and email communications.

21. After weeks of legal action costing Plaintiff over $12,000 in attorney fees, Defendant agreed to all Plaintiff's accommodations requests. However, Plaintiff was retroactively penalized with a "W" in Criminal Law, a course she had never registered for or attended, impacting her scholarship eligibility.   In the recorded meeting, McLaughlin laughed and said he never denied Plaintiff's accommodation request but the "W" tells otherwise.

22. The defendant, Christine L. Jones Acting Associate Dean of Academic Affairs obstructed the enforcement of a court-approved settlement regarding a reduced course load accommodation, which had already been litigated and granted by both the court and the school weeks prior.

6

Despite the settlement agreement, three weeks into the Spring 2023 semester, Dean Jones unilaterally added a **non-credit, non-required course** for all students.

23. This action violated the terms of the accommodation settlement agreement. The plaintiff resubmitted the accommodation request to ARC, specifically requesting to be excused from taking this non-required class. Thus rules under ADA applied to the request. In an act of retaliation and an attempt to circumvent the settlement, Dean Jones demanded that the plaintiff drop a required, credit-bearing course three weeks into the semester, even though the plaintiff was actively preparing for midterms scheduled for later that week. **Required courses are only offered once a year,** and any dropping of a required would automatically prevent the plaintiff from graduating in Spring 2025.

24. Dean Jones insisted that the plaintiff drop the required credit course in favor of the non-credit, non-required course, ignoring the fact that the plaintiff had already paid for a full-time course load. Dropping the required class would have reduced the plaintiff's status to part-time.

25. The Plaintiff further explained that, under the terms of the Fall 2022 settlement agreement, she postponed taking the required Criminal Law course, which consequently delayed her ability to enroll in Criminal Procedure—a course only offered once a year.

26. To clarify, in Spring 2023, Plaintiff was already unable to take the scheduled Criminal Procedure course. Dean Jones then demanded that she drop yet another required course, which would result in missing two required courses that semester and a total of three required courses for the academic year.

27. Despite this clear explanation, Dean Jones, in conjunction with the Academic Resource Center (ARC), acting out of retaliation, denied the plaintiff's reasonable accommodation request

7

on January 23, 2023. This denial occurred without the required legal language justifying the denial, such as **"substantially alter the course curriculum."** Additionally, McLaughlin failed to provide a formal letter denying the accommodation, as required by ADA and DC Human Rights Act.

28. Furthermore, the ADA prohibited ARC from sharing Plaintiff's medical information with law school deans for the purpose of determining accommodations. The responsibility for reviewing and approving accommodations solely rests with ARC, as its staff is better equipped to understand the needs of disabled students.

29. Requiring students to present their conditions to deans, who lack expertise in disability accommodations, undermines the process and subjects students to unnecessary emotional distress. As shown in the recorded video meeting with Dean Jones.

30. The plaintiff thought she was going to file an action to enforce the settlement agreement. Confident in the legitimacy of the original accommodation, the plaintiff did not attend the additional non-credit course. In retaliation for this, the defendant issued a failing grade ("F") for the course—a course that the plaintiff neither registered for nor agreed to take despite the settlement agreement. Due to the documented mental abuse, as confirmed by medical professionals, and the financial burden from the previous lawsuit against the defendant—which the plaintiff won on all claims—the plaintiff was unable to pursue legal action to enforce her rights at that time, despite the unlawful denial.

31. Another example of how UDC law is a law school that does not follow the law is when Plaintiff filed for an injunction in her 1L year to compel Defendant to process her accommodation requests. UDC's Avis Russell General Counsel repeatedly committed perjury,

lied to the court, and even showed contempt for the judicial process by yelling at the judge. Attorney Russell was forced to apologize to Judge Dayson. Due to Attorney Russell's bigotry and disdain for the rule of law, they degraded the plaintiff for being disabled rather than following the attorney's code of conduct and proving a legal defense for ignoring or denying the accommodation request. Aside from their belief that they were above the law, the law school ultimately had to admit they were legally required to grant all of the plaintiff's 1L accommodation requests. Unfortunately, this resulted in significant mental and legal expenses to force UDC Law School to follow the law.

32. UDC's institutional culture of abusing disabled students extends even further, in pure disregard for individuals with disabilities. In 2021- August 2024, Defendant failed to maintain working elevators for weeks at a time, disabled students' had no access to classes since all the classes were on the 3rd and 5th floors. Complaints by disability student association, disabled students, including Plaintiff, were met with retaliation from the Dean. Many physically disabled students were denied access to their classes. The dean took no action until the matter was reported to the Justice Department, at which point the school finally responded.

33. UDC Breach their contract with plaintiff - a valid and enforceable contract existed between the plaintiff and the law school. This contract was formed when the plaintiff was admitted to the law school, paid tuition, and agreed to abide by the terms and conditions set forth in the law school's academic policies and procedures, which include provisions related to course selection, accommodations, and student rights. The school's policies, including those in the student handbook or rule book, do not supersede or override basic principles of contract law.

34. According to *Doe v. American University*, 2016 WL 4055276 (D.D.C. 2016), a school's internal policies cannot nullify or modify an otherwise enforceable contract between a student and the institution. Additionally, in a previous lawsuit against the University of the District of Columbia David A. Clarke School of Law in 2016, the court reaffirmed that a student's rights under a contractual agreement cannot be circumvented by the school's unilaterally imposed policies or procedures.

35. Breach of Contract, during the plaintiff's first semester Fall 2022, the school added an additional course (Criminal Law) despite a documented request to limit the load to 12 credits due to a disability, violating the accommodation agreement and hurting the plaintiff with a "W" grade. For a course she never agreed to take.

36. In Spring 2023 semester, Against plaintiff's permission, the Dean added a zero-credit course after the semester began, abusing the agreed-upon accommodations. Tried to force the plaintiff to pay for full-time course load while only taking part-time courses. These actions violated the plaintiff's contractual rights to control course selection and have disability accommodations honored.

37. The last straw that brought this renewed lawsuit was that Plaintiff submitted a reduced physical attendance reasonable accommodation request on Feb 24, 2023, which has been pending for 602 days. Defendant's "undue delay" has further exacerbated Plaintiff's disability and denied her access to needed accommodations.

38. Plaintiff resubmitted the request again on September 12, 2024, Due to UDC Law School's limited course offerings, where **"required courses" are only available once per year**, Plaintiff was compelled to take a full course load Fall 2024 semester.

