IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No.  1:24-cv-03530-CJN |
| : | |
| UDC DAVID A. CLARKE : | |
| SCHOOL OF LAW, et al., : | |
| : | |
| Defendants. : | |

**DEFENDANT BOARD OF TRUSTEES OF THE UNIVERSITY OF THE DISTRICT OF COLUMBIA'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Pursuant to Local Civil Rule 7 of the United States District Court for the District of Columbia, Defendant Board of Trustees of the University of the District of Columbia ("University"), incorrectly named in the caption as "UDC David A. Clarke School of Law," hereby files its Opposition to Plaintiff's Motion to Remand ("Motion"). For the reasons set forth herein, Plaintiff's Motion must be denied.

As an initial matter, Plaintiff's Certificate of Service indicates that on January 2, 2025, Plaintiff filed her Motion with the Court's CM/ECF electronic filing system and served undersigned counsel by electronic mail. As indicated by the file-stamp, Plaintiff's Motion was received by the Court in hard copy. Per the Court's docket, it was uploaded by the Court to the docket on January 8, 2025. Contrary to Plaintiff's Certificate of Service, undersigned counsel did not receive a service copy of Plaintiff's Motion via email on January 2, 2025. Counsel received the Motion on January 8, 2025, when it was entered on the electronic docket by the Court.

## STATEMENT OF FACTS AND PROCEDURAL POSTURE

Plaintiff filed her initial Complaint against the University and a number of individual defendants in the District of Columbia Superior Court ("Superior Court") on October 18, 2024. *See Doe v. UDC David A. Clarke School of Law et al.*, Case No. 2024 CAB 006606 (D.C. Super. Ct.). Per the Superior Court's electronic docket, a Summons was issued on October 21, 2024 for the University only. *Id.* On October 25, 2024, Plaintiff filed an Amended Complaint in the Superior Court. *Id.*

On November 18, 2024, the University received, via mail, a Notice and Acknowledgment of Service form, along with a Summons addressed to the University, Notice of Remote Initial Scheduling Conference, Initial Order, Plaintiff's Complaint, Civil Information Sheet, Emergency Motion to Proceed Pseudonymously, Order Granting Plaintiff's Motion to Proceed Under Pseudonym, Plaintiff's Amended Complaint, and form Answer of Defendant. Declaration of Angela Gilmore ("Gilmore Dec.") ¶ 3. On November 26, 2024, counsel for the University executed the Notice and Acknowledgment of Service on behalf of the University. ECF 1-1.

On December 18, 2024, the University removed this matter from Superior Court to the United States District Court for the District of Columbia. ECF 1. Plaintiff filed the instant Motion on January 2, 2025.

## ARGUMENT

## PLAINTIFF'S MOTION FOR REMAND MUST BE DENIED

### I.     THE UNIVERSITY'S NOTICE OF REMOVAL WAS TIMELY FILED

A Notice of Removal is timely filed if it is filed within thirty (30) days after receipt of the initial pleading. *See* 28 U.S.C. § 1446(b); *Leake v. Alex Gen. Constr., LLC,* 2024 WL 960997, at *4 (D.D.C. Mar. 6, 2024). "'The Supreme Court has held that the 30-day period for removal

2

under 28 U.S.C. § 1446(b) does not run until a defendant is brought under the court's authority by formal service of process (or waiver of such service).'" *Mohammed v. Cooper*, 2023 WL 4547995, at *2 (D.D.C. July 14, 2023) (quoting *UMC Dev., LLC v. Dist. of Columbia.*, 982 F. Supp. 2d 13, 17 (D.D.C. 2013) and *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999)). "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as a defendant." *Murphy Bros.*, 526 U.S. at 350.

Plaintiff does not challenge this Court's subject matter jurisdiction over this action. *See generally* Pltf. Mtn. Rather, Plaintiff argues this case should be remanded to the Superior Court on the grounds the University's Notice of Removal was not timely because "it was not filed within 30 days of proper service of the summons." Pltf. Mtn. at 1. Plaintiff is incorrect.

As set forth in the University's Notice of Removal, the University received the Notice and Acknowledgment of Service, Summons, Complaint, and Amended Complaint via mail on November 18, 2024. *See* ECF 1 ¶ 4; *see also* Gilmore Dec. ¶ 3. Counsel for the University executed the Notice and Acknowledgement of Service on November 26, 2024, thereby agreeing on behalf of the University to waive service of the Summons and Complaint. *See* ECF 1-1. The University was not subject to the Court's jurisdiction until it agreed to waive service. *See Murphy Bros.*, 526 U.S. at 350. This notwithstanding, utilizing either the November 18, 2024 date or November 26, 2024 date, the University's Notice of Removal was timely filed within 30 days.

