**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Jane Doe**,
Plaintiff,

**Civil Action No. 1:24-cv-03530-CJN**

v.

**UDC DAVID A. CLARKE SCHOOL OF LAW, et al.**,
Defendants.

## PLAINTIFF'S MOTION FOR SANCTION

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 11, I respectfully move this Court to impose sanctions against Defendant and their counsel, Anessa Abrams, for a flagrant lack of candor, willful misrepresentations of law and fact, and egregious, bad-faith litigation tactics. Attorney Abrams has knowingly submitted false and misleading statements in her Motion for Summary Judgment, misrepresenting both facts and legal precedent, in clear violation of her duty of candor to the Court. This is not an isolated instance of misconduct. As lead counsel for the Defendant in the 2022 Emergency Injunction proceedings, Attorney Abrams was fully aware that the statements in her Motion for Summary Judgment were false. During the 2022 hearing, she was compelled to admit to providing false information to the Court. Yet she continues this pattern by filing another knowingly deceptive motion, thereby obstructing justice, and wasting judicial resources. By presenting contradictory and legally unsound arguments, and fails to comply with

RECEIVED
FEB 18 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Local Rule 7(h). This tactic is not a matter of mere negligence, it is a deliberate attempt to mislead the Court.

**BACKGROUND**

In August 2022, I filed for and successfully obtained an Emergency Injunction in the Superior Court for the District of Columbia due to Defendant's violations of the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, and the D.C. Human Rights Act (DCHRA). Defendant was represented by Attorney Abrams, who knows the Defendant's failures to provide reasonable accommodations. As confirmed by the Emergency Injunction, despite this clear record, Attorney Abrams now submits a Motion for Summary Judgment containing statements she knows to be false.

**I. ARGUMENT**

**A. FILING FALSE STATEMENTS FOR AN IMPROPER PURPOSE**

Federal Rule of Civil Procedure 11(b)(1) prohibits filings made with the intent to harass, cause unnecessary delay, or needlessly increase litigation costs. Attorney Abrams's deliberate misrepresentation of facts was designed to frustrate my ability to litigate valid claims, mislead the Court into granting summary judgment based on false premises, and force me to incur expenses rebutting arguments she knew were false. Her actions demonstrate an intentional attempt to distort the record and misrepresent material facts that were conclusively adjudicated in 2022 (Complaint ¶8, 37, 40).

**B. DEFENDANT'S MOTION FAILS TO COMPLY WITH LOCAL RULE 7(h)**

As a partner in a law firm specializing in ADA defense, admitted to practice in the D.C. federal court, Attorney Abrams has never submitted a Motion for Summary Judgment without complying with Local Rule 7(h). Her conduct reflects blatant bias and discrimination against me, targeting my pro se status, my disability, and my financial limitations. This disregard is not only unethical but constitutes a direct attack on the principles of fairness and justice.

Local Rule 7(h), implemented in 2011, was designed to prevent exactly this type of misconduct, exploiting self-represented litigants' lack of legal knowledge to respond to misleading motions that obscure material disputes of fact. Under this rule, a party moving for summary judgment must submit a separate statement of material facts not in dispute, with specific citations to the record. Attorney Abrams brazenly refused to comply with this rule because doing so would expose her deception. A clear statement of undisputed facts would have made it evident that her claims are outright false. Instead, she engaged in deliberate obfuscation, making conclusory assertions, misrepresenting legal authorities, and citing cases that do not support her arguments, in an attempt to hide the truth. When drafting my opposition, I was forced to correct so many outright falsehoods that my response became excessively long. That was her precise intent, to force this Court and myself to waste time untangling her distortions rather than addressing the merits of the case. Furthermore, Attorney Abrams avoided filing a proper Answer to the Complaint, or filing a Local Rule 7h, for doing so would have compelled her either to admit the truth or to lie directly to the Court. Instead, she sought to evade accountability by hiding behind a meritless summary judgment motion filled with vague, misleading statements

rather than a clear presentation of material facts. *(Def.'s Mot. for Summary Judgment at ¶8, 11, 12, 13)*.

