# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | :   Civil Action No. 1:24-cv-03530-CJN |
| | : |
| UDC DAVID A. CLARKE SCHOOL OF LAW, et al., | : |
| | : |
|     Defendants. | : |

## DEFENDANT BOARD OF TRUSTEES OF THE UNIVERSITY OF THE DISTRICT OF COLUMBIA'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

Anessa Abrams (DC Bar No. 448789)
aabrams@fordharrison.com
**FORDHARRISON LLP**
2000 M Street, N.W., Suite 505
Washington, DC 20036
(202) 719-2000
(202) 719-2077 (facsimile)

*Attorney for Defendant*
*Board of Trustees of the University of the*
*District of Columbia*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................ ii

LEGAL STANDARD....................................................................................................................1

ARGUMENT..................................................................................................................................2

    I.      PLAINTIFF FAILED TO COMPLY WITH THE PROCEDURAL
           REQUIREMENTS OF RULE 11 AND THE MOTION SHOULD
           THEREFORE BE DENIED ........................................................................................2

    II.     PLAINTIFF'S MOTION SHOULD BE DENIED ON THE MERITS.........................3

           A.  Plaintiff's Motion Fails to Demonstrate a Violation of Rule 11 ..............................3

                 i.        Plaintiff's Motion is Based on Her Fundamental
                         Misunderstanding of the University's Motion to Dismiss ...........................3

                 ii.       The University Has Not Conceded Any Facts .............................................5

                 iii.      A Motion for Sanctions is Not the Proper Vehicle for
                         Disposing of the University's Motion to Dismiss........................................7

           B.  The University's Motion to Dismiss Plaintiff's Failure to
              Accommodate Claims Does Not Warrant Sanctions ................................................8

           C.  The University's Motion to Dismiss Plaintiff's Complaint
              Based on *Res Judicata* Does Not Warrant Sanctions...............................................9

           D.  The University's Motion to Dismiss Plaintiff's Retaliation
              Claim Does Not Warrant Sanctions ........................................................................11

           E.  The University Has Not Argued Lack of Jurisdiction ............................................12

CONCLUSION.............................................................................................................................12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ahuruonye v. United States Dep't of Interior*,
  312 F. Supp. 3d 1 (D.D.C. 2018) ............................................................................................. 7

*BEG Invs., LLC v. Alberti*,
  85 F. Supp. 3d 13 (D.D.C. 2015) ............................................................................................. 7

*Bowrin v. Dist. of Columbia*,
  2023 WL 9000494 (D.D.C. Dec. 28, 2023) .......................................................................... 4, 5

*Brown v. Trinity Washington Univ.*,
  2023 WL 2571729 (D.D.C. Mar. 20, 2023) ............................................................................. 9

*Chenari v. George Washington Univ.*,
  172 F. Supp. 3d 38 (D.D.C. 2016), *aff'd,* 847 F.3d 740 (D.C. Cir. 2017) ................................ 5

*Cobell v. Norton*,
  157 F. Supp. 2d 82 (D.D.C. 2001) ....................................................................................... 1, 7

*Cobell v. Norton*,
  211 F.R.D. 7 (D.D.C. 2002) ..................................................................................................... 7

*Cooter & Gell v. Hartmarx Corp.*,
  496 U.S. 384 (1990) ................................................................................................................. 7

*Edwards v. Best Buy Co., Inc.*,
  2021 WL 4399562 (D.D.C. Sept. 27, 2021), *aff'd,* 2022 WL 566484
  (D.C. Cir. Feb. 22, 2022) ................................................................................................. 10, 11

*Goldberg. Marchesano. Kohlman. Inc. v. Old Republic Sur. Co.*,
  727 A.2d 858 (D.C. 1999) ....................................................................................................... 3

*Goldschmidt v. Paley Rothman Goldstein Rosenberg & Cooper, Chartered*,
  935 A.2d 362 (D.C. 2007) ....................................................................................................... 3

*Haymon v. Dist. of Columbia*,
  610 F. Supp. 3d 101 (D.D.C. 2022) ....................................................................................... 11

*In re Carvalho*,
  598 B.R. 356 (D.D.C. 2019) .................................................................................................... 2

