UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Jane Doe**,
Plaintiff,

                         **Civil Action No. 1:24-cv-03530-CJN**

v.

**UDC DAVID A. CLARKE SCHOOL OF LAW, et al**.,
Defendants.

## EMERGENCY PRELIMINARY INJUNCTION

I respectfully submit this Emergency Preliminary Injunction under the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and the D.C. Human Rights Act (DCHRA). I have repeatedly demanded the reasonable accommodations to which I am legally entitled or why not, yet the Defendant continues to willfully disregard these requests. The Defendant's blatant and ongoing violation of the law has directly resulted in foreseeable physical harm, as evidenced by the accident last night at UDC Law School. The Defendant is directly responsible for this harm due to its deliberate failure to provide accommodations in defiance of clear medical recommendations. This unlawful conduct must be halted immediately. Yet, the Defendant refuses to comply with the law absent a court order, as demonstrated by its prior violations and the necessity of the 2022 Emergency Preliminary Injunction.

**I. UDC Law School's Ongoing and Unlawful Denial of Disability Accommodations Has Caused Severe Harm**

From Spring 2023 through Spring 2025, I sought accommodations based disability with doctors' letters. All accommodation requests were ignored—no acknowledgment, no reason why, no effective communication, no interactive process, and no due process.

I resubmitted my reasonable accommodation request in Spring 2025, supported by a medical doctor's statement following a motor vehicle accident that resulted in a concussion. I began to suffer substantial physical pain from prolonged sitting and exposure to bright light. In response, I resubmitted my accommodation request, narrowly tailored to permit online access for three-hour classes instead of attending three-hour physical classes. This request was supported by medical documentation and communicated clearly to the Defendant. Additionally, all letters provided contact information so the Defendant could reach out with any questions. My doctor, whom I see every Friday after grueling two-three-hour classes **(9am-12pm)**, (2pm -3:30pm) and **(6:15pm -9:15pm)** on Thursdays, has documented the severe pain and disability I endure as a result of the Defendant's ongoing willful abuse. But once again, the Defendant is ignoring my request—no acknowledgment, no reason why, no effective communication, and no participation in the required interactive process, thereby depriving me of due process, as they have for the past two and a half years. What makes matters worse is that the Defendant has refused to provide **provisional accommodations** as required by law and Justice Department guidelines, instead choosing to inflict irreparable harm on me because UDC Law has a strict absence policy, unlike other law schools. The Defendant's conduct is especially egregious due to the fact that if a student misses two classes or has one absence combined with two late arrivals, It automatically

2

results in an (F) grade, and even doctors' notes are not accepted, putting my graduation at risk with less than two months left. This failure violates the Americans with Disabilities Act (ADA), 42 U.S.C. § 12182(b)(2)(A)(iii), which mandates reasonable modifications to policies, practices, or procedures when necessary to avoid discrimination. Additionally, the Defendant's inaction contravenes Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, which prohibits discrimination against individuals with disabilities in programs receiving federal financial assistance. Moreover, while other students are granted access to the online portal, I have been denied the same accommodation due to the Defendant's retaliation against me since the Fall 2022 Emergency Injunction, which they lost on all counts, and the current lawsuit.

**II. Defendant's Willful Noncompliance and Resulting Harm**

Despite the clear medical evidence and my explicit accommodation request, the Defendant has persistently and willfully ignored my pleas. The Defendant's response has been nothing but silence—no due process, no inquiries, and no interactive process, even as I have repeatedly raised these issues.

Since submitting my accommodation request, I have repeatedly suffered episodes of dizziness while attending UDC Law and eye pain. My worst fears came true on March 6, 2025, around 8:00 PM in Business Organizations class; as a direct consequence of the Defendant's inaction, I experienced a severe episode of dizziness, which led to a fall and another subsequent head injury. This incident, coupled with the ongoing debilitating pain caused by bright light exposure, demonstrates the Defendant's gross negligence and flagrant disregard for its statutory obligations.

