**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Jane Doe**,
Plaintiff,

**Civil Action No. 1:24-cv-03530-CJN**

v.

**UDC DAVID A. CLARKE SCHOOL OF LAW, et al**.,
Defendants.

**PLAINTIFF'S MOTION TO REFER DEAN BROOKES FOR CRIMINAL INVESTIGATION UNDER 18 U.S.C. §§ 1621 & 1623**

I respectfully asks this Court to refer Dean Yannick Brookes, Esq., Associate Dean of UDC Law School, to the United States Attorney for criminal investigation under **18 U.S.C. § 1621 (perjury)** and **§ 1623 (false declarations before court)**. See, Second Motion for Emergency Hearing on Sanctions *(Dkt. 34)* and Motion to Strike Brookes's Declaration *(Dkt. 35)*, Dean Brookes submitted multiple false sworn statements intended to mislead this Court and justify his unlawful conduct.

Specifically:

1. **False Claim: Plaintiff was present in class on February 21, 2025.**

→ Dean Brookes stated under oath that "**Ms. Doe was present**" and showed **"no signs of injury"** *(Brookes Decl. ¶15, Dkt. 27-3)*. "I did not observe Plaintiff in distress… or in any physical state that would indicate a fall or injury."— *Brookes Decl. ¶15, Dkt. 27-3*

→ **Fact:** I was not there in person. ***(Exhibit A - Screenshot Remote)***. I was attending

remotely due to a documented concussion. Only two students were in the classroom that day, both young and one Latinx. I am neither. I am an old Black woman. There was no mistaking me for someone else. Dean Brookes Esq., statement wasn't an error, it was a deliberate falsehood meant to erase my presence, discredit my condition, and deny my truth. This is confirmed by my doctor's letter *(Exh. C, Dkt. 27-2 at 12)* and Professor Brittain's verbal authorization after seeing me in distress *(Dkt. 34 at 1–2)*. On February 19, 2025. *(Professor Karen saw that I was dizzy in the elevator March 20, 2025)*. He could have picked up the phone and called my doctor to confirm whether I had sustained a concussion. I signed a release precisely for that reason. Instead, he chose to lie, to the court, by falsely claiming he saw me in person, when in fact, he has not laid eyes on me since 2024. He knew the truth. He had every opportunity to verify it. But instead, he manufactured a false narrative to discredit me, a disabled student seeking basic accommodations, and misled this Court in the process

**2. False Claim: I never informed the Law School of her injury.**

→ Brookes claimed I "has not provided any information" about accommodations related to her car accident *(Brookes Decl. ¶17, Dkt. 27-3)*.

→ **Fact:** I followed UDC's policy by submitting medical documentation to ARC *(see MedStar letter, Exh. C, Dkt. 27-2)*. Brookes himself confirmed in a recorded February 21, 2025 public lecture that students must go through ARC, not the Law School *(Exh. A, Dkt. 31-1)*. Dean Smith also confirmed that policy in writing *(see Dkt. 35 at 4)*.

**3. False Claim: Plaintiff failed to attend meetings.**

→ Brookes implied I refused to engage.

→ **Fact:** We met in October 2024 *(Dkt. 34 at 4),* and Brookes failed to attend the November 2024 meeting (id.). I waited over 30 minutes without explanation.

**4. False Claim: I forfeited accommodations by not re-registering.**

→ Brookes claimed failure to re-register indicated she "did not wish to use accommodations" *(Exh. E, Dkt. 27-3).*

→ **Fact:** My accommodations are **court-enforced** *(see 2022 Injunction referenced in Dkt. 34 at 6).* DOJ guidance prohibits re-verification for permanent disabilities. Even Brookes himself admitted, on video, that the re-certification policy "creates barriers" and "needs to change." *(Exh. A, Dkt. 31-1).*

Dean Brookes knew exactly what he was doing. He deliberately lied, to you, Your Honor, a United States Federal Judge. He manipulated the record. He tried to discredit a disabled student to justify his illegal conduct and the University illegal conduct.

No lawyer, especially not the dean of a law school, should be permitted to submit fabricated evidence about a disabled litigant's medical condition to a federal court. His declaration wasn't just dishonest; it was a criminal act of deception designed to obstruct justice, interfere with a court-enforced accommodation, and retaliate against a vulnerable student. And I'm not the only one who's been harmed. Other disabled students have cried. They've been traumatized. They've told me they feel unsafe and powerless around him. I used to believe he was just inexperienced. But now I see him clearly: he is a dangerous, ableist abuser who uses his

title and license to violate the law and target the disabled. This wasn't just an ethical lapse. It was calculated, deliberate, and illegal.

This was not confusion. **This was perjury—and it demands consequences.**

I respectfully ask this Court to:

1. Refer Dean Yannick Brookes to the U.S. Attorney for criminal investigation under 18 U.S.C. §§ 1621 and 1623;
2. Acknowledge that these false statements were intentional and meant to obstruct justice;
3. Make clear that officers of the court cannot lie under oath to protect institutional discrimination.

Respectfully submitted,

/S/

______________

Jane Doe
Pro Se Plaintiff
4301 50th Street, NW, Suite 300 #1140
Washington, DC 20016
jane.doe2023a@gmail.com
Dated: March 23, 2025

**CERTIFICATE OF SERVICE**

I hereby certify certify that, on March 23, 2025, a copy of the attached (Plaintiff's Motion To Refer Dean Brookes For Criminal Investigation Under 18 U.S.C. §§ 1621 & 1623) was filed and served through the court's electronic filing system to: Anessa Abrams aabrams@fordharrison.com FordHarrison LLP 2000 M Street, N.W. Suite 505 Washington, DC 20036.

/S/

____________________

March 23, 2025