**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**JANE DOE**,
Plaintiff,

**Civil Action No. 1:24-cv-03530-CJN**

v.

**UDC DAVID A. CLARKE SCHOOL OF LAW, et al.**,
Defendants.

**PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

Pursuant to Local Civil Rule 83.11(b)(3), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131–21134, I respectfully move this Court to appoint pro bono counsel. Due to my active and debilitating traumatic brain injury, I am unable to adequately represent myself in this federal disability rights action. The Defendant' s repeated denials of reasonable accommodations, in direct violation of both Section 504 and the ADA, have now placed my health, education, and access to this Court in jeopardy.

## I. LEGAL STANDARD FOR APPOINTMENT OF COUNSEL

The Court has authority under LCvR 83.11(b)(3) to appoint counsel where a litigant is financially unable to obtain adequate representation and the interests of justice so require. This rule is bolstered by federal disability rights law. Section 504 prohibits discrimination against individuals with disabilities by any program receiving federal financial assistance. See 29 U.S.C.

§ 794(a). Title II of the ADA extends those protections to all public entities, including this Court and Defendant, mandating that individuals with disabilities must have equal access to legal proceedings and educational programs. See 42 U.S.C. § 12132; 28 C.F.R. § 35.130.

Both statutes require that reasonable modifications and auxiliary aids and services be provided when necessary to avoid discrimination. See *Tennessee v. Lane,* 541 U.S. 509, 533–34 (2004); *Duvall v. County of Kitsap,* 260 F.3d 1124, 1136 (9th Cir. 2001); 28 C.F.R. §§ 35.130(b)(7), 35.160(b)(1). The failure to provide accommodations that allow me to effectively access this Court and litigate my claims violates these fundamental federal rights.

## II. FACTUAL BACKGROUND: MEDICALLY DOCUMENTED DISABILITY

On March 28, 2025, minutes before the hearing, I fainted and struck my head, a third and most severe injury sustained while enrolled at UDC Law. Disoriented, I was unable to mute my phone when instructed by the Clerk. This preventable harm directly and proximately resulted from Defendant's failure to accommodate.

On February 27, 2025, I submitted a renewed doctor's letter and formally requested remote access due to concussion-related symptoms. Without ever informing me, the Defendant allowed a non-medical staff member, Demetrius Keller, LMSW, a social worker, to override my treating doctor's letter. This is a blatant violation of disability law. Under the ADA and Section 504, medical documentation from a licensed professional may not be disregarded based on the judgment of a social worker. This is established Black Letter Law.

I only discovered that my request had been denied when the Defendant disclosed this in later court pleadings. The Defendant never communicated the denial to me and falsely claimed that Keller had reached out in a February 25, 2025 email (Keller Decl. ¶ 6). However, the email attached to the declaration is not the email that was sent to me, as Attorney Adams cut off the date in the email screenshot. The actual February 25, email was a generic, automated message from the ARC about tutoring, not a personalized or interactive response.

AC Accessibility Resource Center<UDC.DS@accessiblelearning.com>

Tue 2/25/2025 10:17 AM

This sender UDC.DS@accessiblelearning.com is from outside your organization.

Block sender

**EXTERNAL:** This email was sent to you from an external source. Please review the content carefully and open attachments or click links only if you recognize the sender.

Dear ARC Firebird,

As we approach mid-term exams, we want to remind you that the Accessibility Resource Center (ARC) is here to support you. If you have any concerns or need to make adjustments to your accommodations, please check in with your ARC Counselor as soon as possible.

Additionally, we encourage you to take advantage of academic support resources, including:

- **Professor Office Hours** – A great opportunity to ask questions and seek clarification.
- **Tutoring Services (Upswing/CACE)** – Get extra support in challenging subjects.

We believe in your success and encourage you to prioritize your well-being during this busy time. Please don't hesitate to reach out if you need assistance.

Wishing you a productive and successful mid-term period!

Regards,

Accessibility Resource Center (ARC)
University of the District of Columbia -- Van Ness
4200 Connecticut Ave NW, Bldg. 39, Room 106B
Washington, DC 20008

In contrast, I personally emailed Keller on February 27, 2025, providing a detailed explanation and renewed medical documentation *Exhibit D*.

To: Butler, Pamela; Keller, Demetrius

Thu 2/27/2025 11:07 AM

You forwarded this message on Wed 3/12/2025 12:11 PM

Second Doctors Letter ARC.pdf
278 KB

This is now my fourth time submitting the exact same request, complete with a second doctor's note confirming I need these accommodations. Yet the UDC ARC has blatantly refused to engage in the legally required interactive process, showing clear bias by favoring physical disabilities over mental ones. By ignoring every single request I've made, you've effectively denied me due process under the 14th Amendment and ADA, Section 504, and DCHRA.

Because you never bothered to respond or provide any feedback, I've been left in the dark about what additional documents you supposedly need or what specific issue you have with my request. You've put me in a position where I'm forced to guess how to limit or modify my request. It's embarrassing that I attend a law school that does not follow the law.

To make matters worse, I've now **sustained a physical disability from a car accident, and the pain I'm in directly impacts my ability to sit through a three-hour class**. This affects two classes, Business Organizations Rebecca Rosenberg 6:15-9:15pm and Legal & Bar and Success Foundations 9am - 12pm . Despite this, I'm once again demanding access to the **online class already provided to other students.** It's time for the UDC ARC to do its job, stop the discrimination, and honor your obligation to accommodate my disabilities, both mental and physical—immediately.

