**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**JANE DOE**,
Plaintiff,

**Civil Action No. 1:24-cv-03530-CJN**

v.

**UDC DAVID A. CLARKE SCHOOL OF LAW, et al.**,
Defendants.

## PLAINTIFF'S EMERGENCY UNDER THE ADA MOTION APPOINT COUNSEL DUE TO TRAUMATIC BRAIN INJURY

A disability aid is helping me submit this because my brain injury makes it impossible for me to communicate on my own. It physically hurts to even try. Since April 9, I have not been able to read, understand, or process written information . I believe being forced to continue preparing court filings—despite clear medical orders requiring cognitive rest—directly caused both of my life-threatening collapses and triggered seizures.

**The Defendant called 911** after witnessing the most serious collapse on April 9 around 2:30 p.m., I was forced to attend inperson despite having a brain injury, during a break in class. I was wearing sunglasses and using a disability aid to walk. I began to feel sick and asked my aid to get me something to drink. While she was gone, I tried to reach the bathroom across the hall, but I collapsed. I hit my head multiple times, lost consciousness, and lay on the ground while classmates called for help.

This happened less than 24 hours after the Court ordered me to respond to a filing on April 8, even though I had already notified the Court on March 31 that I could not proceed due to neurological injury. According to my classmates, I started **wobbling**, **hit my head hard, head bounced, my head hit the floor again**, and passed out. I remember hearing my **head crack before everything went black.** My classmates say I was unconscious for about two-five minutes and doctors say I may have experienced a seizure. Defendant called 911, and I was taken to the ER. Since then, **I've barely been able to function.** All I've done is sleep, and I can hardly remember anything and vision problems. I only left my apartment once, on Friday, April 11 to go to the hospital, and I nearly fainted again. A nurse had to catch me.

On April 8-9 I written two motions before the seizure but could not submitt it to the court because of the April 9 seizure. I've attached them here, but I could not read or edit them. After the traumatic fall on March 28, I informed the Court, again, on March 31, that I was experiencing post-concussion syndrome, which is more severe and dangerous than a typical concussion. I explained that my symptoms were worsening, that I was regressing, and that any additional head trauma could result in Second Impact Syndrome—a life-threatening condition. I clearly stated that I could not advocate for myself, that I could not comprehend the Defendant's filings, and that my doctors had explicitly ordered cognitive rest, explaining that it was the only medically recognized way to treat a concussion and prevent further harm. On March 31, I request the Court appoint counsel. Instead, **I was forced to continue filing legal documents and physically attend school** since my **emergency injunction** was never adjudicated despite being pending for over a month, which **directly triggered the more serious life-threatening fall on** April 9. I lost consciousness for approximately three-five minutes. When I woke up, I screaming

—**"I want to die"** because of the pain and the torture the Defendant was inflicting on me. The ER doctor confirmed I was experiencing **Second Impact Syndrome**, a condition even more dangerous and likely to cause lasting neurological consequences.

After the April 9 trama, my body won't let me do anything except sleep. I am still experiencing neurological symptoms, including confusion and possible seizures. I can't explain how much it hurts or how long it took just to dictate this. If the Court wrote anything, I could not read it. I could barely even dictate this, and I couldn't remember how to submit it. I dictated this pleading while connected to a **hospital portable heart monitor which proves I am experiencing dangerous heart palpitations and physical distress during this process, proof of the medical harm caused by being forced to file under these conditions.**

Defendant misconduct wasn't neglect. It was cruelty. Defendant knowingly ignored medical evidence, dismissed disability law, and used its power to protect institutional lies—while a disabled student collapsed in front of defendant. Defendnat knowingly disregarded emergency medical risks, suppressed verified evidence. Defendant's illegal conduct blame a visibly disabled, brain-injured student. Defendnat deliberate refusal to act when presented with verified ER records, ongoing neurological collapse, and explicit warnings  was not passive. It was an affirmative abuse of power that caused foreseeable, life-altering harm. Please, I beg the Court again: to appoint an attorney. I truly cannot function. I don't think I will ever graduate, despite being on track to graduate with honors, because of what may now be a permanent brain injury. It took me days to put this together, while hurting my brain doing so. Attach below is pleading wrote before April 9 fall.

**Local Rule Grounding for Pro Bono Appointment**

*LCvR 83.11(b)(3)* empowers the Court to "appoint an attorney to represent any person unable to afford counsel **if exceptional circumstances exist**." Exceptional circumstances include the litigant's physical or mental limitations, the complexity of the legal issues, and the significance of the rights at stake. My traumatic brain injury, documented ER visits, and cognitive impairment satisfy each factor.

