**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**JANE DOE**,
Plaintiff,

**Civil Action No. 1:24-cv-03530-CJN**

v.

**UDC DAVID A. CLARKE SCHOOL OF LAW, et al**.,
Defendants.

**PLAINTIFF'S JOINT STATUS REPORT PURSUANT TO MAY 2, 2025**

I write this while in severe pain about to pass out and recovering from a traumatic brain injury that resulted from the Defendants' refusal to provide federally mandated accommodations, and from this Court's repeated failure to acknowledge or respond to my documented cognitive impairment, requests for emergency relief, and formal notice of medical crisis. I have no meaningful access to this Court. I cannot think clearly, advocate for myself effectively, or comply with complex litigation demands without assistance. Despite dozens of filings, medical records, and pleas for intervention, the Court has neither appointed counsel nor designated a friend of the courtunder Rule 17(c). This continued denial of procedural protection in the face of known cognitive disability has further harmed me and denied me access to justice.

I have no meaningful access to the court because the court continues to allow Defendant's attorney, Anessa Abrams, to repeatedly lie without consequence. On May 5, 2025, the stress of responding to Defendant counsel's misrepresentations and preparing court filings left me incapacitated by May 6, unable to walk unaided, speak clearly, or open my laptop. On May 7, I am again writing while dizzy, disoriented, and in physical distress. The act of writing and

preparing this report is actively aggravating my symptoms, including headache, light sensitivity, and cognitive overload. Each sentence I type increases the risk of collapse. This is not a theoretical injury, it is worsening harm caused by Defendants and compounded by this Court's delay in intervening. The key factual dispute in this case has now been resolved by a smoking gun document: the May 6, 2025 email from ARC Director Pamela Butler (Exhibit A). That email confirms the University received and reviewed a physician's letter recommending accommodations for Incompletes, deferred exams, and graduation participation due to my traumatic brain injury.

**(Exhibit A)**

**RE: Urgent Request for Support: Graduation, Incompletes, and Disability Accommodations**

**From** Butler, Pamela <pamela.butler1@udc.edu>
**Date** Tue 5/6/2025 10:39 AM
**To**

Greetings,

Per our meeting in April, you were to be taking classes remote, which would allow you to access your classwork and complete the semester due to your injury. I did not receive a response to that email until the request came for graduation. Incompletes and graduation are not run through the ARC office. I met with the Law School and General Counsel regarding your request; being notified that the Law School would work with you. I was also informed Dean Gilmore was working with you on your incomplete directly. I can see that you have received guidance from the Dean and Law School for next steps. Please let me know if you have any additional questions.

Best,




Despite that, ARC illegally and improperly forwarded the documentation to Co-Defendant General Counsel Avis Marie Russell, who repeatedly used ableist language during the 2022 emergency injunction proceedings and lied to the court denied my accommodation

requests. **Nobody ever notifying me, explaining why, or initiating the federally required interactive process.** The denial was based on able-bodied 'school policy' and retaliation, not any individualized assessment of medical need. This was not a simple rejection, it was a complete obstruction. I repeatedly informed the Court that I was being ignored, yet the Court failed to intervene. Defendants did not even acknowledge that my requests had been denied until this motion nearly three weeks later. Attorney Anessa Abrams then falsely claimed in her filings that no medical documentation had ever been submitted. That is a provable lie, directly contradicted by internal records and the May 6, 2025 email from ARC Director Pamela Butler. Contrary to Defendants' narrative, I followed the University's stated process. I submitted requests to ARC, which Dean Brookes and Dean Gilmore had repeatedly instructed me to do. I requested Incompletes and accommodations related to graduation and deferred exam access as a reasonable accommodation, supported by my doctor's detailed order. Those were not discretionary favors, they were federally protected rights under the Americans with Disabilities Act (ADA), Section 504, the Developmentally Disabled Assistance and Bill of Rights Act, and the D.C. Human Rights Act (DCHRA).Yet ARC did not perform its legal role. Instead, Pamela Butler acknowledged in her May 6 email that my request was singled out, even though other requests managed by ARC, such as Incompletes or graduation accommodations, were not. She further admitted that those decisions were made by the Law School and General Counsel. In other words, my medically necessary accommodation request was denied not based on documentation, but on retaliation and internal policy.

The Defendants' repeated references to my 68-credit total are misleading. First, 9 of those credits were rendered incomplete due to the University's refusal to provide timely accommodations after

my March 28 and April 9 collapses. Under the ADA (42 U.S.C. § 12132), institutions must provide mitigating measures to ensure disabled students are not penalized for functional limitations. See also 28 C.F.R. § 35.130(b)(7); 42 U.S.C. § 12102(4)(E).

