**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JANE DOE,<br><br>*Plaintiff*,<br><br>v.<br><br>UDC DAVID A. CLARKE SCHOOL OF LAW, et al.,<br><br>*Defendant.* | Civil Action No. 1:24-cv-3530 (CJN) |

**ORDER**

Pro se plaintiff Jane Doe, a disabled student at the University of the District of Columbia David A. Clarke School of Law, alleges that her law school has "continually failed to provide [her with] accommodations required by law, violating [her] rights under the ADA, Section 504 [of the Rehabilitation Act of 1973], the DCHRA, and the Due Process Clause." ECF No. 1-2 (Compl.) ¶ 2. Among other relief, Doe presently appears to seek: (1) grades of "incomplete" in certain courses, (2) the ability to participate in graduation notwithstanding her failure to fulfill the credit requirement, and (3) deferral of some final exams. *See generally* ECF Nos. 60 and 63. This matter is now before the Court on Doe's motions to appoint counsel, ECF Nos. 42 and 59, which the Court will deny for the reasons below.

The "district court judge controls the discretionary decision of whether to appoint counsel" in a civil case, *Pinson v. U.S. Dep't of Justice*, 273 F. Supp. 3d 1, 4 (D.D.C. 2017) (quotation marks omitted), and counsel should be appointed only in "exceptional circumstances" when "the denial of counsel would result in fundamental unfairness." *Renoir v. Governor of Virginia*, 755 F. Supp. 2d 82, 84 (D.D.C. 2010). To determine whether that is so, "[t]he Court must balance several

factors: (i) the nature and complexity of the action; (ii) the potential merit of the *pro se* party's claims; (iii) the demonstrated inability of the *pro se* party to retain counsel by other means; and (iv) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel." *KRS Processing Inc. v. Am. Soc'y of Composers, Authors & Publishers*, 2020 WL 7319250, at *2 (D.D.C. 2020) (citing LCvR 83.11(b)(3)).

The first, third, and fourth factors weigh strongly against appointing counsel here. This is a garden-variety disability discrimination case that presents no particular complexity—which also means that the Court would derive no significant benefit from the assistance of appointed counsel. And Doe, who is not proceeding *in forma pauperis*, has never suggested that she is unable to retain counsel on her own (or that she has even tried to do so). *See generally* ECF Nos. 42 and 59. Instead, Doe simply argues that counsel is required due to her concussion, *see, e.g.*, ECF No. 42 at 1, but the Court is aware of no authority that would permit it to disregard all other considerations and appoint counsel on that basis alone.[1] *See, e.g.*, *Clark v. United States*, 2023 WL 6312401, at *1, *3 (D.D.C. 2023) (denying motion to appoint counsel due to plaintiff's asserted "total[]"

[1] Doe's motions to appoint counsel do not reference Federal Rule of Civil Procedure 17(c), which requires courts to appoint a guardian ad litem or issue other appropriate relief "to protect a[n] . . . incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). But even if Doe had invoked that Rule, a court's decision to appoint a guardian ad litem must rest on "verifiable evidence of Plaintiff's alleged incompetence, such as actual documentation or testimony by a mental health professional, a court of record, or a relevant public agency about his mental capacity." *Clark v. United States*, 2023 WL 6312401, at *2 (D.D.C. 2023) (quotation marks omitted). Here, Doe has not submitted any evidence suggesting that she is mentally incompetent. To the contrary, medical records Doe submitted as recently as last week reflect that, although she has been diagnosed with "post-concussion syndrome," she is able to "attend [law school] classes remotely" and "utilize pre-recorded lectures." ECF No. 60 at 6. In light of Doe's apparent ability to follow legal reasoning, the Court is "unconvinced that [she] lacks the mental competency to understand the nature and effect of the litigation [she] has instituted." *Clark*, 2023 WL 6312401, at *3 (quotation marks omitted).

intellectual disability because plaintiff had "not made sufficient efforts to retain counsel by other means").

"The remaining factor, the potential merits of [Doe's] claim, is neutral." *KRS Processing*, 2020 WL 7319250, at *2. Doe's allegations and requests for relief have shifted frequently throughout this case: the injunctive relief she presently requests was mentioned nowhere in her complaint or in her first motion for preliminary injunction, which the Court denied. *Compare* Compl. at 17–18 and ECF No. 23 *with* ECF No. 60; *see also* Min. Order of Apr. 11, 2025. And although the Court ordered Doe to meet and confer with Defendants about the relief she now seeks, Defendants represented that she was unwilling to do so. *See* ECF No. 63. The Court thus has not yet been able to consider Doe's new accommodations request at the level of detail required to assess its merits.

Accordingly, it is

**ORDERED** that Plaintiff's Motions to Appoint Counsel, ECF Nos. 42 and 59, are **DENIED**.

DATE: May 12, 2025

CARL J. NICHOLS
United States District Judge