1 31 Original_Appendix_A_Table

| | Date/Period | Harm | Legal Basis Violated | Why It Matters | |
|---|---|---|---|---|---|
| 1 | Mar 7–28, 2025 | Failure to timely adjudicate Emergency Injunction | ADA Title II (42 U.S.C. § 12132); DOJ prompt-resolution reg. (28 C.F.R. § 35.107(b)); Due Process (5th Am.) | Delay led directly to two additional collapses and a TBI that prompt relief could have prevented. | § II |
| 2 | Mar 28, 2025 | Hearing while Plaintiff visibly impaired | ADA Title II; Section 504 (29 U.S.C. § 794); Due Process (5th Am.) | Denied meaningful participation and exacerbated her medical distress, showing indifference to a known disability. | § III.B |
| 3 | Mar 28, 2025 | Sua sponte “recertification” requirement | Supremacy Clause (Art. VI); ADA Title II; DOJ/OCR guidance (42 U.S.C. § 12134(a); 28 C.F.R. § 35.130) | Imposed an inapplicable Title I barrier in a public-services case, precluding emergency relief on invented grounds. | § III.A |
| 4 | Mar 28, 2025 | Hostile blame remarks | Judicial Canons 2 & 3A(1); Due Process (5th Am.) | Publicly disparaged her verified medical requests, undermining trust in the court’s neutrality. | § III.C |
| 5 | Mar 28–Apr 2025 | Endorsement of false defense narratives | Fed. R. Civ. P. 11(b)(3); Due Process (5th Am.) | Let perjured or misleading sworn declarations go unchallenged, skewing the entire record against her. | § IV |
| 6 | Apr 8, 2025 | Rejection of binding DOJ regulations (“DJ guidance is not law”) | Supremacy Clause (Art. VI); 42 U.S.C. § 12134(a); Chevron/Skidmore | Disregarded the ADA’s “controlling” regulations, signaling to all parties that federal protections need not be followed. | § VI |
| 7 | Apr 8, 2025 | 24-hour “magic words” deadline | ADA Title II; Due Process (5th Am.) | Triggered her April 9 collapse by forcing her to meet an impossible deadline while recovering from a concussion. | § VI |
| 8 | Apr 9–May 2025 | Failure to pause proceedings post-collapse | ADA Title II; Section 504; Due Process (5th Am.) | Reckless indifference to a documented TBI—continued to impose deadlines that worsened her injury. | § VI |
| 9 | Mar 28 & Apr 9, 2025 | Refusal to appoint counsel or next friend | DD Act (42 U.S.C. § 15001 et seq.); Due Process (5th Am.) | Left a cognitively impaired litigant unrepresented in complex proceedings, violating the Act’s protective mandate. | § XIII |
| 10 | May 2–May 9, 2025 | Failure to rule on emergency graduation motion | ADA Title II; Due Process (5th Am.) | Ensured her exclusion from the May 8 hooding and May 9 commencement by never deciding her motion in time. | § XIV |
| 11 | May 5, 2025 | Granting extension as “unopposed” despite known incapacity | ADA Title II; 28 C.F.R. § 35.130(b)(1)(vii) | Treated medical incapacity as procedural waiver, blocking last-minute relief and reinforcing the false narrative that she hadn’t asked for help. | § XI.D |
| 12 | May 12, 2025 | Denial of appointment of counsel without factual findings | 28 U.S.C. § 455(a); Due Process (5th Am.) | Denied her any meaningful legal assistance without acknowledging her documented TBI and sworn statements of incapacity. | § XI.D |
| 13 | Apr 18–May 5, 2025 | Judicial silence enabling denial of Incompletes | ADA Title II; Section 504; DCHRA (D.C. Code § 2-1402.21) | Let multiple “Incomplete” requests go unanswered, allowing the University to retaliate by refusing grade accommodations and blocking her graduation. | §§ XI C, XI |
| 14 | Apr 10–Apr 23, 2025 | Denial of Incompletes despite compliance with “magic words” | ADA Title II; Section 504 | Even after she procured the precise doctor’s letter demanded, no action was taken—cementing the fiction that she’d failed to comply. | § XII |
