**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**COVER LETTER FOR ADA ACCOMMODATION REQUEST**

**Filed Pursuant to 28 C.F.R. § 35.107 – Not a Motion**
**This is a legally protected disability accommodation request under Title II of the ADA and the DD Act.**

**TO:** Clerk of Court and ADA Coordinator
**FROM:** Jane Doe, Pro Se Plaintiff
**RE:** Emergency ADA Accommodation Request for Appointment of Counsel Due to Documented Disability
**CASE:** *Jane Doe v. UDC David A. Clarke School of Law, et al.*
**Case No.:** 1:24-cv-03530-CJN
**DATE:** May 18, 2025

Dear Clerk of Court and Designated ADA Coordinator,

Please accept the attached **EMERGENCY NOTICE FOR FORMAL REQUEST FOR REASONABLE ACCOMMODATION** as a **protected filing under Title II of the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, and the Developmental Disabilities Assistance and Bill of Rights Act (DD Act).**

This filing is governed by **28 C.F.R. § 35.107** and must be processed as an **administrative accommodation request**, not an adversarial motion. It is therefore not subject to opposition by the Defendant or discretionary denial by the Court. As a Title II public entity, this Court has a **non-discretionary legal duty** to review and respond to this request through its designated ADA compliance channels.

This cover page is included for docket clarity only. The attached document provides medical, factual, and legal basis for the requested accommodations, including immediate **appointment of counsel** due to active cognitive disability, vision impairment, and traumatic brain injury.

Please ensure this filing is routed appropriately for ADA processing and ADA Coordinator review.

Respectfully submitted,
**/s/**
**Jane Doe**
Pro Se Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**JANE DOE**,
Plaintiff,

**Civil Action No. 1:24-cv-03530-CJN**

v.

**UDC DAVID A. CLARKE SCHOOL OF LAW, et al.**,
Defendants.

## EMERGENCY NOTICE FOR FORMAL REQUEST FOR REASONABLE ACCOMMODATION UNDER THE ADA, AND THE DD ACT TO APPOINT AN ATTORNEY

*(Non-Motion Filing; Governed by 28 C.F.R. § 35.107; No Response Permitted)*

### I. NOTICE TO THE COURT

This is a formal notice and request for reasonable accommodation under federal disability law. It is **not a motion** and must not be treated as one. Under **28 C.F.R. § 35.107**, the Court is obligated to treat this filing as a protected request for accommodation and respond accordingly.

This request is governed by:

- The **Americans with Disabilities Act (ADA)**, 42 U.S.C. § 12131 et seq.;
- The **Developmental Disabilities Assistance and Bill of Rights Act (DD Act)**, 42 U.S.C. § 15001 et seq.; and
- **Section 504 of the Rehabilitation Act**, 29 U.S.C. § 794.

As a Title II public entity, this Court has a **non-discretionary duty** to provide meaningful access to court proceedings for disabled litigants, including processing this request **without requiring a motion** or allowing adversarial opposition. I am a pro se litigant with a **medically documented traumatic brain injury (TBI)**, vision loss, and cognitive impairments that have substantially

limited my ability to litigate, especially under time pressure or complex procedural demands. These impairments were worsened by the Court's prior actions, as further detailed in Appendix.

## II. ACCOMMODATIONS REQUESTED

Due to ongoing medical disability and documented impairments, I respectfully request the following accommodations:

1. **Appointment of legal counsel**, or in the alternative, a **guardian ad litem or next friend**, consistent with the DD Act and *Whitmore v. Arkansas*, 495 U.S. 149 (1990);
2. **Referral to the Court's ADA Coordinator**, pursuant to 28 C.F.R. § 35.107(a), to facilitate further accommodations and legal access;
3. **Acknowledgment that silence due to documented cognitive disability does not constitute "non-opposition"** or waiver of rights;
4. **Future ADA-related filings to be treated as protected administrative accommodation requests**, not adversarial pleadings.

## III. MEDICAL INELIGIBILITY FOR LEGAL ACTIVITY

As of the date of this filing, I have **not been medically cleared** to engage in litigation, legal writing, or sustained cognitive effort. My treating professionals have explicitly instructed me to avoid legal work due to a **traumatic brain injury (TBI)**, with resulting impairments in vision, speech, memory, and executive function.

This is **not a new claim,** it is already supported by documentation **on record**, including:

- The **March 29 and April 9 emergency room records**;
- The **April 6, 2025 referral** to a neurological brain injury clinic;

- The **April 10, 2025 physician's letter**, which expressly ordered rest and accommodation from legal and academic obligations.

