UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE,<br><br>*Plaintiff*,<br><br>v.<br><br>UDC DAVID A. CLARKE SCHOOL OF LAW, et al.,<br><br>*Defendants*. | Civil Action No. 1:24-cv-3530 (CJN) |

**ORDER**

Pro se plaintiff Jane Doe, a disabled student at the University of the District of Columbia David A. Clarke School of Law, alleges that her law school has "continually failed to provide [her with] accommodations required by law, violating [her] rights under the ADA, Section 504 [of the Rehabilitation Act of 1973], the DCHRA, and the Due Process Clause." ECF No. 1-2 (Compl.). Doe has filed a second motion for preliminary relief, ECF No. 60, which the Court will deny for the reasons set forth below.

A summary of the key proceedings in this matter is in order. In March 2025, Doe filed an "emergency" motion for preliminary injunction that, at bottom, sought online access to certain law school classes. ECF No. 23 at 6. At an initial virtual hearing, the Court ordered the law school to file within three days a notice as to whether it could accommodate that request. *See* Min. Entry of Mar. 28, 2025. The school responded that it could not presently do so because Doe had not provided any medical documentation "specifically requesting" remote attendance, but that if she did, the school would "consider [it] consistent with its policies." ECF No. 44 at 2–3. The next

1

day, the Court set an in-person preliminary injunction hearing for the following morning. *See* Min. Order of Apr. 2, 2025.

Later that same day, however, Doe filed a notice stating that she had previously forgotten the Court's suggestion at the virtual hearing that she should "register with the Law School for accommodations"—as its policies require—but had "now completed" that step. ECF No. 46 at 1. Doe further represented that she had "completed all the steps requested by the defendant," and thus asked the Court to either hold the preliminary injunction hearing via Zoom or "[g]rant a stay of proceedings until [her medical condition] improve[d]." *Id.* at 2–3. In accordance with Doe's request, and in light of its assessment that Doe had taken or soon would take the administrative steps the law school had stated were necessary to receive the accommodations she sought, the Court continued the hearing indefinitely and ordered the parties to submit within five days a status report "updating the Court on the status of Plaintiff's accommodations request." Min. Order of Apr. 2, 2025.

That status report, however, reflected little progress. The law school stated that it remained unable to approve Doe's request for online access because she had not provided adequate medical documentation; Doe contended she had provided documentation and that the law school was improperly conditioning its grant of accommodations on the presence of magic words. ECF No. 53 at 1–2, 4–5. The Court accordingly scheduled an in-person preliminary injunction hearing for later that week and ordered Doe to file by the next day "a detailed explanation of why she has thus far been unable to provide Defendant with medical documentation specifically stating that she requires remote access to her two 3-hour classes to accommodate her recent injuries." Min. Order of Apr. 8, 2025.

Doe did not file anything, nor did she attend the preliminary injunction hearing on April 11. (She also did not notify the Court that she would not attend that hearing.) The Court therefore denied Doe's motion for preliminary injunction orally. *See* Min. Order of Apr. 11, 2025. As it explained on the record, it did so both because of Doe's non-responsiveness and also because, without more information about why she had not complied with the school's documentation standard, she could not satisfy the elements of preliminary injunctive relief. And in any event, as defense counsel informed the Court at the same hearing, the law school on April 9 had approved Doe's request for virtual learning—suggesting that her motion was likely moot.

Several weeks passed uneventfully. Then, on May 2, 2025, Doe filed an "emergency motion to expedite," in which she accused the Court of "ignor[ing] her emergency motions." ECF No. 60 at 1. The relief Doe sought in that motion, however, was wholly distinct from that sought in her (denied) motion for preliminary injunction: for the first time, she asked the Court to issue an order requiring the law school to (1) grant her incomplete grades in certain courses, (2) defer certain final exams, and (3) permit her participation at its graduation ceremony. *See generally id.* The Court accordingly ordered the parties to "meet and confer about the relief Plaintiff seeks and file a Joint Status Report explaining whether Defendant intends to grant that relief." Min. Order of May 2, 2025.

The Court ultimately received two separate status reports because, according to defense counsel, Doe "never responded to counsel's May 5, 2025 email . . . seeking Plaintiff's position." ECF No. 63 at 2. The law school's status report stated that (1) Doe had not responded to the Dean's outreach regarding the possibility of her receiving grades of incomplete; (2) Doe was ineligible to walk at graduation because she had not completed the requisite number of credit hours; and (3) the law school had received no medical documentation supporting Doe's request to take her final

3

exams at a later date. *Id.* at 2–3. Doe's status report, meanwhile, asserted that the law school *had* "received and reviewed a physician's letter recommending accommodations for Incompletes, deferred exams, and graduation participation due to [her] traumatic brain injury." ECF No. 64 at 2. As support, Doe adduced what she described as a "smoking gun document": an email from the director of the law school's Accessibility Resource Center remarking that Doe had "received guidance from the Dean and Law School for next steps" regarding her grading and graduation-related requests. *Id.* Given this apparent factual dispute, the Court ordered the law school to respond to Doe's motion by May 16 and Doe to file any reply by May 20. *See* Min. Order of May 13, 2025.

The law school's response stated that Doe was now receiving grades of "incomplete" in four courses—Federal Taxation, Business Organizations, Legal/Bar Success Foundations, and Labor and Employment—and had been informed that those grades would automatically convert to "F" if she did not take the final exams before a specified date (the end of the Fall 2025 exam period for the first three courses, and August 13, 2025 for the Labor and Employment course). ECF No. 67 at 2. As to graduation, the law school reported that the relevant ceremonies had already occurred, but Doe had not participated because she had "not completed the program requirements for conferral of a law degree." *Id.* The law school accordingly suggested that Doe's emergency motion was moot because the school had either provided Doe with the relief she sought or, in the case of her request to attend graduation notwithstanding her missing credit hours, could no longer do so. *Id.* at 2–3.

Although the deadline for filing a reply has now lapsed, Doe has not engaged in any way with the merits of the law school's response—i.e., she has not argued that any request for relief in her emergency motion remains live. Instead, she moved to recuse the undersigned in a 65-page

4

motion that the Court struck as noncompliant with Local Civil Rule 7(e), *see* ECF No. 68, and then filed a "formal request for reasonable accommodation"—which she represented is "not a motion and must not be treated as one." ECF No. 69 at 2. In that "[n]on-[m]otion [f]iling," she appeared to seek appointment of counsel or a guardian ad litem—a request the Court has already denied. *See id.* at 2, 8; ECF No. 65.

The law school's unchallenged statements that graduation has already passed and that Doe has indeed received incompletes and exam deferrals require the Court to deny as moot Doe's second motion for emergency relief. As best the Court can understand without further input from Doe, the issues presented in her motion are "no longer live," *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (quotation marks omitted), making it impossible for the Court to grant her "any effectual relief what[so]ever." *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992) (quotation marks omitted). The Court is hopeful that Doe will use the summer and fall to recover from her injuries and pass her remaining exams so that she may obtain her law degree without further delay.

Accordingly, it is

**ORDERED** that Plaintiff's Emergency Motion to Expedite, ECF No. 60, is **DENIED AS MOOT**; and it is further

**ORDERED** that Plaintiff's Motion for Reconsideration of the Court's Order Extending the Time to Meet and Confer Regarding the Emergency Motion, ECF No. 62, is also **DENIED AS MOOT**.

DATE: May 27, 2025

CARL J. NICHOLS
United States District Judge