UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE,<br><br>   *Plaintiff*,<br><br> v.<br><br>UDC DAVID A. CLARKE<br>SCHOOL OF LAW, et al.,<br><br>   *Defendants*. | Civil Action No. 1:24-cv-3530 (CJN) |

### ORDER

On October 18, 2024, *pro se* plaintiff Jane Doe, a disabled student at the University of the District of Columbia David A. Clarke School of Law ("UDC"), filed this suit in D.C. Superior Court, claiming that UDC acted unlawfully by discriminating against Doe based on her disability and by failing to provide her with necessary disability accommodations. *See* ECF No. 1-2 at 13, 24 (Compl.); ECF No. 1 at 2. On December 18, 2024, UDC removed the case to this Court. *See* ECF No. 1. In the weeks that followed, a variety of motions—and responses—were filed. *See, e.g.,* ECF Nos. 7, 9, 13, 16, 19.

On March 6, 2025, a few weeks after filing a Motion for Partial Summary Judgment, Doe filed an "emergency" Motion for Preliminary Injunction that, at its core, sought online access to certain law school classes at UDC. ECF No. 23 at 6. At a status conference, the Court ordered UDC to file a notice as to whether it could accommodate Doe's request by April 1, 2025. *See* Min. Entry of Mar. 28, 2025. UDC's notice stated that it could not currently grant the accommodation because Doe had not yet provided any medical documentation "specifically requesting" remote attendance; however, if Doe provided such documentation, UDC would "consider [it] consistent

1

with its policies." ECF No. 44 at 2–3.  On April 2, 2025, the Court ordered the Parties to appear for an in-person preliminary injunction hearing the following day.  Min. Order of Apr. 2, 2025.

But, later that day, Doe notified the Court that she had taken or soon would take the administrative steps required by UDC to obtain her desired accommodations and requested that the in-person preliminary injunction hearing be stayed until her medical condition improved.  ECF No. 46 at 1–3.  In response, the Court continued the preliminary injunction hearing indefinitely and ordered the Parties to submit a Joint Status Report within five days "updating the Court on the status of [Doe's] accommodations request."  Min. Order of Apr. 2, 2025.

After considering the April 7, 2025 Joint Status Report, which indicated little progress had been made, the Court ordered Doe to file by the next day "a detailed explanation of why she has thus far been unable to provide Defendant with medical documentation specifically stating that she requires remote access to her two 3-hour classes to accommodate her recent injuries."  Min. Order of Apr. 8, 2025.  The Court also ordered the Parties to appear for an in-person preliminary injunction hearing on April 11, 2025.  *See id.*

Doe did not appear for that hearing, nor did she notify the Court that she would not be there.  *See* Min. Entry of Apr. 11, 2025.  She also failed to file a detailed explanation as to why she had not given UDC medical documentation.  Accordingly, the Court denied Doe's Motion for Preliminary Injunction orally.  Min. Order of Apr. 11, 2025.  The Court explained on the record that the denial was based on Doe's non-responsiveness and the fact that she could not satisfy the elements of preliminary injunctive relief without providing more information about why she had not complied with UDC's documentation requirements.

Doe has never explained why she failed to appear at the hearing on her own motion.  A few weeks after doing so, however, Doe filed an "Emergency Motion to Expedite," in which she sought

relief wholly distinct from that sought in her unsuccessful motion for preliminary injunction. *See* ECF No. 60. For the first time, Doe asked the Court to issue an order requiring UDC to (1) grant her incomplete grades in certain classes, (2) defer certain final exams, and (3) allow her to participate in UDC's graduation ceremony. *See generally id.* The Court subsequently ordered the parties to "meet and confer about the relief Plaintiff seeks and file a Joint Status Report explaining whether Defendant intends to grant that relief." Min. Order of May 2, 2025. After receiving status reports from the parties, *see* ECF Nos. 63 and 64, the Court ordered UDC to respond to Doe's Motion to Expedite by May 16 and Doe to file any reply by May 20. Min. Order of May 13, 2025. UDC timely filed a response, in which it suggested that Doe's "emergency" motion was moot. *See* ECF No. 67. Doe never filed a reply brief nor did she "engage[ ] in any way with the merits of" UDC's response, ECF No. 72—leading the Court to deny both her "Emergency Motion to Expedite," ECF No. 60, and her "Motion for Reconsideration," ECF No. 62, as moot. ECF No. 72.

Three months later, and in light of UDC's representations about the status of Doe's course attendance and final exams, the Court entered a minute order requiring "the Parties to meet and confer and file a joint status report advising the Court as to their positions on which issues and claims in this case remain live and not moot." Min. Order of Aug. 28, 2025. Doe did not meet and confer with UDC as required by the Court, nor did she "otherwise comply with the Court's directive to advise it as to her position on which claims and motions are not moot." Min. Order of Sept. 11, 2025; *see* ECF No. 73. Accordingly, the Court ordered Doe "to show cause by September 23, 2025, why this case should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b)." Min. Order of Sept. 11, 2025. Doe did not show cause by September 23, 2025, nor did she request an extension of time in which to do so.

3

"[I]n view of the entire procedural history of the case," the Court finds that Doe "has not manifested reasonable diligence in pursuing" her claims. *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985). The Court will accordingly dismiss this case under Rule 41(b) for failure to prosecute. *Id.*; *see also Peterson v. Archstone Communities LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011) ("District courts have inherent power to dismiss a case *sua sponte* for a plaintiff's failure to prosecute . . . ."). In keeping with the "default rule" in this court, the Rule 41(b) dismissal shall be without prejudice. *Robinson v. Hemingway*, 2023 WL 8369934, at *2 (D.D.C. 2023) (citing Local Civil Rule 83.23).

For the foregoing reasons, it is hereby

**ORDERED** that this case is **DISMISSED** without prejudice; and it is further

**ORDERED** that all pending motions are **DENIED AS MOOT**.

This is a final and appealable Order.

The Clerk of Court is directed to terminate this case.

DATE: September 30, 2025

CARL J. NICHOLS
United States District Judge