10

39. In response, Plaintiff requested an accommodation to reduce physical attendance, proposing virtual and recorded classes as an alternative to the reduced course load accommodation. Despite providing updated medical documentation, where Plaintiff's doctor's order outlined the vital need for this accommodation.

40. Now the semester is almost over and Defendant's Director of Accessibility Resource Center Pamela Butler failed to process the request within the required 21 days. The school's actions violate the ADA's undue delay provision. By refusing to issue denial letters, the school blocks any opportunity for due process, leaving Plaintiff unable to challenge their decisions without knowing the reasons for the denial.

41. For instance, during her 1L year, McLaughlin denied my request based on an ableist stereotype of how a person with disabilities should appear.

42. Another example of abuse is when Defendant discriminated against disabled students in the class called "Lawyering Process" by separating their final exams from those of able-bodied students. The Justice Department calls this practice flagging: to intentionally lower the grades of disabled students in order to fit a grading curve. The law school's justification for this unlawful practice is that disabled students have more time to complete exams than abled body students. The additional time is meant to ensure an equal playing field, not to provide an unfair advantage. This conversation was accidentally recorded, and I am thankful it was because, without it, no one would have believed the defendant would have said such blatantly ableist remarks were made.

43. October 2024, Plaintiff faces a real imminent danger of dropping out or being forced to withdraw from her clinical course due to Defendant's continued failure to address her accommodation requests. Defendant's refusal to process these accommodations, along with

11

ongoing bias and retaliatory actions, has jeopardized Plaintiff's academic standing and future career.

44. Defendant's actions, including denial of accommodations, retaliatory actions, and the creation of a hostile academic environment, were taken by federal employees acting under color of law. These employees, in their official capacity, used their authority to violate Plaintiff's federally protected rights under the ADA, Section 504, and the Due Process Clause.

45. Defendant, as a public entity and recipient of federal funds, is required to uphold Plaintiff's due process rights under the Fourteenth Amendment. Defendant's failure to provide timely notice, failure to issue formal denial letters explaining decisions, and its overall disregard for Plaintiff's procedural rights violated Plaintiff's due process protections.

46. Plaintiff asserts that she has no issue with being denied accommodations, but such denial must be accompanied by a letter explaining the reasons why. This is the law, and even law schools must follow the law. Nobody is above the law.

### CLAIMS FOR RELIEF

### Count I: Violation of Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d)
### *(Discrimination Based on Disability)*

*47. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs.*

48. Plaintiff is an African American female with disabilities, and is a student at UDC Law School, an educational institution that receives federal financial assistance.

49. Defendant is subject to the provisions of Title VI of the Civil Rights Act of 1964, which prohibits discrimination based on race, color, sex, disability or national origin in programs or activities receiving federal financial assistance.

12

50. Plaintiff has been diagnosed with a disability since birth that substantially limits one or more major life activities, as defined under the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act. The Plaintiff's disability qualifies them to receive reasonable accommodations to ensure equal access to education.

51. Plaintiff duly notified Defendant of their need for reasonable accommodations due to their disability and submitted appropriate documentation as required by the institution's policies.

52. Despite being aware of Plaintiff's need for accommodation and the legal obligation to engage in an interactive process, Defendant failed to timely provide reasonable accommodations or address the requests in a meaningful manner.

53. The failure to provide these accommodations resulted in the Plaintiff being denied full and equal access to educational opportunities at UDC Law School, which has created significant barriers to academic success, causing emotional and psychological distress, and impeding the Plaintiff's progression toward graduation.

54. Defendant's actions in ignoring, delaying, or outright denying (without a denial letter) Plaintiff's accommodation request constitute a form of disability-based discrimination in violation of Title VI of the Civil Rights Act of 1964, to the extent that such discrimination overlap with race or other protected classes under the Act.

55. Defendant's failure to act has disproportionately impacted Plaintiff due to their intersectional identity, as a member of a protected class under Title VI, further exacerbating the adverse effects of the discriminatory treatment.

56. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including but not limited to emotional distress, loss of educational opportunities, and other consequential damages.

13

**COUNT II: Violation of Due Process Rights under the Fourteenth Amendment**

57. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs.

58. Defendant, as a public entity, is required to provide procedural due process under the Fourteenth Amendment.

59. Defendant violated Plaintiff's due process rights by failing to provide timely notice of decisions, refusing to issue formal denial letters for accommodation requests, and denying Plaintiff access to procedural protections required by law.

60. Defendant's arbitrary and biased decision-making process, including the use of non-legal standards such as the "integrity of the school" instead of "substantial alteration of the curriculum," further violated Plaintiff's due process rights.

61. As a result, Plaintiff has suffered harm, including emotional distress, financial losses, and the deprivation of her right to be heard and seek recourse.

**COUNT III: Violation of the Americans with Disabilities Act (42 U.S.C. § 12182)**

62. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs.

63. Defendant's refusal to provide reasonable accommodations, including Plaintiff's requested course load reduction and access to note-taking software, violated the ADA.

64. Defendant further violated the ADA by retaliating against Plaintiff for exercising her rights, including issuing false academic records, subjecting her to mental abuse, and delaying her graduation.

65. Defendant's actions, rooted in bias and ableism, have caused Plaintiff to suffer significant harm, including emotional distress, academic harm, a lowered GPA, and financial losses.

14

**COUNT IV: Violation of Section 504 of the Rehabilitation Act (29 U.S.C. § 794)**

66. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs.

67. Defendant is a recipient of federal financial assistance and is required to provide reasonable accommodations under Section 504.

68. Defendant's actions in denying and delaying Plaintiff's accommodations, engaging in discriminatory treatment, and retaliating against her for requesting accommodations violated Section 504.

69. As a result of Defendant's actions, Plaintiff has suffered harm, including difficulty completing coursework, emotional distress, financial losses, and a decline in her GPA.

**COUNT V: Retaliation under the ADA and Section 504**

70. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs.

71. Plaintiff engaged in protected activities under the ADA and Section 504 by requesting accommodations and filing legal action.

72. Defendant retaliated by creating a hostile academic environment, issuing false academic records, and delaying Plaintiff's graduation.

73. There is a direct causal connection between Plaintiff's protected activities and Defendant's retaliatory actions.

74. As a result of Defendant's retaliation, Plaintiff has suffered significant harm.

75. Defendant's refusal to provide reasonable accommodations, refusal to provide a denial letter, and failure to engage in the interactive process constitutes discrimination on the basis of Plaintiff's disability in violation of the ADA and Section 504.

**COUNT VI: Violation Civil action for deprivation of rights of 42 U.S. Code § 1983**

76. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs.