In support of her Motion, Plaintiff asserts "[s]ervice was completed when the summons and complaint were delivered to Defendant's address on or about November 13, 2024" based on a presumption that service occurs approximately three to five business days after mailing. *See*

3

Pltf. Mtn. at 1-3. Plaintiff provides no support for her conclusory assertion the University allegedly received the Summons and Complaint on November 13, 2024. A presumption of service within three to five business days only applies where the actual date of service is unknown. *See Brisbon v. Tischner*, 2022 WL 1521782, at *6 (D.D.C. May 13, 2022). That is not the case here, as noted above.

Accordingly, the University's Notice of Removal was timely filed and Plaintiff's Motion to Remand should be denied. *See, e.g., Shanks v. Int'l Union of Bricklayers & Allied Craftworkers,*, 2023 WL 4581435, at *2-3 (D.D.C. July 18, 2023) (finding notice of removal was timely where it was filed within 30 days of the date defendant received the complaint).

## II. PLAINTIFF'S ARGUMENTS CONCERNING THE ALLEGED MERITS OF HER LAWSUIT AND ALLEGED PREJUDICE DO NOT WARRANT REMAND

In further support of her Motion, Plaintiff argues the alleged merits of her Complaint, asserting she is prejudiced by removal, and further argues this Court "is not designed to efficiently handle pro se complaints, and the complexity of federal procedure disproportionately burdens Plaintiff, further compounding the prejudice caused by this removal." Pltf. Mtn. at 3-4.

Plaintiff's arguments have absolutely no bearing on whether this case was properly removed pursuant to 28 U.S.C. §§ 1441 and 1446 and should be rejected outright. Moreover, contrary to Plaintiff's representation, this Court often adjudicates claims brought by *pro se* plaintiffs. Plaintiff is bound by the court's rules, regardless of whether this case is litigated in Superior Court or this Court. *See, e.g., Greene v. Tenn. Bd. of Judicial Conduct*, 2024 WL 166020, at *1 (D.D.C. Jan. 10, 2024); *Lewis v. Werfel*, 2024 WL 111760, at *3 (D.D.C. Jan. 10, 2024). The fact that Plaintiff may not be familiar or comfortable with the rules of the federal court is not a basis to remand this matter. *See Baugh v. United States Capitol Police*, 2022 WL 2702325, at *2 n.2 (D.D.C. July 12, 2022) (noting plaintiff's argument that removal was

4

"procedurally deficient" because, among other things, her attorney was not a member of the Bar of the federal court "such that proceeding in this Court might 'compromise[] her fundamental right to sue'" was "meritless").

Accordingly, Plaintiff's Motion must be denied.

### III.    PLAINTIFF IS NOT ENTITLED TO FEES AND COSTS

In addition to remand, Plaintiff requests she be awarded costs and fees incurred as a result of the removal. Pltf. Mtn. at 4, Relief Requested. Plaintiff's request must be denied.

The removal statute permits, but does not require, a district court remanding the case to award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "'Absent unusual circumstances' . . . 'a district court may do so 'only if 'the removing party lacked an objectively reasonable basis for seeking removal.'"" *Colon v. Ashby*, 314 F. Supp. 3d 116, 125 (D.D.C. 2018) (quotations omitted).

As set forth above, Plaintiff does not dispute this Court has subject matter jurisdiction over this action. Moreover, as detailed above, the University's Notice of Removal was timely filed. Thus, the University had an objectively reasonable basis for seeking removal and, accordingly, an award of fees and costs is not appropriate. This notwithstanding, Plaintiff is *pro se* and, thus, should not have incurred attorneys fees as a result of removal, and Plaintiff did not incur any filing fees or court costs associated with the University's removal of this matter. The filing fee associated with removal was incurred by the University. *See* ECF 1.

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand must be denied in its entirety.

Respectfully submitted,

 /s/ Anessa Abrams
Anessa Abrams (Bar No. 448789)
aabrams@fordharrison.com
FordHarrison LLP
2000 M Street, N.W.
Suite 505
Washington, DC 20036
(202) 719-2000
(202) 719-2077 FAX
*Attorneys for Defendant*
*Board of Trustees of the University*
*of the District of Columbia*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January, 2025, I caused a true and correct copy of the foregoing **DEFENDANT BOARD OF TRUSTEES OF THE UNIVERSITY OF THE DISTRICT OF COLUMBIA'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** to be filed with the Court using the Court's CM/ECF electronic filing system and to be served by electronic mail and first-class United States mail, postage prepaid, upon the following:

Jane Doe
4301 50th Street, NW, Suite 300 #1140
Washington, DC 20016

*Pro Se Plaintiff*

 /s/ Anessa Abrams
Anessa Abrams

WSACTIVELLP:113891045.1

6