This Court adopted Local Rule 7(h) to hold attorneys to a higher standard and to protect against dishonest conduct towards pro ses. By knowingly submitting a procedurally deficient motion, Attorney Abrams has violated this rule under penalty of perjury. Her blatant disregard for procedural rules, her duty of candor, and for the truth itself warrants sanctions. The Court should not permit counsel to weaponize deceit to manipulate the outcome of this case. Allowing such misconduct sets a dangerous precedent and undermines the purpose of Local Rule 7(h), which was implemented to deter and prevent precisely this behavior. As the D.C. Circuit stated in *Shepherd v. American Broadcasting Companies, Inc.,* 62 F.3d 1469, 1474 (D.C. Cir. 1995), bad-faith conduct, including frivolous filings and abuse of procedure, is sanctionable under the Court's inherent powers. In failing to identify any material facts not in genuine dispute, Attorney Abrams effectively concedes that significant factual disputes remain, specifically:

**C. DEFENDANT EXPLICITLY ADMITTED MATERIAL FACTS**

Attorney Abrams cannot both admit material facts and then seek summary judgment with prejudice based on those same admissions. Attorney Abrams concede:

1. **No Effective Communications**:

I asserted that the Defendant ignored my request for accommodations, a request that was clearly labeled as, "This is a formal accommodation request under the ADA." The Defendant repeatedly ignored this request. Despite these words automatically triggers its legal obligation to process the request in accordance with the ADA and Section 504 of the

Rehabilitation Act." In fact, the Defendant admitted that it did not even provide the minimal standard of a written decision offer excuses to evade compliance, despite clear black-letter law. "Neither the ADA, Section 504, nor the DCHRA require the provision of a formal denial letter. See 42 U.S.C. § 12182(a); 29 U.S.C. § 794; D.C. Code § 2-1402.41. Because Plaintiff's entire claim rests on the premise that she did not receive such a letter, her complaint must be dismissed." - Def. Mot. for Summ. J. at p. 7. Defendant provided no explanation of how they effectively communicate only how they did not communicate. Thus, such silent denials, as recognized in *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1226 (11th Cir. 2016), constitute unlawful discrimination. See Pl.'s Mot. for Partial Summ. J P 3, 4.

**2. Undue delay and and Failure to Engage in a Timely Interactive Process:**

*See Pl.'s Mot. for Partial Summ. J P.5.* Defendant admits that it failed to prove it engaged in an interactive process. The defendant offer excuses to evade compliance, despite clear black-letter law. It claims that it is not required to notify students when their accommodation requests are denied; therefore, request constitutes a constructive to no interatctive process, this statement clearly violates, See 42 U.S.C. § 12182(a); 29 U.S.C. § 794; D.C. Code § 2-1402.41 28 C.F.R. § 35.130(b)(7). But Attorney Abrams lies to the court by saying, "Even if Plaintiff's accommodation request remained pending for nearly two years, courts have held that delay alone does not necessarily establish a violation of the ADA or Section 504. - Def. Mot. for Sum. Jud'g, at p. 9. Attorney Abrams misconstrues case law to justify Defendant's failure to engage in the interactive process.

She falsely cites *Matos v. DeVos,* an employment law case, claiming a two-year delay is acceptable. Even if this applied to employment law (which it does not), it blatantly violates the educational interactive process. Think about how absurd this is, a two-year wait is supposedly acceptable when a master's degree itself is two years and law school is only three years. If a student requires accommodations to access education, how is a two-year delay not an effective denial? No access. No due process. Just obstruction. The ADA does not permit indefinite delays. Abrams's argument isn't just misplaced, it's a deliberate distortion meant to mislead the Court and justify outright violates attroney code of conduct. Futhermore, *See, No Due Process, No Denial Letter, No Interactive Process: Equal No Due Process Under The 14Th Amendment Pl.'s Mot. for Partial Summ. J. P 5.*

**3. Inoperable Elevators Blocking Disability Access**:

For years, The Defendant conceded that the University's elevators were not functioning, making it impossible for students with disabilities to access classrooms since all the class rooms was on the 3rd and 5th floor. The defendant offer excuses to evade compliance, despite clear black-letter law. "While certain elevators at the University were inoperable during the period in question."- Def. Mot. for Summ. J., at p. 12.". Furthermore, the Defendant is aware that I provided legal notice to the Dean via email, stating that the inoperable elevators prevented me from accessing my classes. Under 28 C.F.R. § 35.133(a), institutions must maintain accessible facilities or provide reasonable alternative accommodations. There is only one way to interpret Defendant's Summary Judgment motion: the Defendant does not dispute the core factual basis of my claims but

instead argues that, even with these admissions, the violations are not legally actionable. Attorney Abrams's position effectively concedes that the Defendant believes my rights are "optional," a view rooted in bias against me as a disabled African American woman.