*Karadzic v. Gacki*,
  2024 WL 4253132 (D.D.C. Sept. 20, 2024) .................................................................... 4, 5, 7

*Lenkiewicz v. Castro*,
    146 F. Supp. 3d 46 (D.D.C. 2015) ...................................................................................... 9

*Nat'l Postal Prof'l Nurses v. U.S. Postal Serv.*,
    461 F. Supp. 2d 24 (D.D.C. 2006) .................................................................................... 11

*\*Pantazes v. Jackson*,
    366 F. Supp. 2d 57 (D.D.C. 2005) ................................................................................... 5, 8

*Perry v. Int'l Bhd. of Teamsters*,
    247 F. Supp. 3d 1 (D.D.C. 2017) ..................................................................................... 2, 8

*\*Thomas v. Dist. of Columbia*,
    2023 WL 2610512 (D.D.C. Mar. 23, 2023) .......................................................................... 6

*United States v. Clark*,
    977 F.3d 1283 (D.C. Cir. 2020), *cert. denied,* 141 S. Ct. 1506 (2021) ..................................... 10

*\*Ward v. McDonald*,
    762 F.3d 24 (D.C. Cir. 2014), *cert. denied,* 577 U.S. 818 (2015) .......................................... 5, 8

*Woodruff v. LaHood*,
    777 F. Supp. 2d 33 (D.D.C. 2011) ...................................................................................... 9

**Statutes**

29 U.S.C. § 794 .............................................................................................................. 5, 8

42 U.S.C. § 12182(a) ...................................................................................................... 5, 8

D.C. Code § 2-1402.41 ................................................................................................... 5, 8

**Other Authorities**

29 C.F.R. § 1630.2(o)(3) ................................................................................................. 5, 8

Fed. R. Civ. P. 11(b)(1) ...................................................................................................... 1

Fed. R. Civ. P. 11(b)(2) ...................................................................................................... 1

Fed. R. Civ. P. 11(b)(3) ...................................................................................................... 1

Fed. R. Civ. P. 11(c)(1) ................................................................................................... 1, 2

Fed. R. Civ. P. 12(b)(6) ................................................................................................... 5, 7

Defendant Board of Trustees of the University of the District of Columbia ("University"), incorrectly named in the caption as UDC David A. Clarke School of Law, hereby files its opposition to Plaintiff Jane Doe's ("Plaintiff") Motion for Sanctions (ECF No. 18, hereinafter "Motion"). Plaintiff's Motion should be denied because 1) she has failed to comply with the procedural requirements of Rule 11, 2) Plaintiff's Motion fails to demonstrate a violation of Rule 11 warranting sanctions, and 3) Plaintiff improperly premises her request for sanctions on her disagreement with the merits of the University's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 13).

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 11 authorizes a court to impose sanctions on a party who files a pleading for an improper purpose, such as to harass the opposing party, delay the proceedings, or increase the expense of litigation. Fed R. Civ. P. 11(b), (c). Sanctions under Rule 11 may be appropriate if the Court finds that a document has been presented for an improper purpose, Fed R. Civ. P. 11(b)(1); the claims or defenses of the signer are not supported by existing law or by a good-faith argument for an extension or change in existing law, Fed R. Civ. P. 11(b)(2); or the allegations and other factual statements lack evidentiary support or are unlikely to do so after a reasonable opportunity for investigation. Fed. R. Civ. P. 11(b)(3). The purpose of Rule 11 is to "protect the court from frivolous and baseless filings that are not well grounded, legally untenable, or brought with the purpose of vexatiously multiplying the proceedings." *Cobell v. Norton,* 157 F. Supp. 2d 82, 86 n.8 (D.D.C. 2001).

After notice and opportunity to respond, courts finding a Rule 11(b) violation may impose appropriate sanctions. Fed R. Civ. P. 11(c)(1). "Courts do not impose Rule 11 sanctions lightly; such sanctions are an extreme punishment for filing pleadings that frustrate judicial

proceedings or that are filed to harass another party." *In re Carvalho*, 598 B.R. 356, 363 (D.D.C. 2019) (internal citations and quotations omitted).