As established in *Bragdon v. Abbott*, 524 U.S. 624 (1998)., and reinforced by *Olmstead v. L.C.*, 527 U.S. 581 (1999)., and *Tennessee v. Lane*, 541 U.S. 509 (2004)., the failure to provide mandated accommodations can result in irreparable harm. The urgency of my situation is further underscored by *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008)., where the Court held that injunctive relief is warranted when immediate and irreparable harm is evident.

The Defendant has violated its duty of care and continues this violation by refusing to provide the accommodations mandated by law. I have repeatedly requested that the Defendant explain the basis for its denial by silence, yet it has failed to articulate any legitimate reason as to how granting my reasonable accommodation would **substantially harm the institution** or **fundamentally alter the course curriculum.** The Defendant has made no such showing, nor has it engaged in the legally required interactive process to explore reasonable alternatives. Despite the 2022 Emergency Injunctive Relief/Protective Order, the Judge explicitly instructed the Defendant to explain how granting the requested accommodations would substantially harm the institution or fundamentally alter the course curriculum. The Defendant failed to provide any such explanation then, just as it fails to do so now.

By arbitrarily denying my accommodations without justification, the Defendant not only violates federal and local disability laws but also inflicts ongoing, irreparable harm. The law demands that institutions provide legitimate reasoning when denying an accommodation, rather than engaging in silent, retaliatory obstruction. The Defendant's failure to do so underscores its bad faith and deliberate indifference to my rights.

### III. Additional Failures to Provide Court-Enforced Accommodations

In further breach of its obligations, the Defendant has denied me meaningful access to essential educational resources, including:

1. **Legal & Bar and Success Foundations Course:** The Defendant has failed to comply with the accommodation letter by failing to provide the required extra time for practice bar exams and failing to provide e-books mandated under the 2022 emergency injunction/protective order, thereby denying me meaningful access to the course.
2. **Business Organizations Course:** Despite the explicit provisions stated in my accommodation letter, there were problems with recorded class sessions. I notified ARC, but received only silence, further limiting my access to critical course content.

These accommodations are granted to other students in my class; providing me with the same access would impose no undue burden on the Defendant while ensuring equal treatment under the law.

### IV. Request for Immediate Relief

The Defendant's ongoing refusal to comply with its legal obligations demonstrates a blatant and willful disregard for federal and local disability laws. It has repeatedly ignored my reasonable accommodation requests, acting only when compelled by court intervention, such as the Emergency Injunction issued in Fall 2022. This pattern of noncompliance has caused me substantial and irreparable harm, warranting immediate judicial intervention.

I have already suffered physical harm, making the urgency of this request undeniable. The continued deprivation of my rights places me at immediate risk of further injury. The Supreme Court has made clear that injunctive relief is warranted when a party faces ongoing and

irreparable harm. See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to suffer irreparable harm in the absence of preliminary relief."). Given the Defendant's persistent defiance and ongoing abuse of power, I urge this Court to act swiftly and grant immediate injunctive relief to safeguard my rights under the ADA, Section 504 of the Rehabilitation Act, and the D.C. Human Rights Act.

## Conclusion

Accordingly, I respectfully request an Emergency Hearing on the Emergency preliminary injunction or, in the alternative, an order compelling the Defendant to:

1. Order an immediate Provisional Accommodation as required by law, permitting online access to classes;
2. Grant the reasonable accommodation of online access to classes;
3. Stop ignoring my reasonable accommodation request, provide a reason for the denials, and engage in the required interactive process.
4. Enforce the accommodations mandated by the Fall 2022 Emergency Injunction without further delay; and
5. Implement all necessary measures to prevent further harm.

Respectfully submitted,

/S/

_____
Jane Doe
Pro Se Plaintiff
4301 50th Street, NW, Suite 300 #1140
Washington, DC 20016
jane.doe2023a@gmail.com
Dated: March 7, 2025

## CERTIFICATE OF SERVICE

I hereby certify certify that, on March 7, 2025, a copy of the attached Emergency preliminary injunction was filed and served through the court's electronic filing system to: Anessa Abrams aabrams@fordharrison.com FordHarrison LLP 2000 M Street, N.W. Suite 505 Washington, DC 20036.

/S/

_____

March 7, 2025