> *"Yet the UDC ARC has blatantly '**refused to engage** in the legally **required interactive process**', ............By '**ignoring every single request**' I've made, you've 'effectively denied me **due process** under the 14th Amendment and ADA, Section 504, and DCHRA.'".*

How, after reading the record of multiple emails like those in the Exhibits, did the Court conclude that any of this was my fault? The only explanation is that my disability is preventing the Court from fully hearing or understanding the documents I am submitting. That is yet another reason why I urgently need to be appointed a lawyer. The Defendant ignored that message entirely. This pattern of deception continues: Defendant lies about almost everything, and to date, this Court has continued to believe them. But the law is clearly on my side.

On March 19, 2025, I fell again. As warned in my filings, on March 28, I suffered my most serious fainting episode and was taken to the Emergency Room early the next morning after vomiting. There, I was diagnosed with acute post-traumatic brain injury that caused dizziness, nausea, visual disturbance, difficulty concentrating, cognitive **dysfunction**, speech disturbance, and near syncope. The attending physician recommended inpatient hospitalization. See *Ex. A, MedStar ER Report*.

This injury not only worsened my condition; it now threatens my ability to graduate. Defendant's refusal to engage in the interactive process left known and foreseen dangers unchecked. The ADA, Section 504, and the DCHRA mandate prompt, effective accommodations. See 28 C.F.R. § 35.130(b)(7); 29 U.S.C. § 794; D.C. Code § 2–1402.41. As this Court has recognized, emergency relief exists to prevent these very harms. *See Jackson v. District of Columbia,* 826 F. Supp. 2d 109, 114 (D.D.C. 2011).

**III. DEFENDANT'S ADA AND SECTION 504 VIOLATIONS EXACERBATED MY INJURY**

Defendant knowingly dismissed several formal accommodation requests supported by documentation from qualified medical professionals, including the additional doctor's letter on February 27, 2025. See *Ex. B*. These denials were issued without engaging in any interactive process, in direct violation of federal law. *See Wong v. Regents of Univ. of Cal.,* 410 F.3d 1052, 1065 (9th Cir. 2005); *Kaltenberger v. Ohio Coll. of Podiatric Med.,* 162 F.3d 432, 437 (6th Cir. 1998).

Section 504 and Title II of the ADA impose a legal duty to accommodate known disabilities. See 28 C.F.R. §§ 104.4(b)(1)(ii), 35.130(b)(7). Defendant disregarded my documented medical condition, ignored repeated warnings of foreseeable harm, and submitted false and misleading declarations that were directly contradicted by sworn testimony from another school official, Dean Brittain. The March 28 injury was a direct and foreseeable result of this misconduct.

**IV. BRAIN INJURY RENDERS SELF-REPRESENTATION IMPOSSIBLE**

The symptoms of my disability, including slowed speech and memory impairment, have been witnessed by this Court during March 28 hearings. I was unable to express myself coherently. I forgot how to complete basic functions like muting my phone. These are not hypothetical impairments; they are well-documented, visible manifestations of my condition.

The ADA Amendments Act of 2008 requires that "disability" be **interpreted broadly**. See 42 U.S.C. § 12102(4)(A); *ADA Q&A Guidance*, U.S. Dep't of Educ. (2008). My condition

substantially limits major life activities such as learning, speaking, concentrating, and communicating, and thus falls squarely within the coverage of both statutes.

**V. CIRCUIT AND DISTRICT COURT PRACTICE SUPPORTS APPOINTMENT**

This Court has appointed counsel in similar cases involving disability and access to justice. See *Moten v. Bricklayers Local 1*, 543 F. Supp. 2d 336, 338 (D.D.C. 2008) (appointment appropriate where health impaired plaintiff's ability to litigate); McKinney v. U.S., 2008 WL 2491396, at *1 (D.D.C. June 18, 2008). The need is particularly compelling when refusal to appoint counsel would result in the continued denial of federally protected rights.

**VI. PRAYER FOR RELIEF**

**WHEREFORE**, in light of: My active, medically documented brain injury; The Defendant's unlawful refusal to accommodate that injury in violation of Section 504 and the ADA; My inability to meet court deadlines or procedural requirements without risking further medical deterioration; The Court's own observation of my impaired capacity, including my slow speech and inability to perform basic tasks such as muting my phone.

I respectfully request that the Court: Appoint pro bono counsel pursuant to LCvR 83.11(b)(3), Section 504, and Title II of the ADA.

Respectfully submitted,

/S/

_______________

Jane Doe
Pro Se Plaintiff
4301 50th Street, NW, Suite 300 #1140
Washington, DC 20016
jane.doe2023a@gmail.com
Dated: March 31, 2025

**CERTIFICATE OF SERVICE**

I hereby certify certify that, on March 31, 2025, a copy of the attached (PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL) was filed and served through the court's electronic filing system to: Anessa Abrams aabrams@fordharrison.com FordHarrison LLP 2000 M Street, N.W. Suite 505 Washington, DC 20036.

/S/

_____________________

March 31, 2025