**ADA Title II and Section 504 Mandate Meaningful Access**

*42 U.S.C. § 12132*; *29 U.S.C. § 794*. Federal courts, as public entities, must furnish reasonable modifications—e.g., remote hearings, extended deadlines, and counsel—when necessary to avoid disability-based exclusion. See *Tennessee v. Lane*, 541 U.S. 509, 531–34 (2004). Denial of such accommodations is reviewable de novo on appeal.

**REQUESTED RELIEF UNDER THE ADA AND SECTION 504**

- **Appoint counsel**
- **Refer this matter to the Court's ADA Coordinator** for immediate review under 28 C.F.R. § 35.107.

**I drafted two motions before my April 9 medical emergency, I was unable to file them due to the traumatic brain injury I sustained. They are now submitted as attachments to this filing.**

**PLAINTIFF'S RESPONSE TO COURT ORDER REGARDING ACCOMMODATION LANGUAGE AND MEDICAL DOCUMENTATION**

***"Physicians are trained and licensed to assess medical conditions, not to design or mandate specific academic accommodations."***
*— The Future of Disability in America, Institute of Medicine (2009)*

For the past 30 years, I have always asked doctors to write the accommodations with exactly what I wanted. I want my request to be bulletproof. UDC Law knows doctors today are **no longer allowed to prescribe specific accommodations like "remote."** They are using that shift in medical policy to paint me as noncompliant, when in fact, I've done everything legally and medically with a severe brain injury. Defendant acts like they do not know what a concussion is. During COVID, no accommodation letter was needed. Severe brain injury? I'm forced to jump through hoops while in severe pain.

I asked every doctor I saw,  at MedStar, my PCP, multiple specialists, to include **"remote access"** in their letters. All refused. Not because I don't qualify, but because clinic and hospital policy prohibits it. They all told me the same thing: "It's the school's job to design accommodations. We only describe the limitations." They said it clearly and consistently, and said it was to avoid being lawsuits aka subpoenaed. Each doctor cited the ADA: it does not require a doctor to prescribe specific accommodations. The law itself, not just guidance, places the legal duty on the school or institution to design reasonable accommodations based on limitations. That's the plain reading of federal disability law, and the Defendant knows it. Even the same doctor who wrote my accommodation in 2022 now says she's no longer allowed to use that wording. This isn't unique to me, it's an industry-wide shift, and the Defendant knows it.

Still, they are framing my case as if I just didn't ask. That lie is now being used to discredit my disability, my documentation, and my humanity. The Defendant knows this. The Defendant is manipulating the Court by pretending this is simple, as if I just forgot to ask. This is once again one of the Defendant's offensive false narratives, like "alleged fall" or "I don't look injured," implying I'm not injured at all, even though they are the reason I'm in such extreme pain, that now I have a concussion and seizures. It is insulting. And it is dangerous. Furthermore, my request is undermined because UDC does not state anywhere on its website that specific language is required. That is exactly what my PCP told me. I have a brain injury, and the Defendant is forcing me to fight with my doctors to break their policies. These letters are not easy to get. I'm still waiting for my PCP's letter. I asked her again to include the wording UDC wants, but I cannot force doctors to violate their hospital policy.

This Court is supposed to protect my rights, not shift the legal burden onto a brain-injured pro se litigant. I wish the Court could feel the constant pain I am in. The Court is making it worse, by forcing me to write pleading after pleading and refusing to appoint a lawyer when my brain needs rest. Since filing this emergency injunction, I've been getting drastically worse. This Court is making me worse. I've had three mental health appointments this week. I'm breaking down and crying in multiple classes because of the pain and the abuse the Court is allowing, by not enforcing my rights. I am deteriorating under the weight of this case. So of course I asked MedStar Hospital Center's Dr. W. I begged another provider to write the specific language UDC requires. And once again, they stated my impairments, my limitations, and the risks, but said they are not medically allowed to use that language. Maybe wealthy white students can walk into a private doctor's office and get whatever language they want, but vulnerable people like me

can't. My providers follow strict hospital policies. They are not going to break legal rules just to satisfy the Defendant's fictional standard. Like I said in previous pleadings: I cannot make doctors obey a policy that violates DOJ and OCR guidance. This Court has made it clear it does not treat DOJ guidance as binding. But the D.C. Circuit does. That means this Court's hands are tied — it must follow what the D.C. Circuit has said: federal courts must honor DOJ interpretations of the ADA.

Despite being in constant pain, I went out of my way to ask two more doctors for the same thing. I was told the same thing again: it's UDC's job to design the accommodation — not the doctor's. These are respected professionals. They all agree. If UDC Law knows a doctor who will say the exact words they want, I am happy to go to that doctor today. But what I won't do — what no student should ever be forced to do — is chase a fictional standard that violates federal civil rights law. Since my March 29 ER visit, I've had to use a disability aid to walk. I now wear sunglasses indoors because normal lighting triggers headaches and dizziness. I cannot tolerate three straight hours of classroom exposure. I've already collapsed twice. This is no longer theoretical. This is trauma. I am still confused. I am still struggling to remember. I do not have the memory or clarity to effectively advocate for myself. This is not due process.