Second, I had already earned 3 credits with an A in the Disability Rights course. More importantly, the remaining 9 credits that I could not complete were not a result of academic failure, but of functional disability barriers caused by my traumatic brain injury on April 9 caused by the defendant. Under the ADA and its implementing regulations, schools are required to apply mitigating measures, such as Incompletes, remote options, extended deadlines, or modified participation formats, when a student's disability impairs timely performance. See 42 U.S.C. § 12132; 28 C.F.R. § 35.130(b)(7); 42 U.S.C. § 12102(4)(E). The University's failure to implement these measures, despite receiving multiple doctor's letters and legal citations, directly caused the credit shortfall. As a matter of law, credits lost due to the denial of disability accommodations may not be used to exclude a student from graduation. Any shortfall under these circumstances is the legal responsibility of the institution—not the disabled student. Further, the May 2, 2025 email from Dean Brookes confirms the Law School applies a **76-credit threshold for participation in graduation** for students entering post-Summer 2022. At 71 credits completed (with mitigating accommodations), I met that standard. But the University applied policies punitively rather than as guidance. This punitive denial directly conflicts with the ADA's purpose. Moreover, I repeatedly requested guidance navigating these accommodations while in medical distress. My April 22, 2025 email to Dean Brookes and Pamela Butler (Exhibit B) explicitly stated that I needed assistance due to my cognitive impairment and inability to

process conflicting policy emails. That plea was ignored. Instead, I received responses that further deferred responsibility and contributed to medical harm.

**(Exhibit B)**

**Re: Urgent Request for Support: Graduation, Incompletes, and Disability Accommodations**

**From** Brookes, Yannick <yannick.brookes@udc.edu>
**Date** Fri 5/2/2025 5:09 PM

**Cc** Butler, Pamela <pamela.butler1@udc.edu>

Dear

Thank you for your message. I want to acknowledge the seriousness of what you've shared and ensure that you receive the clarity and support needed as we approach the end of the semester. For guidance, please see the below information -

**I. Hooding Ceremony Participation**

At the start of the spring semester, the Office of Student Affairs receives a list of students eligible to participate in the Hooding Ceremony from the Office of the Law School Registrar. Once faculty vote on degree conferrals, an official list of approved candidates is issued to Student Affairs.

The guiding policy is as follows:

*"To be approved to participate in Commencement Weekend, you must be on track to have earned by the end of the spring 2025 semester, 80 credits if you entered law school before Summer 2022, or 76 credits if you entered law school in Summer 2022 or later."*

The Defendants' conduct constitutes unlawful retaliation and denial of access. Attorney Abrams's repeated falsehoods and Co-Defendant Russell's override of ARC's role violated both my civil rights and my due process rights. Their actions prevented me from finishing my degree, attending graduation, and maintaining basic health and dignity.

## PLAINTIFF'S POSITION AND RELIEF REQUESTED

1. Immediate enforcement of ARC-approved accommodations, including remote access and Incompletes.
2. A ruling that internal policies cannot override federally mandated accommodations.

3. Sanctions against **Attorney Anessa Abrams** for knowingly submitting false statements to the Court. She falsely claimed **no medical documentatio**n was submitted and misrepresented Plaintiff's **credit status**. Both claims are directly contradicted by internal records and Exhibit A& B. These statements were false, made in bad faith, and violated Fed. R. Civ. P. 11 and 28 U.S.C. § 1927.
4. A finding is warranted that Co-Defendant Attorney Avis Marie Russell retaliated against me and unlawfully interfered with my accommodation process, and that she must be ordered to stay away from all future requests."
5. Appointment of counsel or a friend of the court under **Fed. R. Civ. P. 17(c)** and **28 U.S.C. § 1654**.

Respectfully submitted,

/S/

_______________

Jane Doe
Pro Se Plaintiff
4301 50th Street, NW, Suite 300 #1140
Washington, DC 20016
jane.doe2023a@gmail.com
Dated: May 7, 2025

**CERTIFICATE OF SERVICE**

I hereby certify certify that, on May 7, 2025, a copy of the attached PLAINTIFF'S JOINT STATUS REPORT PURSUANT TO MAY 2, 2025 was filed and served through the court's electronic filing system to: Anessa Abrams aabrams@fordharrison.com FordHarrison LLP 2000 M Street, N.W. Suite 505 Washington, DC 20036.

/S/_

May 7, 2025