| 15 | Apr 23–May 7, 2025 | Repeated demands for complex filings despite cognitive injury | ADA Title II; Due Process (5th Am.) | Caused additional medical harm (missed April 9, May 5, May 7 appointments) by forcing her to litigate while in therapy for her TBI. | § XVII |
| 16 | Feb 27 & Apr 6–23, 2025 | Failure to engage in ADA interactive process | 28 C.F.R. § 35.130(b)(1)(vii); ADA Title II | Without good-faith dialogue, no accommodations ever matched her changing medical needs, prolonging her suffering. | § XIV.A |
| 17 | Mar 28 & Apr 8, 2025 | Misapplication of Title I “recertification” to Title II case | ADA Title II; DOJ/OCR guidance (28 C.F.R. § 35.130); Supremacy Clause | Barriers drawn from employment law have no place in public-services ADA accommodation—and directly caused her collapse and exclusion. | § XIV.A |
| 18 | Mar 23 & Apr 4 & May 6 | Misrepresentation & alteration of email timeline by Keller | Fed. R. Civ. P. 11(b)(3); 28 U.S.C. § 455(a) | Keller’s false declarations erased weeks of requests; the Court relied on that distorted record to deny relief, driving the medical crisis. | § XIV.A |
| 19 | May 6, 2025 | Perjury by Butler & Brookes | Fed. R. Civ. P. 11(b)(3); Due Process (5th Am.) | They swore that ARC didn’t handle Incompletes and that she hadn’t followed procedure—both contradicting emails and policies. The Court did nothing to correct it. | § XIV.B |
| 20 | Mar 28–May 2025 | Violation of DCHRA & DD Act public-accommodation obligations | DCHRA (D.C. Code § 2-1402.21); DD Act (42 U.S.C. § 15001 et seq.); ADA Title II | The Court became a public-accommodation that discriminated by silence, denying access to court processes for a protected class. | §§ VIII–IX |
| 21 | Mar 28 & orders thereaft | Misrepresented 2022 settlement as “no longer applies” | 28 U.S.C. § 455(a); Supremacy Clause; stare decisis | Erased an existing right to accommodations under a binding court order, demonstrating disregard for judicial continuity. | § XI.A |
| 22 | Mar 28 & throughout | Quoted “DOJ guidance is not law,” refused binding regs | Supremacy Clause (Art. VI); 42 U.S.C. § 12134(a) | Undermined the rule of law by treating controlling federal regulations as mere suggestions. | § VI |
| 23 | May 15, 2025 | Judicial fact-finding without record or discovery | 28 U.S.C. § 455(a); Due Process (5th Am.) | Prejudged disputed facts—“If Doe did everything right…”—on a record full of provable falsehoods, collapsing neutrality entirely. | § XIII |

| | | | | | |
|---|---|---|---|---|---|
| **24** | May 12–May 13, 2025 | Min orders lacking factual or legal analysis | 28 U.S.C. § 455(a); Due Process (5th Am.) | Granted extensions and denied counsel as "unopposed" without any basis in fact or law, depriving her of any chance to challenge. | § XI.D |
| **25** | Mar 28, 2025 | Court blamed Plaintiff for inadequate communication | ADA Title II (42 U.S.C. § 12132); 28 C.F.R. § 35.160(b)(2); Due Process (5th Am.) | Judge Nichols stated, "It seems to me that you're doing a very inadequate job of informing them of your situation and making the specific request that you want." This disregarded Plaintiff's documented traumatic brain injury and visual impairment, which made self-advocacy and clear communication difficult. The Court's failure to recognize or accommodate these limitations violated its legal duty under 28 C.F.R. § 35.160(b)(2) to ensure effective communication and due process for disabled individuals. | |
| **26** | Mar 28, 2025 | Refusal to excuse disability-related absences | Section 504 (29 U.S.C. § 794); 28 C.F.R. § 35.130(b)(7); Due Process (5th Am.) | Judge Nichols said, "I'm not in a position today to decide whether having missed those classes in the past, I can somehow order the school to ignore the attendance system." This statement ignored the legal requirement to excuse absences caused by a qualified disability. Section 504 and DOJ guidance prohibit using attendance-based penalties against disabled students who miss class due to medical impairments. | |