Despite these warnings, this Court has continued to issue orders requiring me to respond as if I were a licensed attorney with no cognitive disability. I have had to write legal filings while impaired, in pain, and without any of the protections guaranteed under the ADA and DD Act. I am submitting this reasonable accommodation request **with outside assistance and under active medical distress**. If this request is denied or ignored, the harm will continue and potentially worsen. The record already reflects that I am not medically capable of representing myself, and any expectation that I litigate without assistance violates federal law.

4/10/2025

To whom it may concern,

is a patient at Mary's Center. She is currently suffering from post-concussion syndrome following a motor vehicle accident with symptoms worsening in the last month. She has had two ER visits in this time (3/28/2025 and 4/9/2025) and was seen by me on April 4. Post-concussion syndrome (F07.81) is characterized by headache, dizziness, difficulty concentrating and problems with short-term memory. She has been referred to Neurology for further evaluation given her symptoms are worsening and not improving with time.

Ms. , would benefit from being able attend classes remotely due to her concussion, as she is currently not able to safely walk unassisted/unattended and her symptoms may be disruptive to the learning of others. Additionally, she would benefit from being permitted to utilize pre-recorded lectures when her symptoms prevent her from attending class as it is occuring.

While I was only made aware of Ms. 's symptoms on April 4, she reports that they made it difficult to participate starting March 19, 2025. Please consider excusing these absences.

If you are unable to provide these exact accommodations, please work with Ms. to find alternative accomodations that allow her to participate in scheduled classes and activities as graduation approaches. If she is unable to catch up on the material in time, please mark her courses Incomplete ("I") so that she may work with faculty to complete them on an adjusted schedule.

Thank you,
Dana Mueller, MD
Internal Medicine

**Referrals to be Scheduled**

**Referrals to be Scheduled with:**

**MedStar Physical Therapy:** with MedStar Health Physical Therapy Access Center (844-914-3878)

· *·**Additional Information:** Referral to physical therapy for evaluation and treatment of cervical and vestibular symptoms associated with a concussion. Please treat for 2 visits per week for 6 weeks. Modalities and exercies as indicated.

**MedStar Speech Language Pathology:** with MedStar Health Physical Therapy Access Center (844-914-3878)

· *·**Additional Information:** Please evaluate and treat for cognitive and speech deficits associated with concussion. 1-2 visits per week for 6 weeks.

**A. Supporting Basis**

This request is supported by medical records, declarations, ER reports, and prior court filings already in the record. These include—but are not limited to—the Appendix and Exhibits attached to **Plaintiff's Motion to Recuse Judge Carl J. Nichols**, filed on **May 17, 2025**. As outlined in that record:

- On **March 31**, I notified the Court that I could not cognitively process filings.
- On **April 8**, the Court issued a 24-hour deadline, despite known medical risk.
- On **April 9**, I collapsed at the law school, suffered a second TBI, and was transported by emergency responders.
- Missed doctors appointment due to writing pleadings while vision and cognitive impaired.
- Since that date, I have been diagnosed with **post-concussion syndrome**, **vision impairment**, **speech dysfunction**, and **cognitive disability**, all of which are ongoing.
- The Defendant and Court have all supporting documentation, but accommodations have not been processed.

**B. Medical Documentation Already in the Record**

**1. September 21, 2024 Doctor's Letter**

- Documents concussion symptoms and requests reduced clinic hours due to disability.
- Rejected by Keller without notice.
- Referenced in filings and court pleadings.

**2. November 2024 Emergency Room Report**

- Confirms physical injuries from a car accident.
- Cited as early documentation of Plaintiff's physical disability.
- Part of ongoing documentation submitted to ARC and the Court.

**3. March 29, 2025 ER Visit Record**

- Emergency room visit triggered by second collapse at law school.
- ER ordered cognitive rest.
- Referenced as evidence ignored in Court rulings.

**4. April 6, 2025 Medical Referral to Brain Injury Clinic**

- Referral for post-concussion rehabilitation.
- Sent to ARC and attached to Plaintiff's accommodation request emails.
- Submitted in filings and cited in pleadings.

**5. April 9, 2025 Emergency Room Report**

- Confirms collapse at law school after 24-hour court-imposed deadline.
- Documents worsening of symptoms and neurological damage.
- Cited in ADA and recusal motions.

**6. April 10, 2025 Internal Doctor's Letter**

- Confirms diagnosis of post-concussion syndrome.
- Explicitly recommends Incompletes, remote access, and exam deferrals.
- Submitted with May 2 Emergency Motion for Graduation Relief.