77. Defendant's employees, including Attorney Russel, Dean Fraidin, McLaughlin, and other relevant school personnel, acted under color of law in their official capacities as representatives of a public institution or federally funded entity.

78. These employees, acting under color of law, deprived Plaintiff of her rights under the ADA, Section 504, the DCHRA, and the Due Process Clause by failing to provide accommodations, retaliating against her, and engaging in discriminatory conduct.

79. Defendant's actions, taken by employees using their official authority, constitute a violation of 42 U.S.C. § 1983, which prohibits the deprivation of federal rights under color of law.

80. As a result of these violations, Plaintiff has suffered emotional distress, financial harm, academic setbacks, and a deprivation of her constitutional rights.

**COUNT VII: Violation of the DC Human Rights Act (D.C. Code § 2-1402.41)**

*81. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs.*

82. Defendant's failure to engage in the interactive process, refusal to provide reasonable accommodations, and retaliatory and discriminatory actions against Plaintiff based on her disability violated the DCHRA.

83. Defendant's biased treatment, including questioning the legitimacy of Plaintiff's disability and forcing her to emotionally perform her trauma to receive accommodations, constitutes unlawful discrimination under the DCHRA.

84. Defendant's actions have caused Plaintiff harm, including emotional distress, academic

delays, financial losses, and negative impacts on her GPA.

### Count VIII: Breach of Contract

85. *Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs.*

86. A valid contract existed between the plaintiff and the law school when the plaintiff was

admitted, paid tuition, and agreed to follow the school's policies, including those on course

selection and academic accommodations.

87. The plaintiff complied with all obligations, including paying tuition, enrolling in classes

88. The law school breached the contract by unilaterally altering the plaintiff's course load

without consent: The school's internal policies cannot override contract law. In *Doe v. American

University*, internal university policies were found insufficient to justify breaching students'

contractual rights. Similarly, a 2016 case against the University of the District of Columbia held

that university policies cannot circumvent contractual obligations.

89. The plaintiff suffered damages, including financial costs for additional course materials,

emotional distress from the unnecessary classes, delay in graduation, and over $12,000 in legal

fees to enforce accommodations.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a)  Grant Plaintiff's current request for reasonable accommodations by allowing reduced

    physical attendance in class and clinic, and providing virtual or recorded class sessions.

17

b) Declare that Defendant's actions violated the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, the District of Columbia Human Rights Act, and the Due Process Clause of the Fourteenth Amendment.

c) Order Defendant to provide all students with a formal acceptance or denial letter, as required by the ADA and the District of Columbia Human Rights Act.

d) Fire Attorney Avis Russell, Pamela Butler, Christine L. Jones, depriving disabled students rights under color of law.

e) Prohibit the Academic Resource Center (ARC) unlawful practice of sharing disabled students' private medical information with law school deans for the purpose of determining accommodations. The responsibility for reviewing and approving accommodations should rest with ARC, as its staff is better equipped to understand the needs of disabled students.

f) Award compensatory damages for Plaintiff's emotional distress, financial losses, and academic harm;

g) Award punitive damages of no less than $500,000 for Defendant's willful and malicious conduct, with the amount to be directed to the Color of Law Center nonprofit.

h) Award Plaintiff attorney's fees and costs; and

i) Grant such other relief as this Court deems just and proper.


Respectfully submitted,

/s/

October 18, 2024

18

# Superior Court of the District of Columbia

CIVIL DIVISION - CIVIL ACTIONS BRANCH

INFORMATION SHEET

Jane Doe
_____
Plaintiff(s)

vs

UDC David A. Clarke School of Law et al
_____
Defendant(s)

Case Number: _2024- CAB-006606_

Date: 10/18/2024

[✔] One of the defendants is being sued
in their official capacity.

| Name: *(Please Print)* Jane Doe | Relationship to Lawsuit |
|---|---|
| Firm Name: | [ ] Attorney for Plaintiff |
| Telephone No.: (302) 391-6050    DC Bar No.: | [✔] Self (Pro Se)  [ ] Other: _____ |

TYPE OF CASE:   [ ] Non-Jury   [✔] 6 Person Jury   [ ] 12 Person Jury

Demand: $500.00 _____   Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: 2022 CA 003965 B     Judge: Dayson     Calendar #: 9/1/2022

Case No.: _____     Judge: _____     Calendar #: _____

---

NATURE OF SUIT:    (Check One Box Only)

**CONTRACT**
- [ ] Breach of Contract
- [ ] Breach of Warranty
- [ ] Condo/Homeowner Assn. Fees
- [ ] Contract Enforcement
- [ ] Negotiable Instrument

**COLLECTION/INS. SUB**
- [ ] Debt Collection
- [ ] Insurance Subrogation
- [ ] Motion/Application for Judgment by Confession
- [ ] Motion/Application Regarding Arbitration Award

**EMPLOYMENT DISPUTE**
- [ ] Breach of Contract
- [ ] Discrimination
- [ ] Wage Claim
- [ ] Whistle Blower
- [ ] Wrongful Termination

**REAL PROPERTY**
- [ ] Condo/Homeowner Assn. Foreclosure
- [ ] Declaratory Judgment
- [ ] Drug Related Nuisance Abatement
- [ ] Ejectment
- [ ] Eminent Domain
- [ ] Interpleader
- [ ] Other
- [ ] Quiet Title
- [ ] Specific Performance

- [ ] **FRIENDLY SUIT**
- [ ] **HOUSING CODE REGULATIONS**
- [ ] **QUI TAM**
- [ ] **STRUCTURED SETTLEMENTS**

**ADMINISTRATIVE PROCEEDINGS**
- [ ] Administrative Search Warrant
- [ ] App. for Entry of Jgt. Defaulted Compensation Benefits
- [ ] Enter Administrative Order as Judgment
- [ ] Libel of Information
- [ ] Master Meter
- [ ] Petition Other

- [ ] Release Mechanics Lien
- [ ] Request for Subpoena

**MALPRACTICE**
- [ ] Medical – Other
- [ ] Wrongful Death

**AGENCY APPEAL**
- [ ] Dangerous Animal Determination
- [ ] DCPS Residency Appeal
- [ ] Merit Personnel Act (OEA)
- [ ] Merit Personnel Act (OHR)
- [ ] Other Agency Appeal