**D. Attorney Abrams Knowingly Made False Statements In Violation Of Rule 11.**

Under Rule 11(b) of the Federal Rules of Civil Procedure, an attorney must ensure that factual contentions have evidentiary support. Attorney Abrams had direct personal knowledge from the 2022 emergency injunction proceedings that Defendant failed to engage in the interactive process, ignored and rescinded accommodations, and permitted a physical barrier to remain in place (Complaint ¶37, 40). I was forced to hire lawyer to try to get the Defendant's to engage in the interactive process as explicitly stated in the Complaint ¶¶ 8, 37, 40. Furthermore, I always submitted formal requests, each explicitly labeled "Formal Reasonable Accommodation Request under ADA." This automatically triggers the defendant's legal duty to engage in an interactive process, which the defendant has repeatedly failed to fulfill. This conduct further proves that the Defendant's attorney is lying to the Court, which can be proven with discovery. By falsely stating that Defendant satisfied its obligations and that no issues remain in dispute, she misrepresents known facts. This is not a mere error; it is a deliberate attempt to deceive the Court, in violation of D.C. Rules of Professional Conduct Rule 3.1 (prohibiting frivolous arguments) and Rule 8.4(c) (prohibiting dishonesty). *See Pl.'s Opp'n Def.'s Mot. Summ. J.4, § III.*

**E. DEFENDANT'S UDC's Pattern of Non-Processing, Uncommunicated Revocations, and Constructive Denial of Accommodations**

Attorney Abrams is deliberately misrepresenting my statement to the Court by willfully taking it out of context. As defense counsel in the 2022 Emergency Injunction case, she is fully aware that my statement—"This complaint is not about UDC denying a reasonable accommodation request but about their failure to process my reasonable accommodation request"—is being distorted. She knows that I never received any communication regarding a denial or rescission of my accommodation request. **Ex. A B, C**

Attorney Abrams is deceiving the Court by conflating accommodations I actually received with those I was never granted and by misrepresenting the scope of defendant's failures. The facts show a clear pattern of non-responsiveness and constructive denial:

- **Failure to Process My Accommodation Requests Without Any Communication –** UDC ignored and failed to process three of my accommodation requests. There was no formal acknowledgment, no interactive process, and no explanation, violating fundamental disability accommodation obligations under the law. A failure to process is itself an unlawful denial. *See Hunt v. Aimco Props., L.P., 814 F.3d 1213, 1226 (11th Cir. 2016).*

- **Silent Denial of My Request to Reduce My Course Load from Five to Four Classes –** UDC did not merely deny this accommodation; it refused to communicate any decision to me or my attorney. There was no explanation, no interactive process, and no opportunity to address concerns, effectively barring me from accessing an accommodation critical to my education. A refusal to respond is a refusal to accommodate. *See Prindable v. Ass'n of Apt. Owners of 2987 Kalakaua, 304 F. Supp. 2d 1245, 1258 (D. Haw. 2003).*

- **Revocation of My Notetaker Accommodation Without Notice** – After I secured legal representation and UDC initially granted me a notetaker accommodation, UDC unilaterally revoked it without notice or explanation. I was left without critical support, forcing me to seek an emergency injunction. This was not an administrative oversight—it was a complete failure of due process and accommodation obligations. *See Anderson v. City of Blue Ash, 798 F.3d 338, 356 (6th Cir. 2015) (revoking a granted accommodation without justification can constitute discrimination)*.

For example; Email from Dean Smith (Sept. 19, 2022): Dean Smith stated that "UDC Law cannot honor" an electronic-format requirement because it was "not listed" on Plaintiff's accommodation letter. Email from Clayton McLaughlin (Sept. 19, 2022): Mr. McLaughlin expressed confusion at the notion that text-to-speech software would apply to exams, contradicting the plain purpose of Plaintiff's assistive technology. **Ex. B.** *See Pl.'s Opp'n Def.'s Mot. Summ. J. 6, § B.*