## ARGUMENT

**I.   PLAINTIFF FAILED TO COMPLY WITH THE PROCEDURAL REQUIREMENTS OF RULE 11 AND THE MOTION SHOULD THEREFORE BE DENIED.**

Rule 11(c)(2) provides that "a party seeking sanctions shall serve notice on their opposition of their intent to ask the court for sanctions, and give the opposing party twenty-one days to withdraw the 'challenged paper, claim, defense, contention, or denial.'" *Perry v. Int'l Bhd. of Teamsters*, 247 F. Supp. 3d 1, 17 (D.D.C. 2017) (citing Fed. R. Civ. P. 11(c)(2)). A Rule 11 motion must be served on opposing counsel in accordance with Rule 5 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 11(c)(2).

Plaintiff has failed to comply with these requirements and her Motion should be denied outright. Plaintiff failed to provide the University with 21-days' notice prior to filing the Motion and never served the Motion on undersigned counsel in accordance with Rule 5. Rather, Plaintiff filed the Motion with the Court on February 18, 2025, with no prior notice to undersigned counsel regarding her intention to seek Rule 11 sanctions. While Plaintiff indicated in her Opposition to Motion for Summary Judgment (ECF No. 16)[1] that she had filed a motion for sanctions, this does not constitute proper service in accordance with Rule 5 and did not provide the University with the 21-day "safe harbor."[2] In fact, despite Plaintiff's Certificate of Service attached to her Motion, as of the filing of this Opposition, undersigned counsel for the University

---

[1] Plaintiff filed an "Opposition to Motion for Summary Judgment" in response to the University's Motion to Dismiss (ECF No. 13).

[2] Plaintiff filed ECF No. 16 on February 10, 2025 and this Motion on February 18, 2025.

2

has not received a service copy of Plaintiff's Motion. Undersigned counsel received the Motion when it was uploaded by the Court to the electronic docket on February 19, 2025.

Thus, the Court should dismiss Plaintiff's Motion for Sanctions as it is procedurally defective. *See Goldschmidt v. Paley Rothman Goldstein Rosenberg & Cooper, Chartered*, 935 A.2d 362, 379 (D.C. 2007) (explaining that a Rule 11 motion should be denied if the non-moving party is not provided with the 21-day safe harbor); *Goldberg. Marchesano. Kohlman. Inc. v. Old Republic Sur. Co.*, 727 A.2d 858, 864 (D.C. 1999) ("[Plaintiff's] motion for sanctions must fail, both because it was untimely, and because there was no formal service of the motion to opposing counsel.").

## II.   PLAINTIFF'S MOTION SHOULD BE DENIED ON THE MERITS.

Even if Plaintiff's Motion were properly before the Court, which it is not, Plaintiff's Motion should be denied as she fails to demonstrate any violation of Rule 11 warranting sanctions.

### A.   Plaintiff's Motion Fails to Demonstrate a Violation of Rule 11.

*i.   Plaintiff's Motion is Based on Her Fundamental Misunderstanding of the University's Motion to Dismiss.*

Plaintiff accuses undersigned counsel of "misrepresenting facts", misleading "the court into granting summary judgment", attempting "to conceal misconduct", and submitting "a Motion for Summary Judgment containing statements she knows to be false". Motion at 2, 7, 9. Plaintiff's accusations of misconduct and misrepresentation are predicated on Plaintiff's flagrant

3

misunderstanding of the appropriate legal standard for a Rule 12(b)(6) motion, to which the University adhered in its Motion to Dismiss (ECF No. 13).[3]