Therefore, I am making a formal request under the ADA and Section 504 for the Court to appoint counsel for the April 11 hearing. I cannot safely represent myself under these conditions. These hearings and filing motions are making me sick. I am not even reading the Defendant's pleadings anymore because I am too sick to understand them. I keep telling the Court, but the Court keeps ignoring this fact.

**SOURCE:** https://www.ncbi.nlm.nih.gov/books/NBK11429/?utm_source=chatgpt.com

**Why Doctors Don't Prescribe Specific Accommodations Anymore:**

- **Clinic and hospital policy:** Most providers are prohibited from dictating academic outcomes.
- **Legal boundaries:** Doctors assess conditions, symptoms, and risks — they do not design or enforce accommodations. That legal duty falls on the institution.
- **Fear of liability:** If providers overstep, they can be challenged or sued. That's why clinic policy blocks them from doing so.

The Defendant is fully aware of this and yet continues to pretend otherwise to this Court. It's not just misleading, it's abusive. I am not at fault for the medical community changing how they handle documentation. I did exactly what a disabled person is supposed to do: I disclosed. I documented. I asked for help. The Defendant is twisting that into a false narrative that blames me for what my doctors are not legally allowed to do. This is a calculated attack on disability rights and the Court should see it for what it is.

Respectfully submitted,

/S/

_______________

Jane Doe
Pro Se Plaintiff
4301 50th Street, NW, Suite 300 #1140
Washington, DC 20016
jane.doe2023a@gmail.com
Dated: April 9, 2025

**JANE DOE'S EMERGENCY OBJECTION AND REQUEST FOR IMMEDIATE ACCOMMODATION, COUNSEL APPOINTMENT**

Jane Doe respectfully submits this Emergency Objection and Request for Immediate Relief. I am a developmentally disabled student with a traumatic brain injury caused by a car accident on March 6, 2025. Since that date, I have suffered worsening symptoms, including syncope, memory loss, disorientation, and collapse. The Defendant and this Court have failed to provide the required accommodations under the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, and the D.C. Human Rights Act (DCHRA). I now urgently request appointment of counsel, remote access to class, excused absences.

**I. Grounds for Objection**

I respectfully object to this Court's continued refusal to appoint counsel and its failure to grant what the Court called my request "reasonable accommodations" at the March 28 hearing. Not only is this accommodation reasonable, but it is provided to many students.

This Court has known since March 6, 2025, that I suffered a concussion and other injury caused by a car accident. My condition has worsened to severe life-disabling concussion with near-syncope, directly caused by the Defendant's refusal to accommodate my documented disability. Despite this, the Court continues to delay any relief—and with every day that passes, I fall further and further behind in school.

It is now clear that I will not graduate in the few weeks ahead. Plane tickets are bought. Parties are planned. A lifelong dream is being destroyed because ADA rights are not being honored for Black developmentally disabled women in the D.C. federal court.

Because of the Court's failure to act before April 11, I am now being forced to miss yet another Thursday class. That makes three full weeks of lost instruction while waiting for the Court to grant a basic accommodation, one that would have been immediately approved if I had tested positive for COVID, as it has in the past. Instead, the Court is punishing me for having a developmental disability and a traumatic brain injury, as if I caused this harm to myself.

Meanwhile, I live with constant, unrelenting head pressure and pain that is not only physically debilitating but also causing severe mental distress. I can never rest as ordered by my doctors because the Court is forcing me to write pleading after pleading while in constant pain. This harm was entirely avoidable had the Defendant complied with the ADA, Section 504, and the DCHRA from the beginning.

Their decision to ignore the Department of Justice's guidance, and this Court's refusal to enforce it, despite binding D.C. Circuit precedent that DOJ interpretations are controlling, is not only legal error. It is complicit in my ongoing trauma. Why make new law with my case? Is it because I am not a lawyer? Or because I now have a severe brain injury that makes me unable to advocate for myself? I get help from other writing these pleadings but I am being forced to go to the April 11 hearing with no support. The court is going to ask me requst that I am unabled to answer due to my serve brain injury, makes me lose fouse, worse than the March 28, hearing. The court knows I get some facts wrong in my pleadings to to my brain injury but keep forcing

me to write them. This is not acceess to justice this is abuse. This week alone, I have had three emergency mental health emeregency appointments directly due to the Defendant's conduct and this Court's indifference to my rights.

**II. Ongoing Irreparable Harm**

The Emergency Injunction motion has now been pending for over a month. Clearly, the Court does not believe my health is an emergency. It has taken no action to stop the Defendant from continuing to cause irreparable harm—not even to grant the most basic provisional accommodation that all other schools in the country provide.