| **27** | Mar 28, 2025 | Dismissal of medical records and documentation burden | 28 C.F.R. § 35.130(b)(1)(vii); ADA Title II; Section 504 | Judge Nichols stated, "I haven't heard anything to suggest today that it is a burden to produce results of your disability." This statement failed to account for Plaintiff's concussion, which made it impossible to continue producing documents under stress. DOJ rules explicitly prohibit public entities from placing excessive or redundant documentation burdens on disabled individuals, especially when documentation had already been provided. | |
| **28** | Mar 28, 2025 | Enforcement of inaccessible administrative deadlines | ADA Title II; Section 504; 28 C.F.R. § 35.130(b)(3) | Judge Nichols said, "You still haven't registered your accommodation into a course exam schedule… and given the deadline of April 1st…" This elevated a school administrative deadline over federally protected rights. The ADA forbids eligibility criteria or procedural requirements that have the effect of excluding disabled individuals from access to services or accommodations. | |
| **29** | Mar 28, 2025 | Failure to modify court procedures for a cognitively impaired litigant | ADA Title II (42 U.S.C. § 12132); 28 C.F.R. § 35.107; DD Act (42 U.S.C. § 15001); Due Process (5th Am.) | Judge Nichols said, "I would very strongly urge you to consider registering that accommodation request. Whatever you may think about that." This placed the full procedural burden on Plaintiff despite her active concussion, in direct violation of the ADA's requirement to affirmatively assist and accommodate disabled parties in judicial proceedings. | |
| **30** | Mar 28, 2025 | Mocking of disability-related speech and cognitive impairment | 28 C.F.R. § 35.130(b)(1)(vii); DD Act; Judicial Canon 3; Due Process (5th Am.) | Judge Nichols stated, "It's not a good idea to interrupt a federal judge," in response to Plaintiff's difficulty speaking after a head injury. This was not only disrespectful but constituted discriminatory treatment of a visible disability, misinterpreting neurological symptoms as behavioral misconduct. The statement reflects bias and violates federal duties to accommodate. | |
| **31** | Mar 28, 2025 | Rejection of binding DOJ ADA regulations | 42 U.S.C. § 12134(a); Supremacy Clause (Art. VI); Chevron; Skidmore | Judge Nichols stated, "DOJ guidance is not law." This is a false legal conclusion. Under the ADA, DOJ regulations are controlling and binding. By rejecting the DOJ's formal rulemaking and authoritative interpretations, the Court directly violated the Supremacy Clause and undermined federal enforcement of civil rights law. | |
| | April 3- 11, 2025 | Neurological danger, medical deterioration, denial of access, emotional trauma. | ADA Title II (42 U.S.C. § 12132); Section 504 (29 U.S.C. § 794); DD Act (42 U.S.C. § 15001(c)(3)); Due Process Clause (Fifth Amendment); 28 C.F.R. §§ 35.130(b)(7), 35.160(b)(2); Judicial disqualification standard (28 U.S.C. § 455(a)) | These hearings were not scheduled in ignorance—they were scheduled after the Court witnessed Plaintiff slur her speech, report memory loss, and state 'I just fainted' during the March 28 hearing. Medical records confirmed a concussion. The Court then escalated pressure by forcing additional in-person appearances, despite written warnings that Plaintiff was in danger. This was not neutral docket management. It was retaliatory scheduling that ignored known disability, increased harm, and reflected deliberate indifference to Plaintiff's safety. It independently justifies recusal and violates binding federal disability law. | |