**7. Active Therapy Records (April–May 2025)**

- Includes speech, vision, and physical therapy details.
- Cited throughout filings as proof of ongoing disability and missed medical care due to court-imposed litigation demands.

**Referrals to be Scheduled**

**Referrals to be Scheduled with:**

**MedStar Physical Therapy:** with MedStar Health Physical Therapy Access Center (844-914-3878)

· *·**Additional Information:** Referral to physical therapy for evaluation and treatment of cervical and vestibular symptoms associated with a concussion. Please treat for 2 visits per week for 6 weeks. Modalities and exercies as indicated.

**MedStar Speech Language Pathology:** with MedStar Health Physical Therapy Access Center (844-914-3878)

· *·**Additional Information:** Please evaluate and treat for cognitive and speech deficits associated with concussion. 1-2 visits per week for 6 weeks.

**IV. Why This ADA Accommodation Request Is Mandatory, Not Discretionary**

I do not have access to this Court—let alone meaningful access—without accommodations. On March 6, 2025, I filed an Emergency Motion warning that I was medically unsafe. The Court delayed ruling until after the March 28 hearing, during which I appeared concussed, dizzy, slurring, and disoriented. Hours later, I collapsed and sustained a traumatic brain injury. On April 11, 2025, this Court held another hearing while I was hospitalized. Then on May 13, it granted the Defendant's extension and labeled it "unopposed"—even though I never saw the filing and could not respond due to ongoing cognitive and visual impairment. That was not silence. That was disability.

The Court also ignored my May 2 Emergency Motion for Graduation Access until after the ceremonies had passed and the harm was permanent. These delays rendered my ADA requests meaningless. The result was not a harmless procedural error it was permanent medical, academic, and civil rights harm.

**V. Legal Capacity Is Medically Extinguished Appointment of Counsel Is Required to Prevent Irreversible Harm under DD Act**

The Court is already in possession of medical records establishing that I am not legally or medically capable of self-representation. My treating physicians have confirmed that I suffer from cognitive, visual, and memory impairments severe enough to disqualify me from reading filings, preparing motions, or complying with adversarial legal deadlines. Despite this, the Court continues to issue orders requiring legal advocacy under threat of waiver, default, or dismissal. This is not merely a failure to accommodate—it is the effective exclusion of a disabled litigant from access to justice.

**I am in an active medical crisis. I have missed multiple doctor's appointments and therapy sessions because I was forced to draft legal pleadings while cognitively impaired, in pain, and under court-imposed deadlines. These delays in medical care have worsened my condition and increased the risk of permanent neurological harm or death.**

Each filing I am forced to prepare causes physical pain, exacerbates my neurological symptoms, and has already resulted in multiple collapses—including the April 9 incident that nearly resulted in death. I have missed critical medical appointments while attempting to comply with the Court's expectations. Meanwhile, the Defendant has exploited my disability, falsely claiming I agreed to their motions or failed to oppose them, even as I was medically incapacitated.

If counsel is not appointed immediately, the risk of permanent harm or death will continue to escalate. This Court must recognize that forcing a disabled litigant with a documented traumatic brain injury to proceed alone violates the ADA, Section 504, the DD Act, and the constitutional requirement of due process. This is not discretionary. Appointment of counsel is the only medically appropriate and legally mandated accommodation available at this stage.

**CERTIFICATION UNDER 28 C.F.R. § 35.107**

I certify that this filing constitutes a **non-adversarial request for reasonable accommodation** pursuant to federal disability law. It is governed by **28 C.F.R. § 35.107** and **must not be treated as a motion** or adversarial pleading. The relief sought is administrative, required by law, and not subject to opposition or denial by the Defendant.

The ADA and DD Act are not discretionary. Reasonable accommodation is a **Matter of Law**.

Respectfully submitted,
/S/

______________

Jane Doe
Pro Se Plaintiff
4301 50th Street, NW, Suite 300 #1140
Washington, DC 20016
jane.doe2023a@gmail.com
Dated: May 18, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 18, 2025, a copy of the attached EMERGENCY NOTICE FOR FORMAL REQUEST FOR REASONABLE ACCOMMODATION UNDER THE ADA, AND THE DD ACT *(Non-Motion Filing; Governed by 28 C.F.R. § 35.107; No Response Permitted)* was filed and served through the court's electronic filing system to: Anessa Abrams aabrams@fordharrison.com FordHarrison LLP 2000 M Street, N.W. Suite 505 Washington, DC 20036.

/S/

____________________

May 18, 2025