- [ ] **APPLICATION FOR INTERNATIONAL FOREIGN JUDGMENT**

CV-496/February 2023

# Information Sheet, Continued

**CIVIL ASSET FORFEITURE**
- [ ] Currency
- [ ] Other
- [ ] Real Property
- [ ] Vehicle

**NAME CHANGE/VITAL RECORD AMENDMENT**
- [ ] Birth Certificate Amendment
- [ ] Death Certificate Amendment
- [ ] Gender Amendment
- [ ] Name Change

**TORT**
- [ ] Abuse of Process
- [ ] Assault/Battery
- [ ] Conversion
- [ ] False Arrest/Malicious Prosecution
- [ ] Libel/Slander/Defamation
- [ ] Personal Injury
- [ ] Toxic Mass
- [ ] Wrongful Death (Non-Medical Malpractice)

**GENERAL CIVIL**
- [ ] Accounting
- [ ] Deceit (Misrepresentation)
- [ ] Fraud
- [ ] Invasion of Privacy
- [ ] Lead Paint
- [ ] Legal Malpractice
- [ ] Motion/Application Regarding Arbitration Award
- [x] Other - General Civil

- [ ] Product Liability
- [ ] Request for Liquidation
- [ ] Writ of Replevin
- [ ] Wrongful Eviction

**CIVIL I/COMPLEX CIVIL**
- [ ] Asbestos

**MORTGAGE FORECLOSURE**
- [ ] Non-Residential
- [ ] Residential

**STATUTORY CLAIM**
- [ ] Anti – SLAPP
- [ ] Consumer Protection Act
- [ ] Exploitation of Vulnerable Adult
- [ ] Freedom of Information Act (FOIA)
- [ ] Other

**TAX SALE FORECLOSURE**
- [ ] Tax Sale Annual
- [ ] Tax Sale Bid Off

**VEHICLE**
- [ ] Personal Injury
- [ ] Property Damage

- [ ] **TRAFFIC ADJUDICATION APPEAL**
- [ ] **REQUEST FOR FOREIGN JUDGMENT**

_Filer/Attorney's Signature_     10/17/2025

                                  Date

CV-496/February 2023

FILED
CIVIL DIVISION

OCT 18 2024

Superior Court of the
District of Columbia

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Action Branch**
**500 Indiana Ave, NW Room 5000**
**Washington, DC 20001**

Jane Doe,
Plaintiff,

Case Number 2024-CAB-00 6606
Related Case: 2022 CA 003965 B

v

UDC David A. Clarke School of Law et al.,
Defendant.

### EMERGENCY MOTION TO PROCEED PSEUDONYMOUSLY

Plaintiff Jane Doe respectfully moves this Court for permission to proceed pseudonymously in this matter, as the Court has already granted Related Case: 2022 CA 003965 B involving the same defendant and same issue. Plaintiff seeks to protect her privacy concerning the details of her disability and accommodations, as she faces a legitimate concern that disclosure of her identity in this litigation could lead to negative professional consequences. In light of this precedent, Plaintiff requests the Court's continued allowance to proceed under a pseudonym for this Emergency Motion and any subsequent pleadings.

Plaintiff remains committed to promoting diversity and eliminating bias within the legal profession, particularly concerning individuals with disabilities. Defendant's actions should not create barriers to the full and equal participation of disabled individuals in the legal field. Ensuring that law schools, like Plaintiff's, reflect the diversity of society enhances the educational experience not only for students with disabilities but also for their classmates, who benefit from the inclusion of diverse perspectives. Exclusionary practices harm both disabled

individuals and the broader legal profession and society, making Plaintiff's disability a central factor in her request to proceed anonymously.

The Plaintiff's claims, as in the prior case, require the disclosure of sensitive medical information. This request is consistent with the standards set forth in United States v. Hubbard, 650 F.2d 293, 317-322 (D.C. Cir. 1981). The Court has previously recognized the minimal public need to access these details and upheld Plaintiff's right to privacy. Given this precedent and Plaintiff's strong objection to revealing her identity, she submits this motion under the protection of the U.S. Constitution, the Americans with Disabilities Act, the District of Columbia Human Rights Act, the Rehabilitation Act, and the Civil Rights Act of 1964.

For these reasons, and in light of the Court's prior ruling in the related case, Plaintiff respectfully requests that the Court grant her motion to proceed pseudonymously to protect her privacy and prevent prejudice.

Respectfully submitted,

/s/

October 17, 2024

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Judge-in-Chambers**

| | | |
|---|---|---|
| **JANE DOE,** | : | Case No. 2024-CAB-006606 |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **UDC DAVID A. CLARKE SCHOOL** | : | |
| **OF LAW ET AL.,** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM

On consideration of Plaintiff's Motion to Proceed Under Pseudonym, filed

October 18, 2024, and in accordance with the Court's order of August 31, 2022,

granting Plaintiff's Motion to Proceed Under Pseudonym in related case 2022-A-

003965-B, the Court finds that Plaintiff has provided an adequate basis to for the Court

to find that Plaintiff should be permitted to proceed under pseudonym.

Therefore, it is by the Court this 18th day of October, 2024, hereby:

**ORDERED** that Plaintiff's Motion is **GRANTED**; it is further

**ORDERED** that Plaintiff is hereinafter permitted to proceed as "Jane Doe" in this

case.

*Jeanette J. Clark*
Senior Judge Jeanette Clark
Sitting as Judge-in-Chambers

Copies to:

Jane Doe
Plaintiff

eFiled
10/25/2024 3:44:19 P
Superior Court
of the District of Columbia

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## Civil Action Branch
### 500 Indiana Ave, NW Room 5000
### Washington, DC 20001

**Jane Doe,**
4301 50th Street NW Suite 300 #1140
Washington, DC 20016
      Plaintiff,

**Case Number 2024-CAB-006606**
Related Case 2022 CA 003965 B

**V.**

**UDC David A. Clarke School of Law,**
4340 Connecticut Ave NW,
Washington, DC 20008

**DEMAND FOR JURY TRIAL**
**On all issues so triable**

**Avis Russell** in her official capacity as
Director of General Counsel,
4340 Connecticut Ave NW,
Washington, DC 20008

**Matthew I. Fraidin** in his official capacity as
Associate Dean for Academic Affairs
4340 Connecticut Ave NW,
Washington, DC 20008

**Christine L. Jones** in her official capacity as
Acting Associate Dean of Academic Affairs,
4340 Connecticut Ave NW,
Washington, DC 20008

**Pamela Butler**, in her official capacity as
Director of Accessibility Resource Center
4340 Connecticut Ave NW,
Washington, DC 20008

**Clayton McLaughlin** in his official capacity as a
Former Disability Counselor,
4340 Connecticut Ave NW,
Washington, DC 20008
      Defendants.