**F. DEFENSE COUNSEL'S REQUEST FOR DISMISSAL IS AN ATTEMPT TO CONCEAL MISCONDUCT.**

The Defendant's attorney is seeking dismissal to hide her deliberate misrepresentations to the Court in 2022, as detailed in my Complaint. I have specifically alleged that Defendant's counsel knowingly lied about material facts, and I intend to prove these falsehoods through discovery. Although I did not specifically name Anessa Abrams in the Complaint, she was one of the attorneys who lied, and she is doing so again in this matter. Attorneys have a duty of candor to the Court, and deliberate falsehoods undermine the judicial process (see *Chambers*, 501 U.S. at 44–45). Exploiting my pro se status to shield misconduct is both unethical and sanctionable

under Rule 11 of the Federal Rules of Civil Procedure. This dismissal request is a bad-faith attempt to avoid accountability; the case must proceed to uncover the truth and ensure justice. This strategy serves only to prevent a full airing of the facts, especially regarding the 2022 admissions and any subsequent retaliation (Complaint ¶8, 37, 40).

**G. THE DEFENDANT'S MOTION CONTAINS MATERIAL FALSEHOODS AND MISREPRESENTATIONS.**

Defendant's Motion for Summary Judgment relies on fictitious assertions, including:

1. **False Statements About Accommodations**: "Plaintiff was provided with all reasonable accommodations necessary to ensure her access to educational programs",- Defendant's blatantly misrepresenting the facts by falsely claiming that accommodations were provided to me without hiring two attorneys and file an emergency injunction just to secure the accommodations that the Defendant actively resisted. Attorney Abrams, fully aware of these facts during the 2022 proceedings, is complicit in this deception. Even more appalling, the Defendant continues to violate the 2022 settlement agreement by failing to provide the accommodations specified therein. Furthermore, subsequent accommodation requests I submitted after the emergency injunction in 2022 were entirely ignored, which is why I filed this Complaint in October 2024.
2. **Attorney Abrams's misrepresentations** to the Court falsely inflate the record by including accommodations that were never granted or that were revoked without warning. The law does not permit such deceptive tactics. The Defendant cannot "credit" itself for accommodations it never processed, never granted, or revoked in bad faith. The Court must

see through these distortions and recognize the Defendant's actions for what they are, a blatant failure to comply with legally mandated accommodation processes.

3. **False Assertion of Res Judicata**: Attorney Abrams falsely claims that my claims are barred by res judicata, deliberately being vague about the nature of the prior case to mislead the Court. Although the Defendant references a prior case, it intentionally omits the 2022 Superior Court matter—*Jane Doe v. UDC David A. Clarke School of Law*, 2022 CA 003965 B—which involved an emergency injunction, not a final adjudication on the merits. An emergency injunction is designed to address immediate, irreparable harm caused by the defendant and does not constitute a final judgment. See *Brown v. Felsen*, 442 U.S. 127, 139 n.10 (1979). The Defendant's lawyer, the same attorney from 2022, was aware of the injunction's limited scope yet mischaracterized it as a final judgment to falsely invoke res judicata. This is a deliberate attempt to mislead the Court. Furthermore, my Complaint details continued and escalating misconduct well after that litigation—specifically in Spring 2023, Fall 2023, and thereafter. As held in *Nat'l Post Office Mail Handlers v. Am. Postal Workers Union*, 907 F. Supp. 2d 219, 228 (D.D.C. 2012)., res judicata does not preclude claims based on new facts or ongoing misconduct. The earlier proceedings did not represent a final adjudication on all the issues now raised, particularly those involving retaliatory actions and procedural violations. Therefore, res judicata does not bar any of my claims. Attorney Abrams knowingly misled the Court by asserting this false claim.

4. **Improper Application of Employment Standards to Educational Interactive Process**. The defendant's reliance on Matos v. DeVos, 317 F. Supp. 3d 489, 499 (D.D.C. 2018) (aff'd, 2019 WL 2563721 (D.D.C. Cir. June 3, 2019)), is both misplaced and outrageous. In Matos,

the court addressed employment-related delays, Def. "Even if Plaintiff's accommodation request remained pending for nearly two years, courts have held that delay alone does not necessarily establish a violation of the ADA or Section 504." Mot. for Sum. Jud'g, at p. 9. Attorney Abrams foolishly implies that a two-year delay is acceptable in an educational context. This is unequivocally absurd. In a three-year law school program, a two-year delay in providing critical accommodations is not a minor procedural hiccup; it is a gross failure that continuously undermines the student's academic progress. Unlike in employment settings, where other factors may mitigate the harm of a short delay, every minute without proper accommodations in an academic setting inflicts ongoing, irreparable damage on the student's ability to learn and succeed. The defendant's argument not only misleads the court by applying a lenient employment standard to an entirely different context but also blatantly disregards the severe consequences imposed on a law student who depends on timely accommodations to meet rigorous academic demands.