Plaintiff incorrectly alleges the University failed to comply with Local Civil Rule 7(h), Motion at 2-3, which is not required on a motion to dismiss. Additionally, Plaintiff repeatedly refers to her 2022 lawsuit against the University in her Motion, stating that undersigned counsel failed to consider evidence and information from the 2022 lawsuit in the instant case. *See* Motion at 1 ("As lead counsel for the Defendant in the 2022 Emergency Injunction proceedings, Attorney Abrams was fully aware that the statements in her Motion for Summary Judgment were false"); 2 ("In August 2022, I filed for and successfully obtained an Emergency Injunction… Attorney Abrams now submits a Motion for Summary Judgment containing statements she knows to be false"); 2 ("Her actions demonstrate an intentional attempt to distort the record and misrepresent material facts that were conclusively adjudicated in 2022"); 7 ("Attorney Abrams had direct personal knowledge from the 2022 Emergency Injunction proceedings…"); 8 ("As defense counsel in the 2022 Emergency Injunction case, she is fully aware that my statement… is being distorted."); 9 ("The Defendant's attorney is seeking dismissal to hide her deliberate misrepresentations to the Court in 2022…"); 10 ("Attorney Abrams, fully aware of these facts during the 2022 proceedings, is complicit in this deception."). Plaintiff's arguments must be rejected outright as, under Rule 12(b)(6), the University is obligated to accept as true the factual allegations contained *solely within Plaintiff's Amended Complaint*. *See Karadzic v. Gacki*, 2024 WL 4253132, at *3 (D.D.C. Sept. 20, 2024); *see also Bowrin v. Dist. of Columbia*, 2023 WL 9000494, at *2 (D.D.C. Dec. 28, 2023) (on a motion to dismiss, the Court is not tasked with

---

[3] Throughout Plaintiff's Motion, she refers to the University's Motion to Dismiss (ECF No. 13) as a motion for summary judgment and attempts to hold the University to the legal standard required under a motion for summary judgment.

determining whether genuine issues of material fact exist. Rather, the Court is tasked with assessing whether Plaintiff plead a claim for relief that is plausible on its face.).

        ii.        *The University Has Not Conceded Any Facts.*

Plaintiff further asserts undersigned counsel should be sanctioned because the University "cannot both admit material facts and then seek summary judgment with prejudice based on those same admissions". Motion at 4. Plaintiff's arguments that the University conceded material facts are also unfounded, as on a motion to dismiss, the Court is required to "presume the truth of the complaint's factual allegations under Rule 12(b)(6) …but need not accept as true a legal conclusion couched as a factual allegation, nor inferences [that] are unsupported by the facts set out in the complaint." *Karadzic*, 2024 WL 4253132, at *3 (internal quotations and citations omitted).

First, Plaintiff argues the University conceded that it did not effectively communicate with her regarding her request for accommodations as it did not provide her with a formal denial letter. Motion at 4-5. However, the University made no such concession. As explained in the University's Motion to Dismiss, it was not required to provide Plaintiff with a formal denial letter as neither the ADA, Section 504, nor the DCHRA require the provision of a formal denial letter. *See* 42 U.S.C. § 12182(a); 29 U.S.C. § 794; D.C. Code § 2-1402.41; *see also Pantazes v. Jackson*, 366 F. Supp. 2d 57, 70 (D.D.C. 2005) (noting that determination of accommodations is a "flexible" process between the employer and employee); 29 C.F.R. § 1630.2(o)(3) (stating that determining reasonable accommodations simply requires the entity to undergo an informal process); *Ward v. McDonald*, 762 F.3d 24, 32 (D.C. Cir. 2014), *cert. denied,* 577 U.S. 818 (2015) (stating that accommodation request can be considered denied when the interactive process ends); *Chenari v. George Washington Univ.*, 172 F. Supp. 3d 38, 55 (D.D.C. 2016), *aff'd*, 847 F.3d 740 (D.C. Cir. 2017) (awarding summary judgment on failure to accommodate

5

claim where defendant showed that dean of university had personally met with plaintiff to discuss a plan to accommodate student's disability). Plaintiff fails to cite any caselaw to establish any contrary assertion.

Second, Plaintiff contends the University "admits that it failed to prove it engaged in the interactive process". Motion at 5. Aside from the fact the University made no such admission, and that the University is not required to prove anything in a motion to dismiss, this argument does not lend any support to Plaintiff's claims for failure to accommodate as "there is no independent cause of action for failure to engage in the interactive process". *See Thomas v. Dist. of Columbia*, 2023 WL 2610512, at *7 (D.D.C. Mar. 23, 2023). Moreover, Plaintiff's disagreement with legal authority relied upon by the University in its Motion to Dismiss, Motion at 5-6, does not warrant the imposition of Rule 11 sanctions.