The Defendant's actions, combined with this Court's inaction, are now making it impossible for me to graduate. The semester is almost over only a couple weeks left. The Defendant has succeeded in delaying long enough to destroy my chances of finishing, all while I am medically impaired and unable to fight back.

The law is clear. As a disabled individual with documented injury, I am entitled to the following **reasonable modifications**:

- **Remote access to class**, or use of recorded class as attendance, as was done for COVID;
- **Excused absences**, retroactive to March 19, 2025, based on collapse and concussion; and
- **Appointment of counsel** to assist in the upcoming injunction hearing, because I am unable to advocate for myself. My memory is gone. I cannot hold a thought. My speech is altered. Worst of all, I cannot process legal information.

This is no longer theoretical harm. I have collapsed three times on campus. I now use a disability aid to prevent me from collapsing on campus. I wear sunglasses on campus due to light sensitivity that can cause me to fall. I suffer memory loss, dizziness, disorientation, and a verified risk of seizure. Still, the Defendant refuses to accommodate—and now this Court appears to be enabling further injury by failing to act.

**III. Legal Authority and Due Process Failures**

The irreparable and lasting harm I am experiencing is not academic—it is medical, psychological, and permanent.

The Defendant has made clear that they intend to destroy the protections guaranteed under the ADA, Section 504, and the DCHRA. This Court is helping them do it by refusing to enforce Department of Justice regulations the D.C. Circuit has already held to be binding and the Super Court. *See* **Bragdon v. Abbott**, 524 U.S. 624, 646 (1998) (giving deference to DOJ regulations interpreting the ADA). The court has no righ to over rule this maybe a jury but not a judge.

I am not just being denied accommodations. I am being destroyed—physically, mentally, and professionally—in real time.

Constantly blaming a developmentally disabled student with a traumatic brain injury is abuse. There is no legal or moral justification for this. The ADA was written to prevent this exact outcome. The ADA is intentionally relaxed and flexible—to protect people with serious impairments who cannot self-advocate like lawyers or officials. That is the point of the statute.

How can the Court not see that I cannot advocate for myself? These pleadings were written with help. I cannot do this alone. If I am forced to appear live, speak on the record, and respond in real time, I will not have any help. I am disoriented. I cannot recall key facts under pressure. I am not safe.

That is not due process. That is not meaningful access. That is guaranteed failure by design.

If the Court continues to deny relief knowing I cannot represent myself—knowing I am missing facts, disoriented, and falling behind—how does it expect me to meaningfully participate in a legal hearing?

Every day without relief is causing more damage. I cannot afford to lose another class. I cannot afford another collapse. And I cannot afford to be re-traumatized by a legal system that sees my injury and disability but looks the other way.

**IV. Requested Relief**

**I respectfully request that the Court immediately:**

- **Appoint counsel for the April 11 Hearing;**
- **Grant remote access and excuse absences**, retroactive to March 19, 2025;
- Order the Defendant to allow an **incomplete grade** for any class affected by my brain injury; and
- **Refer this matter to the Court's ADA Coordinator** for immediate review under 28 C.F.R. § 35.107.

If the Court does not grant this relief now, I will lose not only another class, but my opportunity to finish law school, protect my health, and participate in this case safely and meaningfully. I am not asking for a favor. I am asking for **basic legal compliance and compassion**.

I OBJECT to being forced to attend this hearing in person without counsel, while suffering from a concussion, seizures, and disorientation, all caused by the Defendant's inaction. The Court's failure to grant relief, despite acknowledging my request was reasonable, is putting me in immediate danger and violating federal disability law.

**I pray for the Court to immediately rule in my favor before more harm is done.**

Respectfully submitted,

/S/

______________

Jane Doe
Pro Se Plaintiff
4301 50th Street, NW, Suite 300 #1140
Washington, DC 20016
jane.doe2023a@gmail.com
Dated: April 9, 2025

The meta data will prove these two motions was written on April 9 before the near deadly fall on April 9 around 2:30pm. Again this is submitted with the help Jane Doe's disability aid, I currently unable to submit this without help due to my ongoing brain injury

Respectfully submitted,

/S/

______________

Jane Doe
Pro Se Plaintiff
4301 50th Street, NW, Suite 300 #1140
Washington, DC 20016
jane.doe2023a@gmail.com
Dated: April 18, 2025

**CERTIFICATE OF SERVICE**

I hereby certify certify that, on April 18, 2025, a copy of the attached Letter to the Court – Emergency Room was filed and served through the court's electronic filing system to: Anessa Abrams aabrams@fordharrison.com FordHarrison LLP 2000 M Street, N.W. Suite 505 Washington, DC 20036.

/S/

_____________________

April 18, 2025