## AMENDED COMPLAINT
Jurisdiction Of This Court Is Founded on D.C. Code 11-921

1

## INTRODUCTION

1. Jane Doe brings this action under the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act of 1973, the DC Human Rights Act (DCHRA), and the Due Process Clause of the Fourteenth Amendment, seeking relief for Defendant's repeated failure to provide reasonable accommodations, refusal to process accommodation requests, issue formal denial letters, retaliatory actions, and violation of Jane's due process rights.

2. Jane, a law student with a documented disability, has faced numerous barriers in receiving necessary accommodations at UDC David A. Clarke School of Law (UDC Law School). Despite legal representation and court orders, Defendant has continually failed to provide the accommodations required by law, violating Jane's rights under the ADA, Section 504, the DCHRA, and the Due Process Clause, causing Jane substantial harm, including financial loss, emotional distress, and academic delays.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) for claims arising under the ADA, Section 504, and the Due Process Clause, the DC Human Rights Act. Venue is proper because the events giving rise to this claim occurred within this District.

## PARTIES

4. Jane is a law student with a disability as defined by the ADA, Section 504, the DCHRA, and the Due Process Clause, and resides in Washington DC.

5. Defendant is UDC David A. Clarke School of Law, a public entity or recipient of federal funding, subject to the ADA, Section 504, the DCHRA, and bound by the Due Process protections of the Fourteenth Amendment.

## STATEMENT OF FACTS

6. Jane Doe attends a law school that does not follow the law. This complaint is not about UDC denying a reasonable accommodation request but it's about their failure to process Jane's reasonable accommodation request.

7. Jane enrolled at UDC David A. Clarke School of Law with documented disabilities and sought reasonable accommodations.

8. ADA and the DC Human Rights Act require UDC Law School to provide a formal denial letter if an accommodation is denied. Furthermore, Section 504 of the Rehabilitation Act of 1973 mandates that the denial letter must specifically state how the accommodation would cause *"substantial alterations to the course curriculum. "* or *"financial hardship."* To further reinforce this fact, the Office for Civil Rights (OCR) has issued guidance clarifying that an institution must explain the grounds for denial. "This requirement ensures transparency and helps individuals determine whether their rights have been violated under the ADA."

9. Jane has a fundamental right to a denial letter, but instead of a denial letter, Jane only receives silence. This results in a de facto denial through undue delay, without providing any means of due process, as Jane is left waiting for weeks for a decision that never arrives.

3

10. July 2022, Jane planned to take a reduced 12-credit course load due to her disability. However, Defendant, through Dean Erica Smith and Dean Fraidin, unilaterally increased Jane's course load to 15 credits by adding a Criminal Law course without Jane's consent.

11. Jane submitted a formal request to reduce her course load to 12 credits as an accommodation for her disability. Defendant ignored this reasonable accommodation request for weeks, failed to process the request, failed to give a denial letter, and failed to engage in the required **interactive process**. Despite Jane paying over $7,000 for legal representation to negotiate accommodations before the start of school, the institution failed to provide the agreed-upon accommodations when she requested a reduced course load in response to her efforts to enforce her rights.

12. In retaliation for Jane's legal action to compel UDC David A. Clarke School of Law to process her reasonable accommodation requests, Defendant, through Attorney Russell and MR. McLaughlin, deliberately delayed providing access to Jane's approved note-taking accommodations. Despite Jane having engaged legal counsel to secure this accommodation. Defendant paid for the necessary note-taking software on August 14, 2022; with malice and forethought, Defendant unnecessarily withheld access to the notetaker app out of retaliation until September 29, 2022 (after two court hearings.) The defendant prevented Jane from being able to take notes until September 29, 2022. This discrimination substantially prevented her from having meaningful access to her courses.

13. Attorney Russel made outrageous false statements like, the delay was because Jane needed formal training and a meeting was required for Jane to use the software. This was an outright lie.

14. Access was only dependent on McLaughlin sending a link to Jane, which Attorney Russel unnecessarily withheld to bolster her false excuse for why the school was denying Jane access to

4

the software that was already approved before school started. As a result, Jane was unable to take notes for almost two months, causing her grades to suffer.

15. During a recorded meeting on September 29, 2022, Jane told McLaughlin, "You have to provide a denial letter." UDC policy is that we don't give denial letters, "You tell us what your disability is, and we choose your accommodation." It was the most ignorant and unlawful statement I have ever heard.

16. McLaughlin denied Jane's reasonable accommodation request based on an ableist stereotype of how a person with disabilities should appear. In the video recording, with audacity shaking his head, McLaughlin said, "You want to know why?" three times but never provided an answer. When he finally explained why, it was because he thought she was not a developmentally disabled person.

17. Jane was shocked by this revelation and began to cry in the recording, as she had no idea he was challenging her disability based on her looks, stereotypes, and bigotry. He only believed her when she shared stories of growing up in segregated classes and being called the "R-word." No one should be granted accommodations based on having to audition their pain. This is why the denial letter is so important for due process. Without knowing why you are being denied how does one challenge the denial?

18. McLaughlin also said, that their policy is that a disabled student provides documentation to the ARC, which ARC staff is the sole determines the accommodations the student receives. This interpretation of the law has never been legal since the ADA was enacted in 1990. In fact, UDC has been in violation of the law for over 34 years.

19. ADA, OCR, Sec 504, DC Human Rights Act, clearly places the burden on the institution, not the student. Jane repeatedly demands that the law school issue a formal denial letter. In emails and recordings, McLaughlin repeatedly engaged in blatant discrimination by inventing his own ableist standard to deny reasonable accommodation requests. He repeatedly said the *'integrity of the school'* was the legal standard he used to deny accommodations. (A meaningless standard) He blatantly ignored the ADA and the DC Human Rights Act, which make it clear that accommodations must be provided unless they *substantially alter the curriculum or impose financial burdens*—not some made-up, ableist slur with no legal basis." The defendant created their own absurd, illegal standard to abuse the most vulnerable people who need accommodations. This isn't just wrong, it's a gross abuse of power, a deliberate act of oppression by an institution that should know better!