5. **Ignoring Ongoing Retaliatory Actions**: As a unlawful legal tactic, as of February 12, 2025, the Defendant has threatened to rescind all of my accommodations, including those mandated by the court, effective April 1, 2025, as a direct and proximate result of my filing this lawsuit. I recently received an email from the Defendant demanding that I complete additional, excessive administrative paperwork that clearly violates the Americans with Disabilities Act (ADA) and imposes an undue burden. These additional administrative barriers are not imposed on other permanently disabled students at UDC. This demand serves as a pretext to falsely claim that I have failed to comply with procedural requirements.

According to guidance from the U.S. Department of Justice, requiring individuals with developmental and permanent disabilities to undergo recertification more frequently than every five years constitutes an undue burden. Nevertheless, the Defendant now insists that I undergo full recertification for my existing accommodations every semester. This is only one example of retaliation.

6. Attorney Abrams is willfully and repeatedly misleading the Court by disregarding clear documentary evidence, specifically, emails demonstrating ongoing issues, and falsely asserting that no problems exist. Her intentional misrepresentations constitute a serious violation of her duty of candor under Rule 3.3 of the D.C. Rules of Professional Conduct and directly undermine the integrity of these proceedings. Such bad-faith conduct not only obstructs justice but also necessitates the imposition of sanctions to prevent further abuse of the judicial process.

**H. DEFENSE COUNSEL'S ARGUMENT FOR LACK OF JURISDICTION IS CONTRADICTORY TO THEIR OWN DECISION TO REMOVE THIS CASE TO FEDERAL COURT.**

In their *Motion for Summary Judgment (Sec. III(A)),* Defendant argues that this Court lacks jurisdiction. This argument is inherently contradictory, given that the Defendant previously removed this case from state court to federal court under 28 U.S.C. § 1441, an act that asserts federal jurisdiction as explained in *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Such inconsistent and baseless assertions violate the prohibition against frivolous filings under Fed. R. Civ. P. 11(b)(2) (see *Harris v. McCaughtry*, 13 F.3d 920, 924 (D.C. Cir. 1994)) and further

evidence the Defendant's bad-faith litigation tactics As established in *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) and *D.C. Ret. Bd. v. United States*, 657 F. Supp. 428, 430 (D.D.C. 1987), a dismissal for lack of subject matter jurisdiction must be without prejudice. Yet Defendant's Motion requests dismissal with prejudice, revealing counsel's contradictory and frivolous stance.

**I. DISMISSING MY PRO SE COMPLAINT WITH PREJUDICE WITHOUT DISCOVERY IS OUTRAGEOUS.**

I have spent two and a half years documenting and recording the Defendant to preserve evidence, as stated in my Complaint. Yet, Attorney Abrams seeks to ignore all of this and urges the Court to unlawfully dismiss my pro se complaint with prejudice at the summary judgment stage, without allowing discovery. Such a dismissal is improper and violates *Haines v. Kerner*, 404 U.S. 519 (1972). Material facts remain in dispute, chief among them whether Defendant complied with its legal obligations in a timely manner and whether I was subjected to discrimination and retaliation. Under *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), a court must draw all justifiable inferences in favor of the nonmovant. That cannot happen if the case is dismissed prematurely.

**J. THE DEFENDANT'S CONDUCT WARRANTS SANCTIONS UNDER RULE 11**

Courts possess inherent authority to sanction attorneys and parties for bad-faith conduct. Rule 11 requires attorneys to ensure their filings are factually and legally grounded, not meant to harass or cause needless delay. Attorney Abrams's contradictory jurisdictional arguments, misrepresentations of material facts, and reliance on frivolous assertions like res judicata warrant sanctions.

**CONCLUSION**

Accordingly, I respectfully request that this Court:

1. Impose sanctions of $3,500 to compensate for the time and money wasted responding to Defendant's and Attorney Abrams's deliberate misrepresentations and abuse of the judicial process in their summary judgment motion.
2. Refer this matter to the D.C. Bar's Office of Disciplinary Counsel for review of potential ethical violations; and
3. Order any additional measures, including mandatory ethics training or a professional conduct review, to ensure that such misconduct does not recur.
4. Bar Defendant from filing an amendment to the Summary Judgment or another Summary Judgment until after discovery..