Third, Plaintiff asserts the University conceded the University's elevators were not functioning, Motion at 6-7, and seemingly points to a quote in the University's Motion to Dismiss that does not exist. *See* Motion at 6 ("While certain elevators at the University were inoperable during the period in question") ("citing Def. Mot. for Summ. J., at p. 12"). Further, Plaintiff's statement that she raised the elevator issue with the Dean via email, notifying her that the inoperable elevators prevented her from accessing classes, Motion at 6, is not alleged in her Amended Complaint. Indeed, Plaintiff's Amended Complaint merely states in conclusory fashion that "many physically disabled students were denied access to their classes", Amended Compl. ¶ 32, but makes no mention that Plaintiff was not able to access her classes due to the elevators.

The University correctly accepted the factual allegations in Plaintiff's Amended Complaint as true, and Plaintiff's assertions that the University conceded facts is wholly

6

incorrect. *See Karadzic*, 2024 WL 4253132, at *3; *see also BEG Invs., LLC v. Alberti*, 85 F. Supp. 3d 13, 49 (D.D.C. 2015) ("Rule 11 is designed to ensure that allegations made in a filing 'are supported by a sufficient factual predicate *at the time that the claims are asserted.*'") (emphasis in original).

### iii. A Motion for Sanctions is Not the Proper Vehicle for Disposing of the University's Motion to Dismiss.

Plaintiff's Motion is built on her disagreement with the University's arguments in its Motion to Dismiss. However, Plaintiff's disagreement with or misinterpretation of the University's arguments does not justify the imposition of sanctions. *Ahuruonye v. United States Dep't of Interior*, 312 F. Supp. 3d 1, 25-26 (D.D.C. 2018) (finding that plaintiff cannot request sanctions as an attempt to dispute the tenable legal arguments asserted by the defendants in their motion to dismiss); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) ("The imposition of a Rule 11 sanction is not a judgment on the merits of an action."). The University's Motion to Dismiss properly challenges deficiencies in Plaintiff's Amended Complaint, which is the purpose of a Rule 12(b)(6) motion. Plaintiff's motion for sanctions, based on her belief that the University is incorrect about the sufficiency of her claims, is nothing more than an attempt to achieve a result that the Court is already set to address when it rules on the University's Motion to Dismiss (ECF No. 13).

The University's Motion to Dismiss was filed in good faith and is supported by non-frivolous legal arguments, and undersigned counsel should not be sanctioned for adhering to the established framework for a motion to dismiss. *Cobell,* 157 F. Supp. 2d at 86 n.8; *Cobell v. Norton*, 211 F.R.D. 7, 10 (D.D.C. 2002) (The purpose of Rule 11 is to "protect the court from frivolous and baseless filings that are not well grounded, legally untenable, or brought with the purpose of vexatiously multiplying the proceedings."). Plaintiff has not set forth any facts or

7

legal arguments that support her request for the Court to issue sanctions against undersigned counsel. *See Perry*, 247 F. Supp. 3d at 8 (Rule 11 sanctions are warranted only where "a pleading is not well grounded in fact, not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or is interposed for any improper purpose".). Accordingly, Plaintiff fails to demonstrate any violation of Rule 11, and her Motion must be denied.

### B. The University's Motion to Dismiss Plaintiff's Failure to Accommodate Claims Does Not Warrant Sanctions.

Plaintiff seeks sanctions against undersigned counsel for moving to dismiss her failure to accommodate claims. Motion at 8-9, 12. Specifically, Plaintiff claims the University 1) failed to process her accommodation requests without any communication, 2) denied her request to reduce her course load, and 3) unilaterally revoked her notetaking accommodations. Motion at 8-9. Plaintiff argues the University did not provide formal acknowledgment of her request for accommodations or engage in the interactive process. *Id*. However, as set forth in the University's Motion to Dismiss, neither the ADA, Section 504, nor the DCHRA require the provision of a formal denial letter. *See* 42 U.S.C. § 12182(a); 29 U.S.C. § 794; D.C. Code § 2-1402.41; *see also Pantazes*, 366 F. Supp. 2d at 70 (noting that determination of accommodations is a "flexible" process between the employer and employee); 29 C.F.R. § 1630.2(*o*)(3) (stating that determining reasonable accommodations simply requires the entity to undergo an informal process); *Ward*, 762 F.3d at 32 (stating that accommodation request can be considered denied when the interactive process ends).