20. Furthermore, ADA, OCR, Sec 504, DC Human Rights Act, mandates that the school engage in an "interactive process" with the student to explore alternative accommodations if the requested accommodation is denied. Institutions do not have the discretion to simply provide whatever accommodations they deem appropriate, as McLaughlin repeatedly claimed, and UDC's actions demonstrate

21. McLaughlin further stated that Jane had no right to select Criminal Law as the course to defer that semester as a reasonable accommodation. This assertion was not grounded in law but rather stemmed from a misguided belief that ARC holds absolute authority over reasonable accommodation requests and that disabled students have no rights to make these requests. *"It is the ARC's job to decide which accommodations they should receive." (Without any input from*

*the student or their doctors.)* - This unlawful statement was said by McLaughlin in front of Russell and my attorney Pearson in the recorded meeting and email communications.

22. After weeks of legal action costing Jane over $12,000 in attorney fees, Defendant agreed to all Jane's accommodations requests. However, Jane was retroactively penalized with a "W" in Criminal Law, a course she had never registered for or attended, impacting her scholarship eligibility. In the recorded meeting, McLaughlin laughed and said he never denied Jane's accommodation request but the "W" tells otherwise.

23. The defendant, Christine L. Jones Acting Associate Dean of Academic Affairs obstructed the enforcement of a court-approved settlement regarding a reduced course load accommodation, which had already been litigated and granted by the court settlement. Despite the settlement agreement, three weeks into the Spring 2023 semester, Dean Jones unilaterally added a **non-credit, non-required course** for all students.

24. This action violated the terms of the accommodation settlement agreement. Jane resubmitted the accommodation request to ARC, specifically requesting to be excused from taking this non-required class. In an act of retaliation and an attempt to circumvent the settlement, Dean Jones demanded that Jane drop a required, credit-bearing course three weeks into the semester, even though Jane was actively preparing for midterms scheduled for later that week. **Required courses are only offered once a year,** and any dropping of a required would automatically prevent Jane from graduating in Spring 2025.

25. Dean Jones insisted that Jane drop the required credit course in favor of the non-credit, non-required course, ignoring the fact that Jane had already paid for a full-time course load. Dropping the required class would have reduced Jane's status to part-time.

26. Jane further explained that, under the terms of the Fall 2022 settlement agreement, she postponed taking the required Criminal Law course, which consequently delayed her ability to enroll in Criminal Procedure—a course only offered once a year.

27. To clarify, in Spring 2023, Jane was already unable to take the scheduled Criminal Procedure course. Dean Jones then demanded that she drop yet another required course, which would result in missing two required courses that semester and a total of three required courses for the academic year.

28. Despite this clear explanation, Dean Jones, in conjunction with the Academic Resource Center (ARC), acting out of retaliation, denied Jane's reasonable accommodation request on January 23, 2023. This denial occurred without the required legal language justifying the denial, such as **"substantially alter the course curriculum."** Additionally, McLaughlin failed to provide a formal letter denying the accommodation, as required by  Sec 504, ADA, OCR, and DC Human Rights Act.

29. Furthermore, the ADA prohibited ARC from sharing Jane's medical information with law school deans for the purpose of determining accommodations. The responsibility for reviewing and approving accommodations solely rests with ARC, as its staff is better equipped to understand the needs of disabled students.

30. ARC Requiring students to present their conditions to deans, who lack expertise in disability accommodations, undermines the process and subjects students to unnecessary emotional distress. This is shown in the video meeting with Dean Jones.

31. Jane did not attend the additional non-credit course. Confident in the legitimacy of the settlement agreement and accommodation request, In retaliation, the defendant issued a failing

grade ("F") for the course—a course that Jane neither registered for nor agreed to take despite the settlement agreement. Due to the documented mental abuse, as confirmed by medical professionals, and the financial burden from the previous lawsuit against the defendant—which Jane won on all claims.

32. Another example of how UDC Law, a law school that does not follow the law, occurred when Jane filed for an injunction during her 1L year to compel the Defendant to process her accommodation requests. UDC's General Counsel, Avis Russell, displayed bigotry and disdain for the rule of law, repeatedly lying to the court and even showing contempt for the judicial process by yelling at the judge. She later apologized to Judge Dayson for her unprofessional behavior, but blamed Jane for enforcing her rights, which was frustrating for her. She was upset that she lacked a legal defense for ignoring or denying the accommodation request, aside from a belief that they were above the law. Ultimately, UDC had to admit they were legally required to grant all of Jane's 1L accommodation requests. Unfortunately, this led to significant mental and legal costs for Jane, who had to fight to make UDC Law School comply with the law.

33. UDC's systemic disregard for disabled students was evident from 2021 to August 2024, as the administration repeatedly ignored that all elevators were out of service. This failure to maintain functioning elevators for weeks at a time meant that disabled students were unable to access classes on the **3rd and 5th floors.** For example, **one physically disabled student could not attend her class on the fifth floor,** leading the professor to relocate the class to the lobby, which was not a suitable learning environment. Additionally, a visually impaired student had to navigate unsafe stairways for years, relying on others to carry her monitor, which severely limited her ability to fully participate in her education.

34. Complaints by the disability student association, including Jane, were met with retaliation from the Dean. Many physically disabled students were denied access to their classes. The dean took no action until the matter was reported to the Justice Department, at which point the school finally responded.

35. Another example of abuse is when Defendant discriminated against disabled students in the class called "Lawyering Process" by separating their final exams from those of able-bodied students. The Justice Department calls this practice flagging: to intentionally lower the grades of disabled students in order to fit a grading curve. The law school's justification for this unlawful practice is that disabled students have more time to complete exams than abled body students. The additional time is meant to ensure an equal playing field, not to provide an unfair advantage. This conversation was accidentally recorded, and I am thankful it was because, without it, no one would have believed the defendant would have said such blatantly ableist remarks.

36. UDC Breach their contract with Jane - a valid and enforceable contract existed between Jane and the law school. This contract was formed when Jane was admitted to the law school, paid tuition, and agreed to abide by the terms and conditions set forth in the law school's academic policies and procedures, which include provisions related to course selection, accommodations, and student rights. The school's policies, including those in the student handbook or rule book, do not supersede or override basic principles of contract law.

37. According to *Doe v. American University*, 2016 WL 4055276 (D.D.C. 2016), a school's internal policies cannot nullify or modify an otherwise enforceable contract between a student and the institution. Additionally, in a previous lawsuit against the University of the District of Columbia David A. Clarke School of Law in 2016, the court reaffirmed that a student's rights

10

under a contractual agreement cannot be circumvented by the school's unilaterally imposed policies or procedures.

38. Here, UDC breached their contract with Jane's first semester, Fall 2022; the school added an additional course (Criminal Law) despite a documented request to limit the load to 12 credits due to a disability, violating the accommodation agreement and hurting Jane with a "W" grade. For a course she never agreed to take.