It is clear that the Defendant believes Judge Carl J. Nichols, as a conservative judge, will disregard the law and deny me any access to the court *(no discovery)* let alone meaningful access to the court that is guaranteed by the Fifth and Fourteenth Amendments due to my statues. However, **I have read Judge Carl J. Nichols's opinions, and I know he is a fair and honorable man who will not fall for defendant's bigotry games.** The Defendant believes she is guaranteed to receive preferential treatment as a white lawyer, while I, as a disabled, poor Black woman, am denied my rights. As a result, the Defendant has acted as though she is not bound by the basic requirements of a motion for summary judgment, believing she can misrepresent facts, treat her opinions as legal truths, and manipulate the applicable legal standards. Her conduct resembles that of a first-year law student writing a motion for summary judgment rather than that of a highly educated, ADA specialist seasoned partner at a law firm. She must be held accountable for her blatant disregard for legal and ethical obligations. The

Defendant's actions constitute a flagrant abuse of the judicial process and a deliberate attempt to subvert justice. Sanctioning this behavior is necessary to preserve the integrity of these proceedings and to send a clear message that the Court will not tolerate such misconduct.

**Respectfully submitted,**

/s/

Jane Doe
Pro Se Plaintiff
4301 50th Street, NW, Suite 300 #1140
Washington, DC 20016
Email: bellah29@gmail.com
Dated: February 18, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of February, 2025, I caused a true and correct copy of the foregoing PLAINTIFF'S MOTION FOR SANCTION to be mailed upon:

Anessa Abrams
(aabrams@fordharrison.com)
FordHarrison LLP
2000 M Street, N.W. Suite 505
Washington, DC 20036

/s/

Jane Doe

# EXHIBIT A

**Subject: Re: FW: Notice of ADA Complaint and UDC's Obligations Under Section 504, The Civil Rights Act, The D.C. Human Rights Act, Etc.**

Thu, Jul 14, 2022, 6:51 PM

to Ervin, Anthony

Anthony J. Ervin
This is an official email requesting extension of time on the seat deposit due July 15. UDC's ARC has not given me an answer to my reasonable accommodations request.

# EXHIBIT B

Mon, Sep 19, 2022, 5:20 PM

to Clayton, Erica

I don't need to use my text to speak. I forgot UDC gave me **Kurzweil 3000.** Of course, the Kurzweil 3000 was for exams.
I will be contacting the court because this is outrageous.

•••

---

**McLaughlin, Clayton** <cmclaughlin@udc.edu>    Mon, Sep 19, 2022, 8:15 PM

to Phylicia, me, Erica

Greetings,

Kurzweil is a text-to-voice software that allows students to take advantage of its reading capabilities and functionality. Therefore, I am confused when you say it is precisely for testing purposes. Dean Smith is correct when she stated that creating material to be electronically formatted is not listed as one of your approved accommodations. Ms. I have tried reaching out to you several times to schedule an appointment to discuss your accommodations. One of the reasons why we require an official intake process is to avoid any misunderstanding of the approved accommodations.

Please let me know if we can officially discuss your accommodations and concerns.

Best,

Clayton McLaughlin, MEd, LCPC, NCC
Disability Resource Center
University of the District of Columbia
4200 Connecticut Avenue, NW
Building 39, Room 102
Washington, DC 20008
Telephone Number: (202) 274-6190
Fax Number: (202) 274-5375
Email Address: cmclaughlin@udc.edu

# EXHIBIT C

Wed, Aug 17, 2022, 3:26 PM

Now they are refusing to send you these emails. It seems like they denied my criminal law accommodation by ignoring it. Now I have to take 15 credits.

.

•••

---------- Forwarded message ---------
From: **McLaughlin, Clayton** <cmclaughlin@udc.edu>
Date: Wed, Aug 17, 2022 at 3:16 PM
Subject: Accommodation Letter
To: Smith, Erica <erica.smith4@udc.edu>, Young-Jones, Loretta <loretta.youngjones@udc.edu>

Greetings,

Current accommodation for

Best,

Clayton McLaughlin, MEd, LCPC, NCC
Disability Resource Center
University of the District of Columbia
4200 Connecticut Avenue, NW
Building 39, Room 102
Washington, DC 20008
Telephone Number: (202) 274-6190
Fax Number: (202) 274-5375
Email Address: cmclaughlin@udc.edu