Though Plaintiff argues the University did not provide her with any "formal" acknowledgement or engage in the interactive process, Plaintiff continually contradicts herself and admits the University did, indeed, engage with her regarding her accommodation requests.

8

*See* Motion at 9 (stating that the Dean emailed her regarding her approved accommodations for test taking); 12 (indicating the University emailed her regarding her accommodations). Plaintiff further admits the University engaged in the interactive process by meeting with her in person and explaining the University's accommodation request procedure through ARC. Pltf. Am. Compl. ¶¶ 15, 18; *see Woodruff v. LaHood*, 777 F. Supp. 2d 33, 41-42 (D.D.C. 2011) (employers show their good faith in the interactive process in a number of ways, including "meet[ing] with the employee who requests an accommodation" and "show[ing] some sign of having considered employee's request"). The University also provided accommodations following the interactive process by providing Plaintiff with notetaking software and a reduced courseload, Pltf. Am. Compl. ¶¶ 12, 23, and by requesting accommodation paperwork from Plaintiff. *See* Motion at 12; *see Brown v. Trinity Washington Univ.*, 2023 WL 2571729, at *5 (D.D.C. Mar. 20, 2023) (explaining that the student must provide the school with "enough information that, under the circumstances, the [school] can be fairly said to know of both the disability and desire for an accommodation".); *see also Lenkiewicz v. Castro*, 146 F. Supp. 3d 46, 55 (D.D.C. 2015) (stating that both parties must make reasonable efforts "to help the other party determine what specific accommodations are necessary").

Given the foregoing, Plaintiff cannot establish that the University's motion to dismiss Plaintiff's claim for failure to accommodate is sanctionable under Rule 11.

**C. The University's Motion to Dismiss Plaintiff's Complaint Based on *Res Judicata* Does Not Warrant Sanctions.**

Plaintiff seeks sanctions against undersigned counsel for moving to dismiss certain of Plaintiff's claims under the doctrine of *res judicata*. Motion at 11. Plaintiff argues the University "intentionally omits the 2022 Superior Court matter" (Case number 2022-CA-003965), which she contends was an emergency injunction and not a final adjudication on the merits and is

9

therefore not barred by *res judicata*. Plaintiff is incorrect that the University omitted the 2022 court case from its Motion to Dismiss as this is precisely the lawsuit the University argued creates an issue of *res judicata*. See ECF No. 13 at 10-14; (hereinafter the 2022 lawsuit is referred to as *Jane Doe I*). *Jane Doe I* was fully adjudicated on the merits as the court issued an order on October 6, 2022 dismissing the case. *United States v. Clark*, 977 F.3d 1283, 1287 (D.C. Cir. 2020), *cert. denied,* 141 S. Ct. 1506 (2021) (considering an order "final" if it "terminates" the case and leaves nothing for the court "but [to] execute the judgment.").  Further, Plaintiff's request for an emergency injunction as part of *Jane Doe I* does not negate the fact that Plaintiff filed suit and served a complaint and summons upon the University regarding some of the same causes of action in her current lawsuit. Specifically, in *Jane Doe I,* she alleged that the University discriminated against her based on her alleged disability and failed to provide reasonable accommodations in violation of the ADA and Rehabilitation Act. *See Jane Doe I*. In support of her claims in the 2022 litigation, Plaintiff alleged she never received a formal denial letter from ARC regarding her requested accommodations, including her request to reduce her courseload to 12 credits, and that the University had been delayed in providing her with approved notetaking software. *Id*. In the instant litigation, Plaintiff again alleges the University failed to accommodate her requested courseload, delayed her access to notetaking software, and did not provide her with any formal denial letters. *See generally* Am. Compl. Thus, as argued in the University's Motion to Dismiss, *Jane Doe I* is based on the "same nucleus of facts" – Plaintiff's assertion that the University has failed to provide her with formal denial letters and delayed providing her with reasonable accommodations. *Edwards v. Best Buy Co., Inc.*, 2021 WL 4399562, at *8 (D.D.C. Sept. 27, 2021), *aff'd*, 2022 WL 566484 (D.C. Cir. Feb. 22, 2022) ("Res judicata acts as a bar not only to the specific legal claims that were raised in the prior case,