39. The last straw that brought this renewed lawsuit was that Jane submitted a reduced physical attendance reasonable accommodation request on Feb 24, 2023, which has been pending for over 609 days. Defendant's "undue delay" has further exacerbated Jane's disability and denied her access to needed accommodations.

40. Jane resubmitted the request again on September 12, 2024, to reduce physical attendance including clinic. Proposing virtual and recorded classes as an alternative to the reduced course load accommodation. Despite providing updated medical documentation, where Jane's doctor's order outlined the vital need for this accommodation.

41. Other students have received this same accommodation; however, due to a retaliatory relationship, UDC Law has been neglecting this request for 609 days and counting. This ongoing neglect has caused Jane extreme emotional and physical distress, requiring her to seek medical attention during her 1L year in September 2022 and again on October 16, 2024, in her 3L year.

42. Now the semester is almost over and Defendant's Director of Accessibility Resource Center Pamela Butler failed to process her current request. Which cause the Oct 16, 2024, discriminatory incident with the Clinic was a direct result and proximate cause of UDC ARC's

failure to engage in the interactive process and to address Jane's reasonable accommodation request for "late and reduced clinic hours. By refusing to issue denial letters, the school blocks any opportunity for due process, leaving Jane unable to challenge their decisions without knowing the reasons for the denial. For instance, during her 1L year, McLaughlin denied her request based on an ableist stereotype of how a person with disabilities should appear.

43. Jane faces a real imminent danger of dropping out or being forced to withdraw from her clinical course due to Defendant's continued failure to address her accommodation requests. Defendant's refusal to process these accommodations, along with ongoing bias and retaliatory actions, has jeopardized Jane's academic standing and future career.

44. Defendant's actions, including denial of accommodations, retaliatory actions, and the creation of a hostile academic environment, were taken by federal employees acting under color of law. These employees, in their official capacity, used their authority to violate Jane's federally protected rights under the ADA, Section 504, and the Due Process Clause.

45. Defendant, as a public entity and recipient of federal funds, is required to uphold Jane's due process rights under the Fourteenth Amendment. Defendant's failure to provide timely notice, failure to issue formal denial letters explaining decisions, and its overall disregard for Jane's procedural rights violated Jane's due process protections.

46. The refusal to provide a denial letter not only violates the ADA but also constitutes a federal crime under **18 U.S.C. § 242,** which makes it unlawful for any person acting under color of law to willfully deprive an individual of a right or privilege protected by the Constitution or federal law.

12

47. Jane asserts that she has no issue with being denied accommodations, but such denial must be accompanied by a letter explaining the reasons why. This is the law, and even law schools must follow the law.

## CLAIMS FOR RELIEF

### Count I: Violation of Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d)
### *(Discrimination Based on Disability)*

*Jane repeats and re-alleges the allegations contained in the preceding paragraphs.*

48. Jane is an African American female with disabilities and is a student at UDC Law School, an educational institution that receives federal financial assistance.

49. Defendant is subject to the provisions of Title VI of the Civil Rights Act of 1964, which prohibits discrimination based on race, color, sex, disability or national origin in programs or activities receiving federal financial assistance.

50. Jane has been diagnosed with a disability since birth that substantially limits one or more major life activities, as defined under the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act. Jane's disability qualifies them to receive reasonable accommodations to ensure equal access to education.

51. Jane duly notified Defendant of their need for reasonable accommodations due to their disability and submitted appropriate documentation as required by the institution's policies.

52. Despite being aware of Jane's need for accommodation and the legal obligation to engage in an interactive process, Defendant failed to timely provide reasonable accommodations or address the requests in a meaningful manner.

53. The failure to provide these accommodations resulted in Jane being denied full and equal access to educational opportunities at UDC Law School, which has created significant barriers to

13

academic success, causing emotional and psychological distress, and impeding Jane's progression toward graduation.

54. Defendant's actions in ignoring, delaying, or outright denying (without a denial letter) Jane's accommodation request constitute a form of disability-based discrimination in violation of Title VI of the Civil Rights Act of 1964, to the extent that such discrimination overlap with race or other protected classes under the Act.

55. Defendant's failure to act has disproportionately impacted Jane due to their intersectional identity, as a member of a protected class under Title VI, further exacerbating the adverse effects of the discriminatory treatment.

56. As a direct and proximate result of Defendant's unlawful conduct, Jane has suffered and continues to suffer damages, including but not limited to emotional distress, loss of educational opportunities, and other consequential damages.

## COUNT II: Violation of Due Process Rights under the Fourteenth Amendment

57. Jane repeats and re-alleges the allegations contained in the preceding paragraphs.

58. Defendant, as a public entity, is required to provide procedural due process under the Fourteenth Amendment.

59. Defendant violated Jane's due process rights by failing to provide timely notice of decisions, refusing to issue formal denial letters for accommodation requests, and denying Jane access to procedural protections required by law.

60. Defendant's arbitrary and biased decision-making process, including the use of non-legal standards such as the "integrity of the school" instead of "substantial alteration of the curriculum," further violated Jane's due process rights.

14

61. As a result, Jane has suffered harm, including emotional distress, financial losses, and the deprivation of her right to be heard and seek recourse.

## COUNT III: Violation of the Americans with Disabilities Act (42 U.S.C. § 12182)

62. Jane repeats and re-alleges the allegations contained in the preceding paragraphs.

63. Defendant's refusal to provide reasonable accommodations, including Jane's requested course load reduction and access to note-taking software, violated the ADA.

64. Defendant further violated the ADA by retaliating against Jane for exercising her rights, including issuing false academic records, subjecting her to mental abuse, and delaying her graduation.

65. Defendant's actions, rooted in bias and ableism, have caused Jane to suffer significant harm, including emotional distress, academic harm, a lowered GPA, and financial losses.

## COUNT IV: Violation of Section 504 of the Rehabilitation Act (29 U.S.C. § 794)

66. Jane repeats and re-alleges the allegations contained in the preceding paragraphs.

67. Defendant is a recipient of federal financial assistance and is required to provide reasonable accommodations under Section 504.

68. Defendant's actions in denying and delaying Jane's accommodations, engaging in discriminatory treatment, and retaliating against her for requesting accommodations violated Section 504.

69. As a result of Defendant's actions, Jane has suffered harm, including difficulty completing coursework, emotional distress, financial losses, and a decline in her GPA.