10

but also to any legal claims that 'could have been raised' based on the same transaction or occurrence.") (quotation omitted). Contrary to Plaintiff's assertion, Motion at 11, the University did not argue in its Motion to Dismiss that alleged denials of requests for accommodation that occurred after *Jane Doe I* are barred by *res judicata.*

Accordingly, Plaintiff's accusation that undersigned counsel misled the Court by asserting *res judicata* is improper and does not warrant sanctions under Rule 11.

### D. The University's Motion to Dismiss Plaintiff's Retaliation Claim Does Not Warrant Sanctions.

Plaintiff seeks sanctions against undersigned counsel for moving to dismiss Plaintiff's retaliation claims. Plaintiff brings forth new allegations, contending the University has threatened to rescind her accommodations as a result of her lawsuit, and that the University has recently emailed her requesting additional administrative paperwork regarding her accommodations. Motion at 12. She further argues "Attorney Abrams is willfully and repeatedly misleading the Court by disregarding clear documentary evidence, specifically, emails demonstrating ongoing issues, and falsely asserting that no problems exist". *Id*. at 13.

Plaintiff fails to demonstrate how or why sanctions should be ordered against undersigned counsel based on alleged "recent" emails between Plaintiff and the University to which undersigned counsel is not a party and has not seen as discovery has not yet commenced. The University's Motion to Dismiss Plaintiff's retaliation claims was based solely on the facts alleged within Plaintiff's Amended Complaint. *Haymon v. Dist. of Columbia,* 610 F. Supp. 3d 101, 108 (D.D.C. 2022) ("In assessing a Rule 12(b)(6) motion, a court may generally consider only 'the facts contained within the four corners of the complaint'.") (quoting *Nat'l Postal Prof'l Nurses v. U.S. Postal Serv.*, 461 F. Supp. 2d 24, 28 (D.D.C. 2006)). Plaintiff does not have a basis to request sanctions based on new alleged facts.

11

### E.    The University Has Not Argued Lack of Jurisdiction.

Citing Section III(A) of the University's "Motion for Summary Judgment," Plaintiff contends the University argued this Court lacks jurisdiction, which Plaintiff asserts is "inherently contradictory, given that the Defendant previously removed this case from state court to federal court . . ." Motion at 13 (citing "Motion for Summary Judgment (Sec. III(A))"). However, the University's Motion to Dismiss does not contain a Section III(A), and nowhere in the Motion to Dismiss does the University argue lack of jurisdiction. Plaintiff's assertion that the University has made a "frivolous" jurisdictional argument, *see* Motion at 13-14, is therefore baseless and without merit, and Plaintiff is not entitled to sanctions based on this argument.

### CONCLUSION

For the foregoing reasons, the University respectfully requests that the Court deny Plaintiff's Motion for Sanctions in its entirety, direct that Plaintiff refrain from filing frivolous motions that attack the University or its counsel, award the University attorney's fees incurred pursuant to Rule 11(c)(2), and issue any other relief deemed appropriate.

Respectfully submitted,

 */s/ Anessa Abrams*
Anessa Abrams (DC Bar No. 448789)
aabrams@fordharrison.com
**FORDHARRISON LLP**
2000 M Street, N.W., Suite 505
Washington, DC 20036
(202) 719-2000
(202) 719-2077 (facsimile)

*Attorney for Defendant
Board of Trustees of the
University of the District of Columbia*

12

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of March, 2025, I caused a true and correct copy of the foregoing **DEFENDANT BOARD OF TRUSTEES OF THE UNIVERSITY OF THE DISTRICT OF COLUMBIA'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS** to be filed with the Court using the Court's CM/ECF electronic filing system and to be served by electronic mail and first-class United States mail, postage prepaid, upon the following:

Jane Doe
4301 50th Street, NW, Suite 300 #1140
Washington, DC 20016

*Pro Se Plaintiff*

/s/ Anessa Abrams
Anessa Abrams

WSACTIVELLP:113991564.1