15

## COUNT V: Retaliation under the ADA and Section 504

70. Jane repeats and re-alleges the allegations contained in the preceding paragraphs.

71. Jane engaged in protected activities under the ADA and Section 504 by requesting accommodations and filing legal action.

72. Defendant retaliated by creating a hostile academic environment, issuing false academic records, and delaying Jane's graduation.

73. There is a direct causal connection between Jane's protected activities and Defendant's retaliatory actions.

74. As a result of Defendant's retaliation, Jane has suffered significant harm.

75. Defendant's refusal to provide reasonable accommodations, refusal to provide a denial letter, and failure to engage in the interactive process constitutes discrimination on the basis of Jane's disability in violation of the ADA and Section 504.

## COUNT VI: Violation Civil action for deprivation of rights of 42 U.S. Code § 1983

76. Jane repeats and re-alleges the allegations contained in the preceding paragraphs.

77. Defendant's employees, including Attorney Russel, Dean Fraidin, McLaughlin, and other relevant school personnel, acted under color of law in their official capacities as representatives of a public institution or federally funded entity.

78. These employees, acting under color of law, deprived Jane of her rights under the ADA, Section 504, the DCHRA, and the Due Process Clause by failing to provide accommodations, retaliating against her, and engaging in discriminatory conduct.

79. Defendant's actions, taken by employees using their official authority, constitute a violation of 42 U.S.C. § 1983, which prohibits the deprivation of federal rights under color of law.

16

80. As a result of these violations, Jane has suffered emotional distress, financial harm, academic setbacks, and a deprivation of her constitutional rights.

## COUNT VII: Violation of the DC Human Rights Act (D.C. Code § 2-1402.41)

*81. Jane repeats and re-alleges the allegations contained in the preceding paragraphs.*

82. Defendant's failure to engage in the interactive process, refusal to provide reasonable accommodations, and retaliatory and discriminatory actions against Jane based on her disability violated the DCHRA.

83. Defendant's biased treatment, including questioning the legitimacy of Jane's disability and forcing her to emotionally perform her trauma to receive accommodations, constitutes unlawful discrimination under the DCHRA.

84. Defendant's actions have caused Jane harm, including emotional distress, academic delays, financial losses, and negative impacts on her GPA.

## Count VIII: Breach of Contract

*85. Jane repeats and re-alleges the allegations contained in the preceding paragraphs.*

86. A valid contract existed between Jane and the law school when Jane was admitted, paid tuition, and agreed to follow the school's policies, including those on course selection and academic accommodations.

87. Jane complied with all obligations, including paying tuition, enrolling in classes

88. The law school breached the contract by unilaterally altering Jane's course load without consent: The school's internal policies cannot override contract law. In *Doe v. American University*, internal university policies were found insufficient to justify breaching students' contractual rights. Similarly, a 2016 case against the University of the District of Columbia held that university policies cannot circumvent contractual obligations.

89. Jane suffered damages, including financial costs for additional course materials, emotional distress from the unnecessary classes, delay in graduation, and over $12,000 in legal fees to enforce accommodations.


## PRAYER FOR RELIEF

WHEREFORE, Jane respectfully requests that this Court:

a) Grant Jane's current request for reasonable accommodations by allowing reduced physical attendance in class and clinic, and providing virtual or recorded class sessions.

b) Declare that Defendant's actions violated the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, the District of Columbia Human Rights Act, and the Due Process Clause of the Fourteenth Amendment.

c) Order Defendant to provide all students with a formal acceptance or denial letter, as required by the ADA and the District of Columbia Human Rights Act.

d) Remove the "W" and "F" grades from Jane's transcripts for the course that Defendant enrolled her in without her consent.

e) Fire Attorney Avis Russell and discipline Pamela Butler, Christine L. Jones, and Matthew Fraidin for depriving disabled students of rights under the color of law.

f) Prohibit the Academic Resource Center (ARC) unlawful practice of sharing disabled students' private medical information with law school deans for the purpose of determining

18

accommodations. The responsibility for reviewing and approving accommodations should rest with ARC, as its staff is better equipped to understand the needs of disabled students.

g)  Award compensatory damages for Jane's emotional distress, financial losses, and academic harm;

h)  Award punitive damages of no less than $500,000 for Defendant's willful and malicious conduct, with the amount to be directed to the Color of Law Center nonprofit.

i)  Award Jane attorney's fees and costs; and

j)  Grant such other relief as this Court deems just and proper.


To the best of my knowledge, everything in this Complaint is true and I am not filing this Complaint to harass the Defendant(s). Superior Court Civil Rules 11(b).


Respectfully submitted,

/s/

_____ October 25, 2024

19



## Superior Court of the District of Columbia
### CIVIL DIVISION

**Check One:**

| | |
|---|---|
| ☐ | **Civil Actions Branch**<br>500 Indiana Ave., N.W.<br>Room 5000<br>Washington, D.C. 20001<br>Telephone: (202) 879-1133 |
| ☐ | **Landlord & Tenant Branch**<br>510 4th Street, N.W.<br>Room 110<br>Washington, D.C. 20001<br>Telephone: (202) 879-4879 |
| ☐ | **Small Claims & Conciliation Branch**<br>510 4th Street, N.W.<br>Room 119<br>Washington, D.C. 20001<br>Telephone: (202) 879-1120 |

_____
                    Plaintiff
              v.                              CASE NUMBER: _____

_____
                    Defendant

### ANSWER OF DEFENDANT

The defendant answers the claim(s) of plaintiff(s) as follows:

_____

_____

_____

_____

_____

_____

### SIGNATURE AND ADDRESS OF PARTY/ATTORNEY

_____          _____
Signature                          Date

_____          _____
Printed Name and Bar Number (if applicable)   Street Address

_____          _____
Email Address and Phone Number     City, State, Zip

### CERTIFICATE OF SERVICE

I hereby certify that on _____ (date), that a copy of this Answer was sent in the manner indicated to the party/parties in this case or their attorney(s) as listed below:

☐ E-served on or ☐ Mailed to (check one)

_____          _____
Name                               Name

_____          _____
Street Address                     Street Address

_____          _____
City, State, Zip                   City, State, Zip

_____          _____
Email Address and Phone Number     Email Address and Phone Number

Form CV(6)-451/Jan. 2020          Super. Ct. Civ. R. 12; Super Ct. L&T R. 5 & Super. Ct. SC R. 5

Superior Court of the District of Columbia
Civil Division
500 Indiana Avenue, N.W.
Room 5000
Washington, DC 20001

SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, D.C. 20001

OFFICIAL BUSINESS
PENALTY FOR MISUSE